Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa, Suite 1150
Los Angeles, California 90017
Telephone: (213) 439-9911
Facsimile: (213) 439-9922

THOMAS F. A. HETHERINGTON
(Texas Bar No. 24007359)*
E-Mail: tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
E-Mail: jarrett.ganer@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:   (713) 337-8850
*pro hac vice applications to be filed

Attorneys for Defendant/Counterclaimant and
Third-Party Plaintiff PHL VARIABLE INS. CO.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP, <br><br> Plaintiff, <br><br> v. <br><br> PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation, <br><br> Defendant. <br><br> PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation, | Case No. CV12-03046 RGK (MRWx) <br><br> **PHL VARIABLE INSURANCE COMPANY'S FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT IN INTERPLEADER** <br><br> Judge:  Hon. R. Gary Klausner |

*PAYNE & FEARS LLP*
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

CONFORMED COPY

FILED
2012 JUN 18  PM 3:40
CLERK US DISTRICT COURT
CENTRAL DISTRICT CALIF.
LOS ANGELES
BY

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

1
2          Counterclaimant/Third-
           Party Plaintiff,
3
       v.
4
   U.S. BANK NA, a National
5  Association, as Securities Intermediary
   for LIMA ACQUISITION, LP; J.P.
6  MORGAN CHASE BANK, NA, a
   National Association; and THE BANK
7  OF NEW YORK TRUST COMPANY,
   NA, a National Association,
8
           Counter-Defendants/Third-
9          Party Defendants.

10

11

## PHOENIX'S FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT IN INTERPLEADER

14

15        Defendant PHL Variable Insurance Company ("Phoenix"), by and through its

16   attorneys, files this First Amended Counterclaim and Third-Party Complaint for

17   Interpleader pursuant to 28 U.S.C. §1335 against Counter-Defendant U.S. Bank,

18   NA, and Third-Party Defendants The Bank of New York Trust Company, NA, and

19   J.P. Morgan Chase Bank, NA, regarding two life insurance policies insuring the life

20   of Jane Doe as follows[1]:

21

22                    ## NATURE OF THE ACTION

23

24   1.        This is an action in interpleader pursuant to 28 U.S.C. § 1335.  Phoenix

25

26   [1]  This pleading supersedes Docket No. 12, Phoenix's original Claim for

27   Interpleader filed on May 15, 2012.

28

1   seeks to adjudicate its rights and obligations under two policies of life insurance

2   bearing the numbers 97514670 and 97514671 (the "Policies") insuring the life of

3   Jane Doe, now deceased.  Specifically, Phoenix seeks to interplead the funds of the

4   Policies because two or more adverse claimants of diverse citizenship may claim to

5   be entitled to the benefits due under the Policies.

6

7       2.      As explained in detail below, when ownership of the Policies was

8   transferred to Plaintiff, the Policies were subject to collateral assignments asserted

9   by J.P. Morgan Chase Bank, NA ("J.P. Morgan") (a copy which is attached hereto

10  as Exhibit "A").  While Phoenix has received documents indicating that the

11  assignments may have been released, these releases are not in good order, as they

12  are not signed by J.P. Morgan.  Rather, they are executed by The Bank of New York

13  Trust Company, NA ("BoNY"), and it is not clear that BoNY had authority to

14  execute the release on behalf of J.P. Morgan.  Additionally, it is not clear whether

15  J.P. Morgan's interest in the Policies was transferred to BoNY.  As such, the

16  collateral assignment may be outstanding, and there are potential, adverse

17  competing claims to the Policies proceeds.

18

19      3.      Phoenix explained to Plaintiff that it needs additional documentation to

20  establish that the collateral assignments have been satisfied and released.  Plaintiff

21  refused to provide such documentation and instead filed this lawsuit.  While

22  Phoenix is prepared to pay the death benefits payable under the Policies, it cannot

23  do so in the face of a collateral assignment without subjecting itself to potential

24  multiple liability.

25

26                          **THE PARTIES**

27

28      4.      PHL Variable Insurance Company is a Connecticut insurance company

PHL VARIABLE INSURANCE COMPANY'S FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY
COMPLAINT IN INTERPLEADER

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

authorized to transact the business of insurance in California. Phoenix is organized under the laws of Connecticut with its principal place of business in Hartford, Connecticut. Phoenix's headquarters are located at One American Row, Hartford, Connecticut 06102-5056. Phoenix's high-level officers direct, control and coordinate the corporation's activities from Hartford, Connecticut. As such, Phoenix is a citizen of the State of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

5.      Upon information and belief, Counter-Defendant U.S. Bank, National Association ("U.S. Bank"), is a national banking association with its principal place of business in Ohio, and is the securities intermediary for Lima Acquisition LP.

6.      Upon information and belief, Third-Party Defendant J.P. Morgan is a national banking association having its main office in Ohio and is thus a citizen of Ohio for diversity purposes under 28 U.S.C. §1348.

7.      . Upon information and belief, Third-Party Defendant BoNY is a national banking association having its main office in Florida and is a thus citizen of Florida for diversity purposes under 28 U.S.C. §1348.

## JURISDICTION AND VENUE

8.      This suit presents a case of actual controversy within the diversity jurisdiction of this Court.

9.      Phoenix is a citizen of Connecticut.

10.     U.S. Bank is a citizen of Ohio and is subject to the jurisdiction of this

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

1  Court.

2

3      11.    J.P. Morgan is a citizen of Ohio and is subject to the jurisdiction of this

4  Court by virtue of having knowingly taken its collateral assignment against the

5  Policies, which are governed by the California law.

6

7      12.    BoNY is a citizen of Florida and is subject to the jurisdiction of this

8  Court by virtue of having executed the release of collateral assignment forms held

9  against the Policies, which are governed by California law.

10

11      13.    This Court has diversity jurisdiction over this action, as Phoenix is a

12  citizen of a different state than U.S. Bank, J.P. Morgan, and BoNY, and, as set out

13  more fully below, the amount in controversy exceeds $500, exclusive of interest,

14  attorneys' fees, and costs.  Therefore, this Court has jurisdiction by virtue of 28

15  U.S.C. § 1335.

16

17      14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a),

18  because all or a substantial portion of the events or omissions giving rise to the

19  cause asserted herein took place in the State of California.

20

21                    **FACTUAL BACKGROUND**

22

23      15.    Phoenix issued the Policies with issue dates of February 8, 2006.

24  Phoenix subsequently received and recorded a collateral assignment in favor of J.P.

25  Morgan.  Beginning in 2008, the Policies experienced several ownership changes.

26  The last designation of ownership and beneficiary forms submitted to Phoenix were

27  dated June 7, 2010, which named Plaintiff U.S. Bank, NA as Securities Intermediary

28  ("U.S. Bank") as owner and beneficiary of the Policies.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

16.   In August 2010, Phoenix received release of collateral assignment forms (the "Releases") for the Policies related to the J.P. Morgan assignment (attached hereto as Exhibit "B").  The signature block on the Releases lists "JP Morgan Chase Bank, N.A." as the assignee, and is signed "By: The Bank of New York Trust Company, N.A., as attorney-in-fact."  The signature is by "R. Tarnas, Vice President."

17.   With the Releases, Phoenix also received an "Assignment and Assumption Agreement" dated October 1, 2006 (the "Assignment Agreement") (attached hereto as Exhibit "C").  The Assignment Agreement represents that J.P. Morgan transferred to BoNY its interests in certain "Acquired Corporate Trust Contracts," purportedly identified within § 2.1 and/or a Schedule 2.1(a)(3) of a Purchase and Assumption Agreement dated April 7, 2006, purportedly between JP Morgan & Chase Co. and The Bank of New York Inc. (the "Purchase Agreement").  Paragraph five of the Assignment Agreement represents that BoNY had a power of attorney to act in J.P. Morgan's name with respect to the Acquired Corporate Trust Contracts.  However, Phoenix did not receive a copy of the Purchase Agreement or its Schedule 2.1.  As such, it is not apparent from the documentation available to Phoenix that the Policies were among the "Acquired Corporate Trust Contracts" transferred from J.P. Morgan to BoNY, or that BoNY had a power of attorney to release the collateral assignments against the policies asserted by J.P. Morgan.

18.   On August 19, 2010, two months after Plaintiff took ownership of the Policies, Phoenix sent letters to U.S. Bank as the Policies owner stating that Phoenix had recorded releases of the J.P. Morgan collateral assignments.  The letter did not make any representation regarding the underlying validity of the Releases, and stated only that Phoenix had recorded them.  The letter did not represent that Phoenix had investigated or confirmed their validity.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

-6-

19.     On or about January 28, 2012, Mr. Doe passed away.

20.     On February 17, 2012, Phoenix sent a letter to Torrey Pine Services, LLC requesting documentation necessary to completing the claims process.

21.     Phoenix received claim forms dated February 21, 2012 from Plaintiff's designated servicer.  The forms were faxed to Phoenix on February 23, 2012.

22.     In relation to another claim submitted by U.S. Bank, which is the subject of CV12-03047, Phoenix extensively corresponded with U.S. Bank, informing U.S. Bank of the issues surrounding the collateral assignment.  Phoenix explained that although it had recorded a release of the assignments in favor of J.P. Morgan, it was "requesting documentation to confirm that the policy was included in the Schedule of Contracts in the Purchase Agreement of 4/7/06 to ensure the release was valid."  U.S. Bank replied to Phoenix's letters, claiming they did not have access to the document.  Instead of working with Phoenix to clear the issues surrounding the collateral assignment, Plaintiff filed this lawsuit.

23.     As it stands, Phoenix has not received a copy of the Purchase Agreement or other documentation identifying the Policies as an Acquired Corporate Trust Contracts.  Further, Phoenix has not received documentation showing that either (a) BoNY possessed the authority to act on behalf of J.P. Morgan with respect to the Policies, or (b) that J.P. Morgan's interest in the Policies was transferred to BoNY.  As it now stands, Phoenix lacks source documentation establishing BoNY's authority to release the collateral assignments previously asserted by J.P. Morgan.  It is unclear whether these assignments have, in fact, been released.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

PHL VARIABLE INSURANCE COMPANY'S FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY
COMPLAINT IN INTERPLEADER

24.     Phoenix filed its Original Cross-Complaint and Third-Party Complaint for Interpleader on May 15, 2012 [Doc 12].  On May 16, 2012, Phoenix sent a letter to BoNY and J.P. Morgan requesting that both banks either execute a release disclaiming any interest in the Policies' proceeds, provide Phoenix with Schedule and/or Purchase Agreement, or inform Phoenix that they intended to assert a claim against the Policies' proceeds (attached as Exhibit "D").  In the month that has passed, neither J.P. Morgan nor BoNY have provided Phoenix with an executed release, provided the requested documents, or informed Phoenix of any intent to assert a claim against the Policies.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT COUNT I

## (INTERPLEADER AGAINST U.S. BANK, J.P. MORGAN, AND BoNY)

25.     Phoenix incorporates herein by reference each of its allegations contained in Paragraphs 1-24 above.

26.     Because of the potentially competing claims for the death benefits of the Policies, Phoenix hereby interpleads the Policies' benefits with the Registry of the Court.

27.     U.S. Bank has made a claim to the death benefits of the Policies.

28.     Either J.P. Morgan or BoNY has a potential collateral assignment whose release cannot be verified, which creates the potential for a second competing claim to all or some of the Policies' proceeds.

29.     Based on these potentially conflicting claims, Phoenix is at risk of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

1  suffering multiple liability for the Policies' proceeds.

2

3      30.    Phoenix is now seeking, by way of this Interpleader claim, certainty

4  regarding the parties' respective rights to the disbursement of the Policies' death

5  benefits.

6

7      31.    Phoenix is an innocent stakeholder and claims no title or interest in the

8  proceeds of the Policies, which Phoenix unconditionally offers to, and is prepared to

9  pay into, the Registry of the Court or deliver to the party designated by the Court,

10  pending the resolution of this action.

11

12      32.    Based on the foregoing, there is an actual justiciable controversy

13  between U.S. Bank, J.P. Morgan, and BoNY as to the rights to the Policies'

14  proceeds.

15

16      33.    Unless potentially adverse and conflicting claims to the Policies are

17  resolved in a single proceeding pursuant to an appropriate court order, Phoenix is

18  potentially subject to multiple litigation and is at substantial risk of suffering

19  multiple liability and/or inconsistent rulings as to its liability for the proceeds of the

20  Policies.

21

22      34.    Phoenix reserves the right to defend any remaining claims against it

23  once an appropriate court order is entered regarding the proper recipient of the

24  proceeds of the Policies, or in the event that the requested Interpleader relief is

25  denied.

26

27  / / /

28  / / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

-9-

1       WHEREFORE, Phoenix respectfully requests the Court:

2

3       (a)    direct Phoenix to interplead the death benefits and/or Policies into the

4   registry of the Court;

5

6       (b)    direct and declare the respective rights of J.P. Morgan, BoNY, and U.S.

7   Bank as to the death benefits of the Policies;

8

9       (c)    discharge Phoenix from any and all liability in connection with, or

10  arising out of this litigation and the Policies, except for the obligation to honor a

11  final, non-appealable order from this Court with respect to the disbursement of the

12  Policies' death benefits;

13

14      (d)    enjoin and restrain J.P. Morgan, BoNY, and U.S. Bank from

15  commencing or further prosecuting any other proceedings in any state or United

16  States court against Phoenix on account of the Policies until this action is concluded;

17

18      (e)    award Phoenix its costs and reasonable attorneys' fees; and

19

20      (f)    grant any such other and further relief as this Court deems appropriate.

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

PHL VARIABLE INSURANCE COMPANY'S FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY
COMPLAINT IN INTERPLEADER

1    DATED: June 18, 2012        PAYNE & FEARS LLP

2

3

4                         By: _____

                                         SCOTT O. LUSKIN

5

6                         Attorneys for Defendant/Counterclaimant
and Third-Party Plaintiff PHL VARIABLE
7                         INS. CO.

8    4831-6815-3103.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

PHL VARIABLE INSURANCE COMPANY'S FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY
COMPLAINT IN INTERPLEADER

**PROOF OF SERVICE**

*U.S. Bank National Association et al., v. PHL Variable Insurance Company*
**Case No. CV12-03046**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa, Suite 1150, Los Angeles, CA 90017.

On June 18, 2012, I served true copies of the following document(s) described as: **PHL VARIABLE INSURANCE COMPANY'S FIRST AMENDED COUNTERCLAIM AND THIRD-PARTY COMPLAINT IN INTERPLEADER** on the interested parties in this action as follows:

KHAI LEQUANG
MELANIE D. PHILLIPS
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
(213) 629-2020

BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Payne & Fears LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 18, 2012, at Los Angeles, California.

Mirna L. Plascencia

4812-7905-6143.1

-1-
PROOF OF SERVICE

PAYNE & FEARS LLP
ATTORNEYS AT LAW
801 S. FIGUEROA, SUITE 1150
LOS ANGELES, CALIFORNIA 90017
(213) 439-9911

# Exhibit A

 **PHOENIX**

N.B. - If more than one policy is to be assigned, a separate blank, in duplicate, for each policy should be used. Send both copies to the Main Administrative Office. A copy will be returned after assignment has been recorded by the company. This blank should be used only when the policy is to be assigned as collateral security, and it is not intended to transfer the entire interest of the assignor in the policy to the assignee.

### PHOENIX LIFE INSURANCE COMPANY

### COLLATERAL ASSIGNMENT
(To be executed in duplicate)

Name of Insured ▮▮▮▮▮▮▮▮▮▮

Policy Number _____ **97 514 670** _____ Policy Applied for in Application Number _____

For value received, each of the undersigned hereby assigns and transfers as collateral the above policy and all right, title, and interest therein unto:

**JPMorgan Chase Bank, NA, as Collateral Agent**

NAME OF ASSIGNEE

of ___ 2200 Chemsearch Blvd. Ste 150 Irving TX 75062 _____

(NO.)        STREET                CITY            STATE    ZIP CODE    OF ASSIGNEE)

or the executors, administrators, successors, or assigns of the same, to the extent of said assignee's interest, as such interest may appear.

In determining the amount payable to the assignee from the proceeds of this policy in the event of death of the insured, the Company shall have the right to rely on a sworn statement from the assignee or an officer of said assignee setting forth the amount to which it is entitled.

As between the Company and any party having an interest in this policy, the payment of such amount to the assignee shall operate as a full release to the Company to the extent of such payment.

Signed at ___ New York, NY _____ on ___ February 1, 2006 _____

CITY AND STATE                                                    DATE

Witness: _____        X _Maryann Josef_

                                                                             Wells Fargo Bank, N.A.,
Witness: _____                        as Trustee

State of _____        County of _____

On this _____ day of _____ 20 ____, before me, the undersigned, appeared

_____ personally

known to me and duly acknowledged the execution of the above instrument.

_____
                                                              NOTARY PUBLIC

(Seal)                                          _____

Received and a copy filed at the Main Administrative Office of the Company on _____, the
Company assuming, however, no responsibility whatever as to the validity of this assignment.

### PHOENIX LIFE INSURANCE COMPANY

By_____

NOTE: Under the terms of this assignment, the consent of the owner and assignee will be needed for values dealings during the insured's lifetime

OL4 7-92                        Original to Home Office    Copy to Applicant                        4-01

STATE OF __New York__ )
                        :       ss:
COUNTY OF New York    )

On February 1, 2006, before me, the undersigned, personally appeared Maryann Joseph, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and he acknowledged to me that he is a Asst. Vice President of Wells Fargo Bank, N.A., which executed the foregoing instrument as Trustee of Merna Morrison Life Insurance Trust #2006, that he was authorized by general signing authority resolutions adopted by Wells Fargo Bank, N.A. to execute documents such as this instrument; and that such individual made such appearance before the undersigned in New York, New York.

_____
Notary Public

Robert W. Bilodeau
No. 01BI6138201
Notary Public, State of N.Y.
Qualified in Queens County
My Commission Expires 12 / 12 / 2009


# PHOENIX

N.B. – If more than one policy is to be assigned, a separate blank, in duplicate, for each policy should be used. Send both copies to the Main Administrative Office. A copy will be returned after assignment has been recorded by the company. This blank should be used only when the policy is to be assigned as collateral security, and it is not intended to transfer the entire interest of the assignor in the policy to this assignee.

## PHOENIX LIFE INSURANCE COMPANY

## COLLATERAL ASSIGNMENT
(To be executed in duplicate)

Name of Insured ▮▮▮▮▮▮▮▮▮▮

Policy Number _____ 97 514 571 _____ Policy Applied for in Application Number _____

For value received, each of the undersigned hereby assigns and transfers as collateral the above policy and all right, title, and interest therein unto:

### JPMorgan Chase Bank, NA, as Collateral Agent

NAME OF ASSIGNEE

of _2220_ _Chemsearch_ _Blvd. Suite 150_ _Irving_, _Tx_ _75062_
(NO.)   (STREET)   (CITY)   (STATE)   (ZIP CODE)   (OF ASSIGNEE)

or the executors, administrators, successors, or assigns of the same, to the extent of said assignee's interest, as such interest may appear.

In determining the amount payable to the assignee from the proceeds of this policy in the event of death of the insured, the Company shall have the right to rely on a sworn statement from the assignee or an officer of said assignee setting forth the amount to which it is entitled.

As between the Company and any party having an interest in this policy, the payment of such amount to the assignee shall operate as a full release to the Company to the extent of such payment.

Signed at _NEW YORK, NY_ on _2/1/06_
CITY AND STATE                              DATE

Witness: _____    _____
                                                            Wells Fargo Bank, N.A.,
Witness: _____    ▮▮▮▮▮▮▮▮    as Trustee

State of _____    County of _____

On this _____ day of _____ 20 ____, before me, the undersigned, appeared

_____ personally
known to me and duly acknowledged the execution of the above instrument.

_____
                                                            NOTARY PUBLIC

(Seal)                                _____

Received and a copy filed at the Main Administrative Office of the Company on _____, the
Company assuming, however, no responsibility whatever as to the validity of this assignment.

### PHOENIX LIFE INSURANCE COMPANY

By _____

NOTE: Under the terms of this assignment, the consent of the owner and assignee will be needed for values dealings during the insured's lifetime

OL4 7-82                          Original to Home Office    Copy to Applicant                          4-01

STATE OF ___New York___     )
                            :        ss:
COUNTY OF New York     )

     On February 1, 2006, before me, the undersigned, personally appeared Maryam begh, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and he acknowledged to me that he is a Asst. Vice President of Wells Fargo Bank, N.A., which executed the foregoing instrument as Trustee of Merna Morrison Life Insurance Trust #2006, that he was authorized by general signing authority resolutions adopted by Wells Fargo Bank, N.A. to execute documents such as this instrument; and that such individual made such appearance before the undersigned in New York, New York.

                                  _____
                                    Notary Public

                              Robert W. Bilodeau
                              No. 01BI6138201
                      Notary Public, State of N.Y.
                      Qualified in Queens County
              My Commission Expires 12 / 12 / 2009

**Exhibit B**

# ◈PHOENIX°

**Release of Assignment**

For value received, all right, title and interest of the undersigned assignee(s) in and to Phoenix Life Insurance Company

Policy No. 97516307 _____ on the life of _____ ████████████ _____

is hereby relinquished and released this 20 day of May _____ 20 10 .

CORPORATE SEAL    ~~RAISED SEAL~~

JP Morgan Chase Bank, N.A.
_____
Name of Bank or Corporation

By: The Bank of New York Trust Company, N.A., as attorney-in-fact:
                                             R. Tarnas
                                             Vice President

Witness: _____
        Ross Finke

By _____
        Signature and Title

Witness: _____

_____
Individual Assignee

Corporate releases should be signed by duly authorized officer and seal of corporation affixed.

Phoenix Life Insurance Company

Received at the Home Office of the Company on _____ Recorded by _____
                                                                        Authorized Signature

520E                                                                                    8-03

# Exhibit C

EXECUTION COPY

## ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGMENT AND ASSUMPTION AGREEMENT (this "Agreement"), dated as of October 1, 2006, is by and among Chase Manhattan Bank USA, National Association, J.P. Morgan Trust Company, National Association, and JPMorgan Chase Bank, National Association, each a wholly owned subsidiary of JPM (the "Assignors"), and The Bank of New York Trust Company, National Association, a wholly owned subsidiary of BNY (the "Assignee").

WHEREAS, The Bank of New York, Inc., a New York corporation ("BNY"), and JPMorgan Chase & Co., a Delaware corporation ("JPM") have entered into a Purchase and Assumption Agreement, dated as of April 7, 2006, (as amended, the "Purchase Agreement"); unless otherwise defined herein, capitalized terms shall be used herein as defined in the Purchase Agreement; and

WHEREAS, the parties hereto desire to execute this Agreement to evidence and effect the sale and transfer of the Acquired Corporate Trust Contracts (as defined below) and the assumption of the Assumed Corporate Trust Contract Liabilities (as defined below) as provided for in the Purchase Agreement.

NOW, THEREFORE, in consideration of the premises and the mutual agreements and covenants set forth in the Purchase Agreement and hereinafter set forth, Assignors and Assignee hereby agree as follows:

1. <u>Assignment and Acceptance of Assets</u>. Subject to and upon the terms and conditions of the Purchase Agreement, Assignors hereby sell, assign, transfer, convey and deliver, or cause to be assigned, transferred, conveyed and delivered, to Assignee all right, title and interest of each Assignor in, to and under the Contracts that are Purchased Corporate Trust Assets (including the Corporate Trust Agreements and other Corporate Trust Contracts listed as of the date hereof set forth opposite the Assignor's name on Schedule 2.1(a)(3) to the Purchase Agreement, but excluding the Corporate Trust Leases, and Excluded Corporate Trust Assets) as set forth in Section 2.1 of the Purchase Agreement to the extent such Contracts are administered by Assignor in any location other than New York, New Jersey, or Connecticut and do not require a Delaware entity to act in a Corporate Trust Capacity (the "Acquired Corporate Trust Contracts"). Assignee hereby purchases, acquires and accepts Assignors' entire right, title and interest in, to and under the Acquired Corporate Trust Contracts.

2. <u>Assumption of Liabilities</u>. (a) Subject to and upon the terms and conditions of the Purchase Agreement, Assignee hereby assumes, and agrees to pay, perform and discharge when due, all of the Assumed Corporate Trust Liabilities related to the Acquired Corporate Trust Contracts, but not including any Excluded Corporate Trust Liabilities (the "Assumed Corporate Trust Contract Liabilities").

(b)     Notwithstanding the foregoing provisions of paragraph (a), and subject to the terms and conditions of the Purchase Agreement, Assignee does not hereby assume, or agree to pay, perform or discharge when due, any liabilities of Assignors other than the Assumed

Corporate Trust Contract Liabilities including, without limitation, the Excluded Corporate Trust Liabilities.

3.  Purchase Agreement.  Nothing in this Agreement, express or implied, is intended to or shall be construed to modify, expand or limit in any way the rights of the parties under, and the terms of, the Purchase Agreement.  To the extent that any provision of this Agreement conflicts or is inconsistent with the terms of the Purchase Agreement, the Purchase Agreement shall govern, including with respect to the enforcement of the rights and obligations of the parties to this Agreement.  This Agreement is intended only to effect the assignment and assumption of the Acquired Corporate Trust Contracts and Assumed Corporate Trust Contract Liabilities described herein as contemplated by the Purchase Agreement.

4.  Further Assurances.  Subject to the terms and conditions of the Purchase Agreement, Assignors hereby covenant and agree that, at any time and from time to time after the date of this Agreement, at Assignee's request, Assignors will do, execute, acknowledge and deliver, or will cause to be done, executed, acknowledged and delivered, any and all further acts, conveyances, transfers, assignments, and assurances as reasonably necessary to grant, sell, convey, assign, transfer, set over to or vest in Assignee any of the Acquired Corporate Trust Contracts.  Assignors shall from time to time pay to Assignee, when received, any amounts that shall be received by Assignors (including amounts received as interest) in respect of any Acquired Corporate Trust Contracts assigned or transferred to Assignee pursuant hereto.

5.  Power of Attorney.  Assignors hereby constitute and appoint Assignee, its successors and assigns, the true and lawful attorney and attorneys of Assignors, with full power of substitution, in the name of Assignee or in the name and stead of Assignors, but on behalf of and for the benefit of Assignee, its successors and permitted assigns:

(a)      to collect, demand and receive any and all amounts and other rights owing under Acquired Corporate Trust Contracts transferred hereunder and to give receipts and releases for and in respect of the same;

(b)      to institute and prosecute in Assignors' name, or otherwise, at the expense and for the benefit of Assignee, any and all actions, suits or proceedings, at law, in equity or otherwise, which Assignee may deem proper in order to collect, assert or enforce any claim, right or title of any kind in or to the Acquired Corporate Trust Contracts hereby assigned to Assignee or intended so to be, to defend or compromise any and all such actions, suits or proceedings in respect of any of such Acquired Corporate Trust Contracts, and to do all such acts and things in relation thereto as Assignee shall deem advisable for the collection or reduction to possession of any of such Acquired Corporate Trust Contracts; and

(c)      to take any and all other reasonable action designed to vest more fully in Assignee the Acquired Corporate Trust Contracts hereby assigned to Assignee and in order to provide for Assignee the benefit, use, enjoyment and possession of such Acquired Corporate Trust Contracts.

Assignors acknowledge that the foregoing powers are coupled with an interest and shall be irrevocable by it or upon its subsequent dissolution or in any manner or for any

2

reason. Assignee shall be entitled to retain for its own account any amounts collected pursuant to the foregoing powers, including any amounts payable as interest with respect thereto.

6.  Assignment. This Agreement and all rights hereunder may not be assigned by any party hereto except by prior written consent of the other party hereto; provided that Assignee may assign its rights hereunder to any wholly owned Subsidiary without the prior written consent of Assignors; provided, further, that no such assignment by Assignee shall relieve Assignee, of any of its obligations hereunder.

7.  No Third Party Beneficiaries. The parties intend that this Agreement shall not benefit or create any right or cause of action in or on behalf of any Person other than parties hereto.

8.  Amendments. This Agreement may not be amended or revised except by a writing signed by Assignors and Assignee.

9.  Provisions Severable. The provisions of this Agreement are independent of and separable from each other, and no provision shall be affected or rendered invalid or unenforceable by virtue of the fact that for any reason any other or others of them may be invalid or unenforceable in whole or in part.

10.  Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. This Agreement shall become binding when one or more counterparts hereof, individually or taken together, shall bear the signatures of all of the parties reflected hereon as the signatories.

11.  Governing Law. The execution, interpretation, and performance of this Agreement shall be governed by the laws of the State of New York without giving effect to any conflict of laws provision or rule (whether of the State of New York or any other jurisdiction) that would cause the application of the law of any other jurisdiction other than the State of New York.

[Signature page to follow.]

3

CHASE BANK USA, NATIONAL ASSOCIATION

By: _____

Name: w/ Steve Patterson

Title: Senior Vice President

Signature Page to Corporate Trust Assignment and Assumption Agreement

JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION

By: _____

Name: Steve Patterson

Title: Senior Vice President

Signature Page to Corporate Trust Assignment and Assumption Agreement

J.P. MORGAN TRUST COMPANY, NATIONAL
ASSOCIATION

By: _____

Name: Steve Patterson
Title: Senior Vice President

Signature Page to Corporate Trust Assignment and Assumption Agreement

THE BANK OF NEW YORK TRUST
COMPANY, N.A.

By: _____
Name: MICHAEL R. NEWMAN
Title: PRESIDENT

Signature Page to Corporate Trust Assignment and Assumption Agreement

# Exhibit D

# E M H

Edison, McDowell
& Hetherington LLP

Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
www.emhllp.com

Jarrett E. Gane
Attorney-at-La
Ph (713) 337-558
Fax (713) 337-884
jarrett.ganer@emhllp.cor

May 16, 2012

*By Certified Mail,*
*Return Receipt Requested*
*and U.S. Mail*

Steve Patterson, Senior Vice President
J.P. Morgan Chase Bank, NA
800 Connecticut Ave NW # 950
Washington, DC 20006

Rick Tarnas, Vice President
The Bank of New York Trust Company, NA
2 North LaSalle St., Suite 1020
Chicago, IL 60602

Re:     Collateral Assignments

Dear Messrs. Patterson and Tarnas:

I write on behalf of my clients, Phoenix Life Insurance Company and PHL Variable Insurance Company (collectively "Phoenix") with respect to collateral assignments against life insurance policies issued by Phoenix insuring the lives of ██████████ (Policy No. 97516307), ██████████

██████████ (Policy Nos. 97514670 and 97514671), ██████████ (collectively the "Policies").

In short, it is unclear from Phoenix's records whether J.P. Morgan Chase Bank, NA ("J.P. Morgan") and/or The Bank of New York Trust Company, NA ("BoNY") have released the collateral assignment previously asserted against the Policies by J.P. Morgan. If neither J.P. Morgan nor BoNY claim any interest in the Policies or assert any assignment against any benefits payable under the Policies, please execute the applicable enclosed release and return it to the undersigned at your earliest convenience. Alternatively, please provide documentation sufficient to establish that BoNY had authority to release the assignment in favor of J.P. Morgan with respect to the Policies, as detailed below.

For each of the Policies, Phoenix received and recorded collateral assignments in favor of J.P. Morgan Chase Bank, NA ("J.P. Morgan"). Phoenix subsequently received and recorded release of collateral assignment forms (the "Releases") for each of the Policies related to the JP Morgan assignment.

May 16, 2012
Page 2

Upon further review of the Releases, Phoenix noted that the signature block on the Releases lists "JP Morgan Chase Bank, N.A." as the assignee, but is signed "By: The Bank of New York Trust Company, N.A., as attorney-in-fact." The signature is by "R. Tarnas, Vice President." Along with the Releases, Phoenix also received an "Assignment and Assumption Agreement" dated October 1, 2006 (the "Assignment Agreement"). The Assignment Agreement represents that J.P. Morgan transferred to "The Bank of New York Trust Company, NA" its interests in certain "Acquired Corporate Trust Contracts", purportedly identified within § 2.1 and/or a Schedule 2.1(a)(3) of a Purchase and Assumption Agreement dated as of April 7, 2006 between JP Morgan Chase & Co. and The Bank of New York, Inc. (the "Purchase Agreement"). Paragraph five of the Assignment Agreement also represents that BoNY had a power of attorney to act in J.P. Morgan's name with respect to the Acquired Corporate Trust Contracts.

However, Phoenix did not receive a copy of the Purchase Agreement or otherwise receive documentation identifying the Policies as Acquired Corporate Trust Contracts. To date Phoenix has not received any documentation showing that either (a) BoNY possessed the authority to act on behalf of J.P. Morgan with respect to the Policies identified above, or (b) that J.P. Morgan's interest in the Policies was transferred to BoNY. As it now stands, Phoenix simply lacks documentation establishing BoNY's authority to release the collateral assignment previously asserted by J.P. Morgan, and it is unclear whether these assignments have, in fact, been released.

Phoenix has received death benefit claims under three of the Policies. In order to allow Phoenix to process these claims, and to resolve the uncertainty that exists with respect to the Policies not currently subject to death benefit claims, Phoenix requests that both J.P. Morgan and BoNY confirm that neither asserts any interest in any of the Policies. Drafted releases of assignment for both J.P. Morgan and BoNY as to each of the Policies are attached. If J.P Morgan and BoNY do not assert a collateral assignment or any other interest in the Policies, kindly execute the applicable release and return it to the undersigned at your earliest convenience. Alternatively, please provide me with a complete copy of the Purchase Agreement, including all documentation necessary to show BoNY's authority to execute the Releases with respect to each of the Policies.

**If J.P. Morgan or BoNY assert any interest in the Policies or the death benefits under any of the Policies, please inform the undersigned immediately.**

If you have any questions or wish to discuss this matter, please contact me at (713)-337-5585.

Very truly yours,

EDISON, MCDOWELL & HETHERINGTON LLP

Jarrett E. Ganer

Enclosures

May 16, 2012
Page 3


cc:     Jane Sherburne, General Counsel
        Bank of New York Mellon
        One Wall Street
        New York, NY 10286

        Stephen Cutler, General Counsel
        J.P. Morgan Chase Bank, NA
        270 Park Avenue
        New York, NY 10017

## RELEASE OF ASSIGNMENT

For value and consideration received, P. Morgan Chase Bank, NA, on behalf of itself and its parent, subsidiary and affiliated companies, hereby waives, releases and relinquishes any and all right, title and interest in and hereby agrees not to assert any claim to any benefits payable or that may be payable under, the following life insurance policies:

| Issuing Company | Policy Number | Insured |
|---|---|---|
| Phoenix Life Insurance Company | ███████ | ███████ |
| Phoenix Life Insurance Company | | |
| Phoenix Life Insurance Company | | |
| PHL Variable Insurance Company | 97516307 | |
| PHL Variable Insurance Company | ███████ | |
| PHL Variable Insurance Company | ███████ | |
| PHL Variable Insurance Company | | |
| PHL Variable Insurance Company | 97514670 & 97514671 | |
| PHL Variable Insurance Company | ███████ | |

CORPORATE SEAL                    **J.P. MORGAN CHASE BANK, NA**

By: _____

Witness: _____        Name: _____

Name: _____        Title: _____

Date: _____        Date: _____

## RELEASE OF ASSIGNMENT

For value and consideration received, The Bank of New York Trust Company, N.A, on behalf of itself and its parent, subsidiary and affiliated companies, hereby waives, releases and relinquishes any and all right, title and interest in and hereby agrees not to assert any claim to any benefits payable or that may be payable under, the following life insurance policies:

| Issuing Company | Policy Number | Insured |
|---|---|---|
| Phoenix Life Insurance Company | ███ | ███ |
| Phoenix Life Insurance Company | | |
| Phoenix Life Insurance Company | | |
| PHL Variable Insurance Company | 97516307 | |
| PHL Variable Insurance Company | | |
| PHL Variable Insurance Company | ███ | |
| PHL Variable Insurance Company | | |
| PHL Variable Insurance Company | 97514670 & 97514671 | |
| PHL Variable Insurance Company | ███ | |

CORPORATE SEAL

**THE BANK OF NEW YORK TRUST COMPANY, N.A.**

By: _____

Witness: _____

Name: _____

Name: _____

Title: _____

Date: _____

Date: _____