KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

STEPHEN G. FORESTA (admitted *pro hac vice*)
sforesta@orrick.com
PHILIPP SMAYLOVSKY(admitted *pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND ST
NEW YORK, NY 10019
Telephone:  212-506-5000
Facsimile:   212-506-5151

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS
SECURITIES INTERMEDIARY FOR LIMA
ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>        Plaintiff,<br><br>        v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>        Defendant. | Case No. CV12-03046-RGK (MRWx)<br><br>**[PROPOSED] ORDER APPROVING STIPULATED PROTECTIVE ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

The parties' Stipulated Protective Order Governing the Production and Exchange of Confidential Information (the "Stipulated Protective Order") is before the Court.  Having read the order and good cause appearing therefore, the Court hereby enters the following Protective Order:

1.  <u>Statement of Good Cause</u>:  In the course of litigating and taking discovery in the above-captioned action, the parties, or third parties in connection with the Action, may need to produce "Confidential Information", defined to include:

(i)  commercially sensitive and proprietary financial, actuarial, valuation or pricing data and projections;

(ii)  non-public communications with governmental or nongovernmental regulators, including but not limited to state departments of insurance, Securities Exchange Commission, and Financial Industry Regulatory Authority (FINRA, f/k/a NASD) that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

(iii)  private personal, medical, or financial information, including personal identifying information (such as names, addresses, social security numbers and dates of birth), medical records, and financial information, the disclosure of which would potentially violate state and federal privacy laws, rules, and regulations, including, the Gramm-Leach-Bliley Act, 15 U.S.C. 6801, et seq.;

(iv)  agreements subject to provisions of confidentiality and documents that reveal the confidential terms of such agreements;

       (v)    documents that reveal confidential financial information about a party's business that, if disclosed publically, could place the party at a competitive disadvantage; and

       (vi)   commercially sensitive and proprietary, confidential information that constitutes, discusses or reflects trade secrets entitled to protection under applicable state and laws and regulations.

Confidential Information includes the contents and all copies, excerpts, extracts, and summaries of documents, testimony, and information, designated by any party and/or third party as such as provided herein, provided that such designation has not been successfully challenged and finally revoked pursuant to paragraph 9 herein.

    2.    This Protective Order, consistent with Fed. R. Civ. P. 26(c), limits the copying, dissemination, and filing of Confidential Information produced or provided by any party and/or their respective counsel and/or by any non-party in connection with the Action, and governs the treatment of documents, materials, information, and/or testimony produced or provided by  any party and/or  third party in connection with the Action, including all documents, material, information, and/or testimony produced or provided voluntarily or pursuant to interrogatories, depositions, requests for production of documents, subpoenas, requests for admissions, or other requests for disclosures, and all documents,  material, information, and/or testimony provided, submitted, or exhibited by any party or third party in connection with any evidentiary hearing or other proceeding conducted during the course of the Action (collectively, all such documents, material, information, and/or testimony referred to herein as "Discovery Material").

    3.    As used herein:

       (a)    "Producing Party" means any party to this Action and/or any third party producing Discovery Material potentially containing Confidential Information in connection with the Action and/or

STIPULATED PROTECTIVE ORDER
2:12-CV-03046 RGK (MRW)

any party designating Discovery Material as Confidential Information.

    (b)    "Receiving Party" means any party to this Action and/or any non-party receiving Discovery Material potentially containing Confidential Information in connection with the Action.

    (c)    "Qualified Person" means any person authorized to receive or review Confidential Information pursuant to paragraph 6 herein.

    4.    Any Producing Party may designate Discovery Material as "Confidential" either by conspicuous notation on the document, statement on the record of the deposition, designation pursuant to paragraph 8 or 10 or 14 herein, or written notice to all counsel of record for each Receiving Party.  Any Discovery Material that cannot be designated as Confidential as set forth in this paragraph may be designated in some other conspicuous manner provided written notice of such designation is provided to all counsel of record for each Receiving Party.

    5.    All Confidential Information must be used solely in connection with this Action, including any and all appeals, and no person receiving such Confidential Information will, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information to any person other than Qualified Persons, as defined in paragraph 6.  Any other use or disclosure is prohibited.

    6.    Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information may only be furnished, shown or disclosed to a Qualified Person, defined as:

    (a)    the parties to this Action and their current employees and representatives, including in-house counsel, officers, directors, members, insurance adjustors, and other employees, to the extent reasonably necessary for the prosecution and/or defense of claims in this Action;

- 3 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(b)   counsel for the parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in litigation of this Action  and are under the supervision or control of such counsel;

(c)   copying, imaging, computer services, litigation support or consulting services, and/or other outside vendors retained by a party or its counsel to provide services in connection with this Action who are bound to protect Confidential Information either by their services contract with counsel or the Receiving Party, or by execution of the confidentiality agreement referred to in paragraph 7 and attached as Exhibit A;

(d)   any agreed-upon or ordered mediator and that mediator's personnel;

(e)   any person whom counsel of record for a party believes (i) is likely to be called to give testimony in this Action, through deposition, affidavit, or at trial, on matters relating to Confidential Information and/or (ii) possesses information reasonably necessary and relevant for the prosecution or defense of the Action; provided, however, that such information is furnished, shown or disclosed in accordance with paragraph 7 herein;

(f)   any expert or consultant consulted or retained by any party or its counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony in this Action with respect to the subject matter of this Action; provided, however, that such expert executes the confidentiality agreement referred to in paragraph 7 and attached as Exhibit A;

(g)     the Court and its staff, or any appellate court and its staff to which a party may appeal a decision of this Court, provided that the Confidential Information is filed in accordance with paragraph 11 herein or otherwise disclosed in accordance with paragraph 12 herein;

(h)     any state department of insurance, commissioner of insurance, or other government agency that regulates the business of insurance;

(i)     any officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical, or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with paragraph 13 herein;

(j)     any trial and deposition witness, to the extent reasonably necessary for such witness to offer his/her testimony in this Action, provided that the Confidential Information is furnished, shown or disclosed in accordance with paragraphs 12 and 13, respectively, herein;

(k)     the author and each recipient of the Confidential Information; and

(l)     any other person agreed to in writing by the parties or who is so designated by any order of the Court.

7.     Before any disclosure of Confidential Information is made to any person pursuant to paragraph 6(c), where necessary, or 6(e) or 6(f) herein, such person must execute a confidentiality agreement in the form of Exhibit A attached hereto.  Counsel for the party disclosing Confidential Information to such person must maintain the executed confidentiality agreements required by this Protective Order and will produce them to the Court for inspection upon reasonable request of

- 5 -

a Producing Party whose Confidential Information is subject to the disclosure. Counsel for the party obtaining the executed Exhibit A from an expert under paragraph 6(f) must supply a copy of Exhibit A to counsel for the other party at the time such expert is disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

8.    Any Discovery Material that may contain Confidential Information that has been inadvertently produced without being designated "Confidential" may be so designated by the Producing Party by promptly notifying  counsel of record for the Receiving Party in writing  that such Discovery Material is Confidential and by promptly producing new versions of properly designated Discovery Material, if necessary.  Any party receiving improperly-designated documents must promptly retrieve such documents from persons not qualified to receive those documents. The inadvertent or unintentional production of undesignated Confidential Information does not constitute a waiver of any rights, including, without limitation, the Producing Party's rights to maintain the confidentiality of such Discovery Material.

9.    Any party may challenge the "Confidential" designation of any Discovery Material in accordance with the procedures set forth in this paragraph. Any such Discovery Material will be treated as Confidential until the parties agree or the Court orders de-designation of the challenged Discovery Material.  A party is not be obligated to challenge the propriety of a Confidentiality designation at the time made, and a failure to do so does not preclude a subsequent challenge thereto.

(a)    If any party to this Action disagrees at any stage of these proceedings with the Confidentiality designation of particular Discovery Material, it (the "Challenging Party") must notify the Producing Party in writing, and counsel for the Producing Party shall, in accordance with Local Rule 37-1, confer with counsel for the Challenging Party within 10 days after service of such notice, and the parties will try to resolve such dispute in good faith on an informal basis.

(b)     If the dispute cannot be resolved, the Challenging Party may seek appropriate relief from the Court by filing a motion challenging such designation in accordance with Local Rule 37.  If the Producing Party is a third party and not a party to this Action, the Challenging Party must provide notice of its motion to that Producing Party.  The party opposing the challenge has the burden to demonstrate that the challenged Discovery Material is properly designated as Confidential. Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the challenged Discovery Material as Confidential Information.

10.     Deposition testimony may be designated Confidential by an indication on the record during the deposition or by written notice to all counsel of record for each party in this Action of the specific pages and/or lines of testimony that constitute Confidential Information within fourteen (14) days after receipt of the official deposition transcript by a counsel for each party.  All deposition testimony, and the transcripts thereof, will be treated as Confidential Information and subject to this Protective Order during the deposition and until receipt of such written notice or for a period of fourteen (14) days from the receipt of the official deposition transcript by a counsel for each party, whichever is shorter.   The deposition or portion of the deposition of any witness who is expected to disclose Confidential Information may only be taken in the presence of Qualified Persons.

11.     A Receiving Party who seeks to file with the Court any Discovery Material designated as containing Confidential Information, and any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information, must follow the procedures of this Court for filing documents conditionally under seal, including Local Rule 79-5, to prevent the disclosure of Confidential Information to persons other than Qualified Persons.  The party who designated the Discovery Material as "Confidential" may file supplemental

materials with the Court to support the Receiving Party's application to file under seal.

12.    Should the need arise for any party to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, deems necessary to preserve the confidentiality of the Confidential Information.

13.    Any deposition witness who is not otherwise a Qualified Person and who will be given access to Confidential Information must be provided with a copy of this Protective Order prior to their deposition, and counsel must make reasonable efforts to have such person execute a confidentiality agreement in the form of Exhibit A attached hereto.   If unable to obtain an executed confidentiality agreement from such person, counsel must immediately and prior to the deposition provide notice to counsel for the other party.   Counsel for the party obtaining the executed Exhibit A must supply a copy to counsel for the other party. Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information.   Nothing herein, however, prevents any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Confidential Information, irrespective of which party produced such information.

14.    Subject to the provisions of this Protective Order, a party may designate as Confidential Information any Discovery Material produced or provided by any third party to this Action, where such information has not already been designated as "Confidential" by that third party if the Discovery Material constitutes Confidential Information as defined herein.

- 8 -

15.     This Protective Order and the procedures herein do not affect the rights of the parties to object to discovery on any grounds, nor do they relieve the parties of the necessity of proper response or objection to discovery requests.

16.     In the event that the Receiving Party is requested or required (by oral questions, interrogatories, requests for information or documents in a legal proceeding, subpoena, civil investigative demand, other similar process, or rule of law) to disclose any Confidential Information in another action or proceeding, the Receiving Party must provide the Producing Party with prompt written notice of any such request or requirement no later than 10 days following receipt of such request or requirement and prior to the deadline for the Receiving Party to respond to such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy or waive compliance with the provisions of this Protective Order.  Nothing in this Protective Order, however, obligates the Receiving Party to seek such a protective order or other remedy.  Unless the Producing Party waives the protections of this Protective Order, the Receiving Party will not disclose any Confidential Information except pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidential Information.

17.     Inadvertent Disclosure of Privileged Material.

(a)     Inadvertent Disclosure

Consistent with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502, in the event a Producing Party inadvertently discloses Discovery Material subject to the attorney-client privilege, attorney work product doctrine, or other applicable privilege or immunity ("Privileged Material"), such inadvertent disclosure will not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the inadvertently disclosed information and its subject matter, provided the Producing Party took reasonable

1  steps to prevent disclosure and also took reasonable steps to rectify the error. The
2  Producing Party will be deemed to have taken reasonable steps to rectify the error
3  if, within ten (10) calendar days from the date that the inadvertent disclosure was
4  discovered or brought to the attention of the Producing Party, the Producing Party
5  informs the Receiving Party, through its counsel, in writing that privileged
6  information was disclosed, and instructs the Receiving Party to promptly return,
7  destroy, delete, render inaccessible, or disable all copies of the Privileged Material.

8         (b)    <u>Post-Disclosure Actions</u>

9      The Receiving Party and its counsel must return, destroy, delete, render
10  inaccessible, and/or disable all copies of the Privileged Material and all altered or
11  unaltered hard and electronic copies of the Privileged Material in the Receiving
12  Party's and its counsel's possession within seven (7) calendar days of receipt of the
13  Producing Party's written notice. The Receiving Party must promptly certify that
14  the Privileged Material  was returned, destroyed, deleted, rendered inaccessible, or
15  disabled and must describe when and how it responded to the Producing Party's
16  notice. The Receiving Party will not be required to return or destroy any CD-ROM
17  or other form of electronic production containing both inadvertently disclosed
18  Privileged Material and non-privileged Discovery Material unless and until the
19  Producing Party has provided a CD-ROM or other form of electronic production
20  containing all such non-privileged Discovery Material.

21         (c)    <u>Discovery of Privileged Material by a Receiving Party</u>

22      If a Receiving Party discovers Privileged Material, the Receiving Party must
23  notify the Producing Party within seven (7) calendar days of its discovery,
24  regardless of whether the Receiving Party intends to challenge assertion of the
25  privilege. The Receiving Party must take reasonable steps to retrieve any
26  Privileged Material that was disclosed or distributed and prevent any further
27  dissemination of the Privileged Material. The Receiving Party must also inform the

28

Producing Party, in writing, of all pertinent facts relating to any such disclosures or distributions.

(d)     Challenging a Privilege Designation

If the Receiving Party opposes the asserted claim of privilege or work-product protection, the Receiving Party must, no later than ten (10) calendar days after returning or destroying the Privileged Material as outlined above, send a Local Rule 37-1 letter requesting a discovery conference. If the parties cannot agree on a resolution the Receiving Party must promptly serve its portion of a joint stipulation, as contemplated by Local Rule 37-2, on the Producing Party. The Receiving Party must not use or disclose the Privileged Material until the claim is resolved. Upon a determination by the Court that the specified information is not protected by the applicable privilege, the Producing Party bears the costs of replacing the Discovery Material into any programs or databases from which it was removed or destroyed. The Producing Party must preserve the Privileged Material until the claim is resolved.

(e)     Notice

Notice required in the above subparagraphs must be in writing and must be served on all counsel of record unless oral notice is delivered at a deposition. If the notice is delivered orally a deposition, the notifying party must follow up with a written notice within five (5) business days. All requests and notifications must be specific enough to identify and locate the Privileged Material.

18.     In the event anyone violates or threatens to violate any term of this Protective Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person. The existence, if any, of an adequate remedy at law will not preclude the applying party from obtaining such relief.

19.     This Protective Order will continue to be binding after the conclusion of this Action, including appeals or the exhaustion of all rights of appeal except (a)

1    that there will be no restriction on Discovery Material that is used as exhibits in

2    Court (unless such exhibits were filed under seal); and (b) that a party may seek the

3    written permission of the Producing Party or further order of the Court with respect

4    to dissolution or modification of any provision of the Protective Order.  The Court

5    expressly retains jurisdiction over this Action for enforcement of the provisions of

6    this Protective Order following the final resolution of the Action.

7          20.    Nothing herein, and no action taken in accordance with this Protective

8    Order, is to be construed as a waiver of any claim or defense in this Action or of

9    any position as to confidentiality or privilege recognized by law, nor is it an

10   admission about the admissibility in evidence of any facts or documents revealed in

11   connection with this Action.

12         21.    Within sixty (60) days after entry of an order, judgment, or decree

13   finally disposing of this Action, including any appeals or the exhaustion of all rights

14   of appeal, all Confidential Information and all reproductions thereof, must be

15   returned to the Producing Party or will be destroyed, at the option of the Producing

16   Party.    In the event that any party chooses to destroy physical objects and

17   documents, the party must certify in writing within sixty (60) days of the final

18   termination of this Action, including any appeals or the exhaustion of all rights of

19   appeal, that it has undertaken its best efforts to destroy such physical objects and

20   documents, and that such physical objects and documents have been destroyed to

21   the best of its knowledge.  Notwithstanding anything to the contrary, counsel of

22   record for each party may retain all pleadings, motion papers, discovery responses,

23   deposition   transcripts,   deposition   and   trial   exhibits,   legal   memoranda,

24   correspondence, work product and attorney-client communications that include or

25   are derived from Confidential Information, provided any Confidential Information

26   contained therein remains protected pursuant to the terms of this Protective Order.

27   This Protective Order should not be interpreted in a manner that would violate any

28   applicable canons of ethics or codes of professional responsibility.  Nothing in this

Protective Order prohibits or interferes with the ability of counsel for any party, or of experts specially retained for this Action, to otherwise represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

22.    This Protective Order is entered into without prejudice to the right of any party to seek relief from, or modification of, the terms of this Protective Order by properly noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under applicable law pursuant to the terms set forth herein.

23.    This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24.    When serving any subpoena in this Action on a non-party to the Action, a copy of this Protective Order must be included with the subpoena.

25.    This Protective Order is binding upon any future party to the Action.

26.    This Protective Order may be executed in counterparts, each of which is to be deemed an original, but all of which taken together constitute one and the same document.

Dated: December 17, 2012              By:_____/s/ Judge Wilner_____
                                            Hon. Michael R. Wilner
                                            United States Magistrate Judge

- 13 -

1

**EXHIBIT A**

2

UNITED STATES DISTRICT COURT

3

CENTRAL DISTRICT OF CALIFORNIA

4

WESTERN DIVISION

5

6 | U.S. BANK NATIONAL

7 | ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,

8

Plaintiff,

9

10 | v.

11 | PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,

12 | Defendant.

Case No. 2:12-CV-03046 RGK (MRW)

**AGREEMENT TO PROTECT CONFIDENTIAL INFORMATION**

13

14

15 | I, _____, state that:

16

17 |     1.    I have received a copy of the Stipulated Protective Order Governing

18 | the Production and Exchange of Confidential Information (the "**Protective**

19 | **Order**") entered in the above-entitled action.

20 |     2.    I have carefully read and understand the provisions of the Protective

21 | Order.

22 |     3.    I will comply with and agree to be bound by all of the provisions of the

23 | Protective Order.

24 |     4.    I will hold in confidence, will not disclose to anyone not qualified

25 | under the Protective Order, and will use only for purposes of this action, any

26 | Confidential Information that is disclosed to me.

27 |     5.    I will return all Confidential Information that comes into my

28 | possession, and documents or things that I have prepared relating thereto, to

- 1 -

1    counsel for the party by whom I am employed or retained, or to counsel from

2    whom I received the Confidential Information.

3            6.    I recognize that a willful violation of the Protective Order may lead to

4    a finding that I am in contempt of a federal court order, and I hereby submit to the

5    jurisdiction of this Court for the purpose of enforcement of the Protective Order in

6    this action.

7

8

9    Executed on _____   _____
                        (Date)                              (Signature)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -