Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:   (213) 439-9911
Facsimile:    (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
ERIN E. BENNETT
(Texas Bar No. 24082681)*
erin.bennett@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:    (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046 - RGK (MRWx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PRETEXT**<br><br>**[MOTION *IN LIMINE* NO. 2]**<br><br>Hearing Date:   April 2, 2013<br>Time:                 9:00 a.m.<br>Location:          Courtroom 850<br>Judge:               Hon. R. Gary Klausner<br>Pre-Trial Conf.: March 18, 2013<br>Trial Date:        April 2, 2013 |

## I. PRELIMINARY STATEMENT

Plaintiff U.S. Bank National Association, N.A., ("U.S. Bank"), as securities intermediary for Lima Acquisitions, LP alleges that Defendant PHL Variable Insurance Company ("PHL") has breached the Implied Covenant of Good Faith and Fair Dealing ("bad faith") and that PHL's alleged delay in payment is part of an ongoing pattern of misconduct that allegedly violates provisions of the Connecticut Unfair Trade Practices Act ("CUTPA"). PHL submits this motion *in limine* to exclude U.S. Bank from submitting any evidence on or reference to its theory that PHL uses "pretext" to delay or deny claims.

## II. FACTUAL SUMMARY

As has been described in further detail in other briefing, *see, e.g.*, PHL's Motion for Summary Judgment Dkt. # 116, PHL issued Policy No. 97514670 and Policy No. 97514671 in 2006, each with a face value of $10,000,000, to The Jane Doe Life Insurance Trust #2006 on the life of insured ("Jane Doe"). *See* SSUF ¶ 21.[1] Shortly thereafter, PHL recorded collateral assignments for both policies in favor of J.P. Morgan Chase Bank, N.A. ("JPMC"). *See* SSUF ¶ 24. In August 2010, PHL recorded a change of ownership and change of beneficiary for both policies in favor of U.S. Bank. *See* SSUF ¶ 25. Subsequently, PHL recorded a purported release of the JPMC collateral assignment. *See* SSUF ¶ 26. Following Jane Doe's death in 2012, U.S. Bank submitted a death claim for the proceeds of the policies. *See* SSUF ¶ 32. PHL requested properly notarized claims forms, which U.S. Bank submitted on or around March 8, 2012. *See* SSUF ¶ 37. During the claims handling process, PHL determined that it had insufficient documentation to verify that the releases of collateral assignments on the policies had been extinguished, and that this issue could result in multiple liability for the

---

[1] Reference to the Statement of Facts and Supporting evidence submitted with PHL's MSJ is made to provide factual background.

Jane Doe Policies. *See* SSUF ¶¶ 31, 33–34. While PHL was conducting its claims handling process, U.S. Bank filed suit.

In addition to its allegations about the handling of the claim at issue here, U.S. Bank contends that the alleged delay in payment is part of a larger pattern of alleged misconduct that violates CUTPA. *See* Second Amended Complaint ("SAC"), ¶ 16. U.S. Bank relies on allegations contained in other lawsuits involving PHL, most of which have been brought by Plaintiff or by other clients of Plaintiff's counsel, Orrick, Herrington & Sutcliffe LLP. SAC ¶¶ 50–94. Out of the 6 claims submitted by U.S. Bank since May 2012, PHL has paid 5 of them, with interest, at a rate 100 times higher than what Lima earns from its own savings account, for a total of $38,655,797.61. SSUF ¶¶ 13, 49–50. PHL has "resisted" only one of U.S. Bank's claims, identified as the "Doe III Policy" in U.S. Bank's SAC. *See* SAC ¶¶ 50–70. That policy is subject to separate litigation pending between U.S. Bank and PHL in the United States District Court for the District of Minnesota. *See U.S. Bank v. PHL Variable Insurance Company*, No. 0:12-cv-00877-JRT-TNL (D. Minn.). None of the actions in pending litigation have resulted in any finding of wrongdoing against PHL.

### III. LEGAL ARGUMENTS AND AUTHORITIES

Federal Rule of Evidence 403 provides that the Court should exclude evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "Unfair prejudice" is found if the evidence would have an undue tendency to suggest a decision to the jury on an improper basis. *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995).

It is anticipated that U.S. Bank may submit evidence of other litigation in order to prove its theory that PHL uses "pretext" to delay or deny claims.

-2-

Reference to litigation that does not qualify as "pretext" should be excluded as prejudicial. Specifically, reference to the *PHL Variable Ins. Co. v. Bank of Utah*, United States District Court, District of Minnesota, Case No. 12-cv-01256-ADM-JJK; *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, United States District Court, District of Minnesota, Case No. 12-CV-00877; *PHL Variable Ins. Co. v. ESF QIF Trust*, United States District Court, District of Delaware, Case No. 12-cv-319-LPS; *PHL Variable Insurance Company v. Price Dawe 2006 Insurance Trust, by and through its Trustee Christiana Bank and Trust Co.*, Civ. A. No. 10-964-RGA, United States District Court, District of Delaware; *PHL Variable Insurance Company v. 2008 Christa Joseph Irrevocable Trust*, No. 10-CV-03001 (PJS/TNL), United States District Court, District of Minnesota involve issues of Stranger-Originated Life Insurance ("STOLI"). Generally, these actions were either instituted by PHL or the death benefit claims were denied because PHL contends that there was no insurable interest at the time of policy issuance. These complex issues do not provide evidence of pretext as courts across the country have repeatedly affirmed PHL's right to rescind policies that lack insurable interest; here, the probative value is substantially outweighed by its unfairly prejudicial nature such that the jury may rely on improper bases in determining the outcome of U.S. Bank's claims.

In addition, a policyholder's choice to bring suit rather than fill out a trust certification form that is uniformly required does not evidence "pretext." For this reason, mention, reference, or reliance on *Karen Benjamin, as Trustee of the Jackson Family 2007 Irrevocable Trust v. PHL Variable Ins. Co.*, United States District Court, Central District of California, Case No. CV12-4556 and *Wells Fargo Bank, N.A., Trustee of the Milton Levy 2006-1 Insurance Trust v. PHL Variable Ins. Co.*, United States District Court, Northern District of Texas, Case No. 3:12-CV-3760 is prejudicial. As such, the probative value is substantially

-3-

DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS SECOND MOTION *IN LIMINE*

outweighed by its unfairly prejudicial nature such that the jury may rely on improper bases in determining the outcome of U.S. Bank's claims.

Finally, any rescissions or denials during the contestability period are irrelevant to the alleged "pretext" theory because PHL has a contractual right to investigation material misrepresentations during the contestability period. Therefore, the probative value of this evidence is substantially outweighed by its unfairly prejudicial nature such that the jury may rely on improper bases in determining the outcome of U.S. Bank's claims. Accordingly, PHL requests that the Court enter an order *in limine* prohibiting U.S. Bank from submitting any evidence on or reference to PHL using "pretext" to delay or deny claims.

## IV.   CONCLUSION

For all the foregoing reasons, the PHL request that the Court grant this motion and enter an order *in limine* prohibiting the mention or reference to PHL using "pretext" to delay or deny claims.

DATED: February 15, 2013        EDISON, MCDOWELL & HETHERINGTON LLP

/s/ *Shannon A. Lang*
Thomas F.A. Hetherington
Jarrett E. Ganer
Shannon A. Lang
Erin E. Bennett

PAYNE & FEARS LLP
Daniel L. Rasmussen
Scott O. Luskin

*Attorneys for Defendant PHL Variable Insurance Company*