Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:  (213) 439-9911
Facsimile:   (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
ERIN E. BENNETT
(Texas Bar No. 24082681)*
erin.bennett@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046 - RGK (MRWx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE IMPROPER TESTIMONY [MOTION *IN LIMINE* NO. 6]**<br><br>Hearing Date: April 2, 2013<br>Time: 9:00 a.m.<br>Location: Courtroom 850<br>Judge: R. Gary Klausner<br>Pre-Trial Conf.: March 18, 2013<br>Trial Date: April 2, 2013 |

## I. **PRELIMINARY STATEMENT**

Plaintiff U.S. Bank National Association, N.A., ("U.S. Bank"), as securities intermediary for Lima Acquisitions, LP alleges that Defendant PHL Variable Insurance Company ("PHL") has breached the Implied Covenant of Good Faith and Fair Dealing ("bad faith") and that PHL's alleged delay in payment is part of an ongoing pattern of misconduct that allegedly violates provisions of the Connecticut Unfair Trade Practices Act ("CUTPA"). PHL submits this motion *in limine* to exclude U.S. Bank from submitting any improper testimony.

## II. **FACTUAL SUMMARY**

As has been described in further detail in other briefing, *see, e.g.*, PHL's Motion for Summary Judgment (Dkt. # 116), PHL issued Policy No. 97514670 and Policy No. 97514671 in 2006, each with a face value of $10,000,000, to The Jane Doe Life Insurance Trust #2006 on the life of Jane Doe. *See* SSUF ¶ 21.[1] Shortly thereafter, PHL recorded collateral assignments for both policies in favor of J.P. Morgan Chase Bank, N.A. ("JPMC"). *See* SSUF ¶ 24. In August 2010, PHL recorded a change of ownership and change of beneficiary for both policies in favor of U.S. Bank. *See* SSUF ¶ 25. Subsequently, PHL recorded a purported release of the JPMC collateral assignment. *See* SSUF ¶ 26. Following Jane Doe's death in 2012, U.S. Bank submitted a death claim for the proceeds of the policies. *See* SSUF ¶ 32. PHL requested properly notarized claims forms, which U.S. Bank submitted on or around March 8, 2012. *See* SSUF ¶ 37. During the claims handling process, PHL determined that it had insufficient documentation to verify that the releases of collateral assignments on the policies had been extinguished, exposing PHL to multiple claims for policy proceeds. *See* SSUF

---

[1] Reference to the Statement of Facts and Supporting evidence submitted with PHL's MSJ is made to provide factual background.

-1-

¶¶ 31, 33–34.  While PHL was processing the Doe claims, U.S. Bank filed suit. Despite the litigation, PHL continued to process the claims, which were paid in full, with interest, immediately after PHL received confirmation that U.S. Bank was the proper and only beneficiary under the Doe policies.

In addition to its allegations about the handling of the claim at issue here, U.S. Bank contends that the alleged delayed payment of the Doe claims is part of a larger pattern of alleged misconduct that violates CUTPA.  *See* Second Amended Complaint ("SAC"), ¶ 16.  U.S. Bank relies on allegations contained in other lawsuits involving PHL, most of which have been brought by Plaintiff or by other clients of Plaintiff's counsel, Orrick, Herrington & Sutcliffe LLP.  SAC ¶¶ 50–94.  Out of the 6 claims submitted by U.S. Bank since May 2012, PHL has paid 5 of them, with interest, at a rate 100 times higher than what Lima earns from its own savings account, for a total of $38,655,797.61.  SSUF ¶¶ 13, 49–50. PHL has "resisted" only one of U.S. Bank's claims, identified as the "Doe III Policy" in U.S. Bank's SAC.  *See* SAC ¶¶ 50–70.  That policy is subject to separate litigation pending between U.S. Bank and PHL in the United States District Court for the District of Minnesota.  *See U.S. Bank v. PHL Variable Insurance Company*, No. 0:12-cv-00877-JRT-TNL (D. Minn.).  None of the pending litigations have resulted in any finding of wrongdoing against PHL.

### III. LEGAL ARGUMENTS AND AUTHORITIES

Federal Rule of Evidence 403 provides that the Court should exclude evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "Unfair prejudice" is found if the evidence would have an undue tendency to suggest a decision to the jury on an improper basis.  *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995).

**A.   Opinion Testimony from Lay Witness.**

Rule 602 of the Federal Rules of Evidence states that a lay "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Lay witnesses may only testify to opinions or inferences which are "(a) rationally based on the perception of the witness, and (b) helpful to clearly understanding of the witness' testimony or determining a fact in issue and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701. PHL requests that the Court enter an order *in limine* prohibiting lay witnesses from improperly giving opinion testimony.

**B.   Legal Opinion Testimony.**

The Court should not permit U.S. Bank's experts to offer legal opinions since such opinions are not admissible under Federal Rule of Evidence 702. "[A]n expert witness cannot give an opinion as to [their] *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citing *Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1016 (9th Cir. 2004) (internal citations and quotation marks omitted)).

PHL believes U.S. Bank intends to offer legal opinion testimony through experts, including but not limited to testimony concerning the general business practices of PHL. Accordingly, PHL requests that the Court enter an order *in limine* prohibiting U.S. Bank from submitting through their experts any legal opinions.

## IV.   CONCLUSION

For the foregoing reasons, PHL requests that the Court grant this motion and enter an order *in limine* prohibiting the use of any improper testimony.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED:  February 15, 2013        EDISON, MCDOWELL & HETHERINGTON LLP

_____
Thomas F.A. Hetherington
Jarrett E. Ganer
Shannon A. Lang
Erin E. Bennett

PAYNE & FEARS LLP
Daniel L. Rasmussen
Scott O. Luskin

*Attorneys for Defendant PHL Variable Insurance Company*