Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:  (213) 439-9911
Facsimile:   (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
ERIN E. BENNETT
(Texas Bar No. 24082681)*
erin.bennett@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046 - RGK (MRWx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF DAMAGES [MOTION *IN LIMINE* NO. 8]**<br>Hearing Date:  April 2, 2013<br>Time:          9:00 a.m.<br>Location:      Courtroom 850<br>Judge:         R. Gary Klausner<br>Pre-Trial Conf.: March 18, 2013<br>Trial Date:    April 2, 2013 |

## I.     **PRELIMINARY STATEMENT**

Plaintiff U.S. Bank National Association, N.A., ("U.S. Bank"), as securities intermediary for Lima Acquisitions, LP alleges that Defendant PHL Variable Insurance Company ("PHL") has breached the Implied Covenant of Good Faith and Fair Dealing ("bad faith") and that PHL's alleged delay in payment is part of an ongoing pattern of misconduct that allegedly violates provisions of the Connecticut Unfair Trade Practices Act ("CUTPA"). PHL submits this motion *in limine* to prohibiting the mention of or use in evidence of any foregone investment opportunities, lost benefit to U.S. Bank, or opportunity cost.

## II.     **FACTUAL SUMMARY**

As has been described in further detail in other briefing, *see, e.g.*, PHL's Motion for Summary Judgment (Dkt. # 116), PHL issued Policy No. 97514670 and Policy No. 97514671 in 2006, each with a face value of $10,000,000, to The Jane Doe Life Insurance Trust #2006 on the life of Jane Doe. *See* SSUF ¶ 21.[1] Shortly thereafter, PHL recorded collateral assignments for both policies in favor of J.P. Morgan Chase Bank, N.A. ("JPMC"). *See* SSUF ¶ 24. In August 2010, PHL recorded a change of ownership and change of beneficiary for both policies in favor of U.S. Bank. *See* SSUF ¶ 25. Subsequently, PHL recorded a purported release of the JPMC collateral assignment. *See* SSUF ¶ 26. Following Jane Doe's death in 2012, U.S. Bank submitted a death claim for the proceeds of the policies. *See* SSUF ¶ 32. PHL requested properly notarized claims forms, which U.S. Bank submitted on or around March 8, 2012. *See* SSUF ¶ 37. During the claims handling process, PHL determined that it had insufficient documentation to verify that the releases of collateral assignments on the policies had been

---

[1] Reference to the Statement of Facts and Supporting evidence submitted with PHL's MSJ is made to provide factual background.

-1-

extinguished, exposing PHL to multiple claims for policy proceeds. *See* SSUF ¶¶ 31, 33–34. While PHL was processing the Doe claims, U.S. Bank filed suit. Despite the litigation, PHL continued to process the claims, which were paid in full, with interest, immediately after PHL received confirmation that U.S. Bank was the proper and only beneficiary under the Doe policies.

In addition to its allegations about the handling of the claim at issue here, U.S. Bank contends that the alleged delayed payment of the Doe claims is part of a larger pattern of alleged misconduct that violates CUTPA. *See* Second Amended Complaint ("SAC"), ¶ 16. U.S. Bank relies on allegations contained in other lawsuits involving PHL, most of which have been brought by Plaintiff or by other clients of Plaintiff's counsel, Orrick, Herrington & Sutcliffe LLP. SAC ¶¶ 50–94. Out of the 6 claims submitted by U.S. Bank since May 2012, PHL has paid 5 of them, with interest, at a rate 100 times higher than what Lima earns from its own savings account, for a total of $38,655,797.61. SSUF ¶¶ 13, 49–50. PHL has "resisted" only one of U.S. Bank's claims, identified as the "Doe III Policy" in U.S. Bank's SAC. *See* SAC ¶¶ 50–70. That policy is subject to separate litigation pending between U.S. Bank and PHL in the United States District Court for the District of Minnesota. *See U.S. Bank v. PHL Variable Insurance Company*, No. 0:12-cv-00877-JRT-TNL (D. Minn.). None of the pending litigations have resulted in any finding of wrongdoing against PHL.

### III.  LEGAL ARGUMENTS AND AUTHORITIES

Federal Rule of Evidence 403 provides that the Court should exclude evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "Unfair prejudice" is found if the evidence would have an undue tendency to suggest a decision to the jury on an improper basis. *United States v. Blackstone*, 56 F.3d

-2-

1 1143, 1146 (9th Cir. 1995).

2 Any mention of foregone investment opportunities, lost benefit to U.S.
3 Bank, or opportunity cost should not be permitted to support a claim of damages
4 for either of its claims. U.S. Bank has not provided sufficient documentation to
5 establish or compute its alleged damages. It is not enough for U.S. Bank to claim
6 that it "might" have done something with the money that "might" have earned it
7 more than the 3% in interest it received from PHL. *See, e.g.*, *Mantis v. Opert*,
8 2004 WL 2095158, at *5 (Conn. Super. Aug. 25, 2004); *City of San Francisco v.*
9 *Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (barring damages
10 evidence where disclosure merely included broad types of damages); *Colombini*
11 *v. Members of the Bd. Of Dirs.*,No. C97-04500 CRB, 2001 WL 1006785, at *8
12 (N.D. Cal. Aug. 17, 2001) (explaining that failure to provide damages
13 calculations may result in summary judgment or preclude introduction of such
14 evidence at trial). U.S. Bank has failed to provide concrete computations and
15 adequately supporting documentation. Moreover, the sworn testimony of its
16 corporate representative establishes that U.S. Bank has no cognizable damages.
17 Accordingly, PHL requests that the Court order that U.S. Bank is precluded from
18 introducing any evidence regarding these alleged damages.

### IV. <u>CONCLUSION</u>

20 For the foregoing reasons, PHL requestS that the Court grant this motion
21 and enter an order *in limine* prohibiting the mention or use of in evidence of any
22 foregone investment opportunities, lost benefit to U.S. Bank, or opportunity cost.

-3-

| | |
|---|---|
| DATED:  February 15, 2013 | EDISON, MCDOWELL & HETHERINGTON LLP |
| | /s/ *Shannon A. Lang* |
| | Thomas F.A. Hetherington |
| | Jarrett E. Ganer |
| | Shannon A. Lang |
| | Erin E. Bennett |
| | |
| | PAYNE & FEARS LLP |
| | Daniel L. Rasmussen |
| | Scott O. Luskin |
| | |
| | *Attorneys for Defendant PHL Variable Insurance Company* |