Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:   (213) 439-9911
Facsimile:    (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
ERIN E. BENNETT
(Texas Bar No. 24082681)*
erin.bennett@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:    (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046 - RGK (MRWx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE AND WITNESSES RE: PLAINTIFF'S FAILURE TO DISCLOSE EVIDENCE PURSUANT TO RULE 26**<br>**[MOTION *IN LIMINE* NO. 11]**<br><br>Hearing Date:  April 2, 2013<br>Time:              9:00 a.m.<br>Location:        Courtroom 850<br>Judge:           Hon. R. Gary Klausner<br>Pre-Trial Conf.: March 18, 2013<br>Trial Date:     April 2, 2013 |

DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS ELEVENTH MOTION *IN LIMINE*

## I. PRELIMINARY STATEMENT

Plaintiff U.S. Bank National Association, N.A., ("U.S. Bank"), as securities intermediary for Lima Acquisitions, LP alleges Defendant PHL Variable Insurance Company ("PHL") has breached the Implied Covenant of Good Faith and Fair Dealing ("bad faith") and that PHL's alleged delay in payment is part of an ongoing pattern of misconduct that allegedly violates provisions of the Connecticut Unfair Trade Practices Act ("CUTPA"). U.S. Bank seeks to introduce several witnesses, evidence of damages, and other documents that were not timely and adequately disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure. Such evidence is barred because the discovery cutoff has passed and U.S. Bank cannot show its failures were justified or harmless. As such, PHL respectfully requests that the Court enter an order excluding information, witnesses, and/or evidence not timely disclosed by U.S. Bank.

## II. FACTUAL SUMMARY

As has been described in further detail in other briefing, *see, e.g.*, PHL's Motion for Summary Judgment (Dkt. # 116), PHL issued Policy No. 97514670 and Policy No. 97514671 in 2006, each with a face value of $10,000,000, to The Jane Doe Life Insurance Trust #2006 on the life of Jane Doe. *See* SSUF ¶ 21.[1] Shortly thereafter, PHL recorded collateral assignments for both policies in favor of J.P. Morgan Chase Bank, N.A. ("JPMC"). *See* SSUF ¶ 24. In August 2010, PHL recorded a change of ownership and change of beneficiary for both policies in favor of U.S. Bank. *See* SSUF ¶ 25. Subsequently, PHL recorded a purported release of the JPMC collateral assignment. *See* SSUF ¶ 26. Following Jane Doe's death in 2012, U.S. Bank submitted a death claim for the proceeds of the

---

[1] Reference to the Statement of Facts and Supporting evidence submitted with PHL's MSJ is made to provide factual background.

-1-

policies. *See* SSUF ¶ 32. PHL requested properly notarized claims forms, which U.S. Bank submitted on or around March 8, 2012. *See* SSUF ¶ 37. During the claims handling process, PHL determined that it had insufficient documentation to verify that the releases of collateral assignments on the policies had been extinguished, exposing PHL to multiple claims for policy proceeds. *See* SSUF ¶¶ 31, 33–34. While PHL was processing the Doe claims, U.S. Bank filed suit. Despite the litigation, PHL continued to process the claims, which were paid in full, with interest, immediately after PHL received confirmation that U.S. Bank was the proper and only beneficiary under the Doe policies.

In addition to its allegations about the handling of the claim at issue here, U.S. Bank contends that the alleged delayed payment of the Doe claims is part of a larger pattern of alleged misconduct that violates CUTPA. *See* Second Amended Complaint ("SAC"), ¶ 16. U.S. Bank relies on allegations contained in other lawsuits involving PHL, most of which have been brought by Plaintiff or by other clients of Plaintiff's counsel, Orrick, Herrington & Sutcliffe LLP. SAC ¶¶ 50–94. Out of the 6 claims submitted by U.S. Bank since May 2012, PHL has paid 5 of them, with interest, at a rate 100 times higher than what Lima earns from its own savings account, for a total of $38,655,797.61. SSUF ¶¶ 13, 49–50. PHL has "resisted" only one of U.S. Bank's claims, identified as the "Doe III Policy" in U.S. Bank's SAC. *See* SAC ¶¶ 50–70. That policy is subject to separate litigation pending between U.S. Bank and PHL in the United States District Court for the District of Minnesota. *See U.S. Bank v. PHL Variable Insurance Company*, No. 0:12-cv-00877-JRT-TNL (D. Minn.). None of the pending litigations have resulted in any finding of wrongdoing against PHL.

### A. U.S. BANK'S RULE 26 DISCLOSURES

U.S. Bank served its Rule 26(a)(1) Initial Disclosures on or about June 19,

2012, in which it identified 6 witnesses by name,[2] one witness as an entity,[3] and 4 categories of witness;[4] 4 categories of documents; and broad categorizations of its alleged damages with no damages figures or computations. *See* Declaration of Shannon Lang ("Lang Decl."), ¶ 2 & Exh. A-1:  Pl.'s Initial Disclosures. Discovery in the case closed on January 4, 2013.  *See* Order for Jury Trial (Dkt. # 52) (C.D. Cal. July 30, 2012).[5]  On January 18, 2013—after the discovery cutoff and around 8:00 p.m. PST on the evening of PHL's deadline to file its Motion for Summary Judgment—U.S. Bank served Supplemental Rule 26 Initial Disclosures in which it identified 3 additional named witnesses;[6] 3 additional representatives;[7] supplemental information to the 4 previously identified categories of witnesses; 4 additional categories of documents;[8] and disclosures relating to its alleged

---

[2]  Ola Eriksson; Russell Mosley; Steve Patterson; Tom Foley; Richard Tarnas; and Susan M. Yurib.

[3]  Torrey Pines Services, LLC.

[4]  Persons who were involved in handling the claim; persons who made the decision not to pay the claim; persons who were involved in recording the release of the collateral assignments; and persons who were involved in any "investigation" into the claim under the Policies or release of the collateral assignment.

[5]  Pursuant to agreement of counsel and in order to accommodate U.S. Bank, the parties stipulated to a limited extension of discovery.  The parties agreed to extend document production to January 11, 2013, and to conduct a handful of designated depositions prior to February 15, 2013.  *See* Lang Decl, ¶ 3 & Exh. A-2:  Email outlining discovery timeline.

[6]  "Stephen Jeffrey and others"; Scott B. Rose; and Karen Benjamin.

[7]  Representative of the Bank of Utah; Trustee of the ESF QIF Trust; and Representative of Wells Fargo Bank, N.A., as Trustee of the Milton Levy 2006-1 Insurance Trust.

[8]  The policies at issues in other identified cases; the alleged claims/proof of loss in other identified cases; PHL's policy files in other identified cases; and communications between PHL and third parties.

damages.[9] *See* Lang Decl., ¶ 4 & Exh. A-3: Pl.'s Supplemental Initial Disclosures. Then, in its Opposition to PHL's MSJ, U.S. Bank submitted declarations from each of these previously unidentified witnesses. *See* Opp'n to MSJ (Dkt. # 123), and accompanying exhibits.

**B.  PHL Has Requested Damages Calculations, Including Supporting Documentation for Attorney's Fees and Costs Prior to Submitting This Motion.**

In its Initial Disclosures, and in its briefing in connection with this case, U.S. Bank identified the death benefits ($20,000,000) under the Policies and attorney's fees and costs incurred as its actual alleged damages. U.S. Bank stated that "the amount and basis for the calculation of Plaintiff's other damages will be the subject of discovery and expert opinions in this case, and will be provided in accordance with the scheduling order." *See* Lang Decl., ¶ 2 & Exh. A-1, at 3. PHL propounded discovery requests in July and December 2012 requesting substantiating documentation for U.S. Bank's alleged damages. *See* Lang Decl., ¶ 5 & Exh. A-4: Request for Production No. 11 (dated July 11, 2012); Request for Production Nos. 20, 21 & 22 (dated December 5, 2012). In a letter dated November 20, 2012, counsel for PHL requested confirmation from counsel for U.S. Bank that no additional updates to U.S. Bank's Initial Disclosures were necessary. *See* Lang Decl., ¶ 6 & Exh. A-5: Letter to Melanie Phillips, at 8. U.S. Bank responded in a letter dated December 31, 2012, stating that "Plaintiff has repeatedly explained that its damage calculation will be the subject of expert

---

[9] Specifically, U.S. Bank identified the alleged lost benefit of not having cash, or the opportunity cost of those funds, and attorney's fees incurred as a result of PHL's alleged bad faith as its damages. U.S. Bank identified dollar amounts of its alleged opportunity cost damages by reference to the expert report of Dr. Cohen-Cole; however, it did not identify any documents on which it based its claim for attorney's fees.

-4-

DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS ELEVENTH MOTION *IN LIMINE*

discovery. Plaintiff will provide the responsive documents as part of its expert discovery on the issue of damages." *See* Lang Decl., ¶ 7 & Exh. A-6: Letter from Melanie Phillips, at 6. After receiving U.S. Bank's untimely supplemental disclosures on January 18, 2013, PHL requested supporting documentation for U.S. Bank's costs, expenses, and attorney's fees on January 22, 2013. *See* Lang Decl., ¶ 8 & Exh. A-7: Letter to Khai LeQuang. PHL has not received any response to its request.

### III.  LEGAL ARGUMENTS AND AUTHORITIES

PHL seeks an order excluding certain evidence, arguments and references to U.S. Bank's improper supplemental disclosures. The Court should instruct U.S. Bank, its counsel, and witnesses, to refrain from doing or saying, directly or indirectly, anything in the presence of the jury or jury panel that would in any way advise, suggest, or imply any of the following matters, or from doing any of the following acts without first approaching the bench, out of the presence of the jury or jury panel, and obtaining approval from the Court.

**A.  Witnesses Not Timely Disclosed Under Rule 26(a)(1).**

Like experts, non-expert witnesses must be disclosed under the Federal Rule of Civil Procedure 26 as soon as practicable, unless solely intended for impeachment. FED. R. CIV. P. 26(a)(1)(A). These "initial disclosures" must be timely supplemented as discovery progresses. FED. R. CIV. P. 26(e); *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (excluding evidence because defendant failed to adhere to Rule 26 disclosure requirements). Federal Rule of Civil Procedure 37(c)(1) "gives teeth . . . by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed" and provides a "self-executing," "automatic" sanction as "a strong inducement for disclosure of material." *Yeti By Molly*, 259 F.3d at 1106 (quoting in part, FED. R. CIV. P. 37 Advisory Comm. Notes (1993)).

Because failure to timely disclose a witness robs the party's adversary of the ability to take discovery from that witness, the penalty for failure to comply with Rule 26(a) is automatic exclusion, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Thus, it is plaintiff's burden to prove that its failure to comply with Rule 26(a) is, in fact, substantially justified or harmless. *Yeti By Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1258 (9th Cir. 1998) (refusing to consider expert's report because it was filed one-and-a-half months late and plaintiff could have asked for an extension of time). Additionally, the Court in *Green v. Baca* noted the definition of "harmless" contemplated by Rule 37. "[The term] is included in Rule 37 to cover situations such as 'the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures.'" 226 F.R.D. 624, 655 (C.D. Cal. 2005) (quoting FED. R. CIV. P.37(c), Advisory Committee Notes, 1993 Amendment).

Here, as in *Yeti By Molly* and *Green*, U.S. Bank's failure to disclose Scott B. Rose; Representative of the Bank of Utah; Karen Benjamin; Trustee of the ESF QIF Trust; and Representative of Wells Fargo Bank, N.A., as Trustee of the Milton Levy 1006-1 Insurance Trust, as witnesses prior to the close of discovery is prejudicial, unjustified and certainly not harmless. These witnesses have been known to U.S. Bank since the inception of this case. Nevertheless, U.S. Bank withheld identification of this witness until well after the discovery cut-off of January 4, 2013. Mere hours before PHL filed its Motion for Summary Judgment, pointing out the legal and factual insufficiency of U.S. Bank's claims, U.S. Bank disclosed these witnesses in a vain attempt to support its claims and create a fact

-6-

DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS ELEVENTH MOTION *IN LIMINE*

issue to preclude summary judgment.

U.S. Bank's dilatory marshaling of witnesses has prejudiced PHL because the belated disclosure has prevented PHL from taking discovery. Thus, Rule 37's automatic exclusion provision is designed to prevent exactly the sort of prejudice PHL will suffer if U.S. Bank is allowed to call any witnesses that it failed to disclose until after the close of discovery.

As authority provides, plaintiff here bears the burden of showing that its failure to disclose witnesses was "harmless." FED. R. CIV. P.37(c)(1). PHL cannot do so and, therefore, the Court should preclude any reference to Scott B. Rose; Representative of the Bank of Utah; Karen Benjamin; Trustee of the ESF QIF Trust; and Representative of Wells Fargo Bank, N.A., as Trustee of the Milton Levy 1006-1 Insurance Trust, and all other witnesses not timely disclosed by U.S. Bank in its Rule 26(a) Initial Disclosures.

**B.     Damages Not Timely Disclosed under Rule 26(a).**

U.S. Bank's failure to timely disclose its damages calculation results in automatic exclusion of damages evidence from this litigation. FED. R. CIV. P. 26(a)(1)(A)(iii); *Frontline Medical Associates, Inc v. Coventry Health Care*, 263 F.R.D. 567, 569 (C.D. Cal. 2009); *City of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (barring damages evidence where disclosure merely included broad types of damages); *Silong v. United States*, No. CV F-06-0474 LJO DLB, 2007 WL 2580543, at **4–5 (E.D. Cal. Sept. 5, 2007) (barring damages claims where plaintiff failed to include computations in Rule 26 disclosures). Rule 26 provides that U.S. Bank must include in its Initial Disclosures "a computation of each category of damages" and "make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of

-7-

injuries suffered." FED. R. CIV. P. 26(a)(1)(A)(iii).

### 1. Attorney's fees

U.S. Bank has failed to respond to PHL's request for sufficient documentation to support U.S. Bank's alleged damages relating to attorney's fees and costs. Instead, U.S. Bank produced one page purportedly demonstrating attorney's fees (which does not include the number of hours, billing rates, or general description related to tasks or specific claims) and relies on testimony from its corporate representative that U.S. Bank has "incurred over $230,000, in legal fees to prosecute its claims." *See* Eriksson Decl., ¶ 48 (attached to Opp'n to MSJ). Moreover, U.S. Bank has failed to comply with its initial disclosure requirements under Federal Rule of Civil Procedure 26(a)(1), which requires the plaintiff to produce a copy or description of the documents on which the plaintiff bases its damages calculations, including its calculation of any alleged *Brandt* fees for its bad faith allegation. *See R&R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246–47 (9th Cir. 2012) (disclosure of *Brandt* fees and supporting documents required); *Yeti by Molly*, 259 F.3d at 1106. U.S. Bank has not even provided a description of the documents it intends to rely on to support its alleged damages relating to attorney's fees. Accordingly, PHL requests that the Court order that U.S. Bank is precluded from introducing any evidence on attorney's fees.

### C. Any Other Documentary Evidence Not Timely Disclosed

As explained above, U.S. Bank's failure to timely supplement its Rule 26 disclosures results in an automatic exclusion of such evidence. FED. R. CIV. P. 26(a). Although the discovery cutoff period expired on January 4, 2013, we anticipate that U.S. Bank will seek to introduce undisclosed documents in this case that have been produced in other U.S. Bank actions with PHL. *See* Lang Decl., ¶ 9; Exh. A-8: Transcript of Telephone Conference with the Hon. Michael R. Wilner, at 13:13-22; 14:8-17; 24:3-7, 10-19. Accordingly, any additional

-8-

documents not already disclosed should be automatically excluded. In addition, any documents produced in violation of protective orders should be excluded.

## IV. CONCLUSION

For the foregoing reasons, PHL requests that the Court grant this motion and enter an order *in limine* prohibiting the mention or use of the specified documents and evidence listed in Sections A through C above.

DATED: February 15, 2013     EDISON, MCDOWELL & HETHERINGTON LLP

/s/ *Shannon A. Lang*
Thomas F.A. Hetherington
Jarrett E. Ganer
Shannon A. Lang
Erin E. Bennett

PAYNE & FEARS LLP
Daniel L. Rasmussen
Scott O. Luskin

*Attorneys for Defendant PHL Variable Insurance Company*

DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS ELEVENTH MOTION *IN LIMINE*