# EXHIBIT A

1  Daniel L. Rasmussen, Bar No. 120276
   dlr@paynefears.com
2  Scott O. Luskin, Bar No. 238082
   sol@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  801 S. Figueroa Street, Suite 1150
   Los Angeles, California 90017
5  Telephone:   (213) 439-9911
   Facsimile:   (213) 439-9922

6  THOMAS F.A. HETHERINGTON
   (Texas Bar No. 24007359)*
7  tom.hetherington@emhllp.com
   JARRETT E. GANER
8  (Texas Bar No. 24055570)*
   jarrett.ganer@emhllp.com
9  SHANNON A. LANG (SBN 257470)
   shannon.lang@emhllp.com
10 EDISON, McDOWELL & HETHERINGTON LLP
   3200 Southwest Freeway, Suite 2100
11 Houston, Texas 77027
   Telephone:   (713) 337-5580
12 Facsimile:   (713) 337-8850
   * admitted *pro hac vice*
13
   Attorneys for Defendant
14 PHL VARIABLE INSURANCE COMPANY

15
16            **UNITED STATES DISTRICT COURT**
17      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
18

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP, | Case No. CV12-03046-RGK (MRWx) |
| Plaintiff, | **DECLARATION OF SHANNON A. LANG IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* NO. 11** |
| v. | Judge:      Hon. R. Gary Klausner |
| PHL VARIABLE INSURANCE COMPANY, | Date:       April 2, 2013<br>Time:       9:00 a.m.<br>Courtroom:  850 |
| Defendant. | |

I, Shannon A. Lang, hereby declare as follows:

1.  I am an attorney with Edison, McDowell & Hetherington LLP and represent Defendant PHL Variable Insurance Company ("PHL") in the above-captioned matter.

2.  Attached hereto as Exhibit A-1 is a true and correct copy of U.S. Bank's Rule 26(a) Initial Disclosures.

3.  Attached hereto as Exhibit A-2 is a true and correct copy of an email from me to Khai LeQuang, dated December 20, 2012, in which PHL agreed to extend the deadline to produce documents from January 4, 2013, to January 11, 2013.  PHL further agreed that the deadline to conduct depositions of three corporate employees and two third parties would be extended to February 15, 2013.  PHL agreed to extend the deadline for U.S. Bank to make its expert disclosures and produce expert reports.

4.  Attached hereto as Exhibit A-3 is a true and correct copy of U.S. Bank's Supplemental Rule 26(a) Initial Disclosures.

5.  Attached hereto as Exhibit A-4 is a true and correct copy of PHL's First and Second Requests for Production.

6.  Attached hereto as Exhibit A-5 is a true and correct copy of a letter to Melanie Phillips, dated November 20, 2012.

7.  Attached hereto as Exhibit A-6 is a true and correct copy of a letter from Melanie Phillips, dated December 31, 2012.

8.  Attached hereto as Exhibit A-7 is a true and correct copy of a Letter to Khai LeQuang, dated January 22, 2013.

9.  Attached hereto as Exhibit A-8 is a true and correct copy of a Transcript from the telephone conference in front of Magistrate Judge Wilner, on February 11, 2013, in connection with motions to compel filed by U.S. Bank.

//

//

---

1        I declare under penalty of perjury that the foregoing is true and correct.
2    Executed on February 15, 2013.

3

4    _____
5    Shannon A. Lang

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-1

KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

STEPHEN G. FORESTA (*pro hac vice* to be filed)
sforesta@orrick.com
PHILIPP SMAYLOVSKY(*pro hac vice* to be filed)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone: 212-506-5000
Facsimile: 212-506-5151

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS
SECURITIES INTERMEDIARY FOR LIMA
ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>              Plaintiff,<br><br>       v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>              Defendant. | Case No.  CV-12-03046 RGK (MRWx)<br><br>**PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S, AS SECURITIES INTERMEDIARY FOR LIMA ACQUISITION LP, RULE 26(A)(1) INITIAL DISCLOSURES** |

1    Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff
2  U.S. Bank National Association, as securities intermediary for Lima Acquisition LP
3  ("Plaintiff"), by and through counsel, makes the following initial disclosures:

4  **I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE**
5  **INFORMATION**

6       The following individuals are likely to have discoverable information that
7  may be used to support Plaintiff's claims.  These disclosures are based on the
8  information that Plaintiff has as of the date of these disclosures and prior to any
9  discovery.  As a consequence, the list may not contain the names of all persons who
10  may be later identified as having information that Plaintiff may use to support its
11  claims and defenses, including those persons who may be revealed through the
12  discovery process.  Plaintiff reserves the right to supplement this list of individuals
13  likely to have discoverable information in support of its claims with additional
14  individuals, and to use such individuals and their knowledge in support of its
15  claims.

16     1.    Ola Eriksson
17           c/o Khai LeQuang
             Orrick Herrington & Sutcliffe LLP
18           777 S. Figueroa Street, Suite 3200
             Los Angeles, CA  90017
19           Mr. Eriksson has information about the life insurance policies at issue
             (the "Policies"), the claims submitted to PHL Variable Insurance
20           Company ("PHL"), and PHL's failure to pay the claims.

21     2.    Russell Mosley
             c/o Khai LeQuang
22           Orrick Herrington & Sutcliffe LLP
             777 S. Figueroa Street, Suite 3200
23           Los Angeles, CA  90017
             Mr. Mosley has information about the Policies, the claims submitted to
24           PHL, and PHL's failure to pay the claims.

25     3.    Torrey Pines Services LLC
             4365 Executive Drive, Suite 710
26           San Diego, CA 92121
             Torrey Pines has information about the servicing of the Policies, the
27           claims submitted to PHL, and PHL's failure to pay the claims.

28     4.    Steve Patterson and Tom Foley
             J.P. Morgan Chase Bank, N.A. ("JP Morgan")

- 1 -

800 Connecticut Ave. NW #950
Washington, D.C. 20006
Mr. Patterson, Mr. Foley, and JP Morgan have information about JP Morgan's assignment of any interest it held in the Policies to The Bank of New York several years ago and communications with PHL regarding the same.

5.   Richard Tarnas
The Bank of New York Mellon Trust Company, N.A.
2 North LaSalle Street, Suite 1020
Chicago, IL 60602
The Bank of New York Mellon Trust Company, N.A ("BoNY") and Mr. Tarnas have information about BoNY's release of the collateral assignment of the Policies and communications with PHL regarding the same.

6.   Susan M. Yurib
Phoenix Life Insurance Company
P.I. Box 8027
Boston, MA 02266-8027
Ms. Yurib has information about the Policies, the claims submitted to PHL, and PHL's failure to pay the claims.

7.   Persons who were involved in or responsible for handling the claim under the Policies, as well as other claims for death benefits that PHL denied or failed to timely pay, including but not limited to claims made by Plaintiff.

8.   Persons who made the decision not pay to the claim under the Policies, as well as other claims for death benefits that PHL denied or failed to timely pay, including but not limited to claims made by Plaintiff.

9.   Persons who were involved in the recording the release of the collateral assignment of the Policies, including members of the Policy Title Division and the person who recorded the release of the collateral assignment (whose signature is illegible).

10.   Persons who were involved in or responsible for any "investigation" into the claim under the Policies and/or the release of the collateral assignment of the Policies.

## II.  **DOCUMENTS**

Plaintiff may use the following categories of documents, including electronically stored information, to support Plaintiff's claims, as well as any documents that any third party identifies or produces in this matter.  Plaintiff reserves the right to supplement this description and rely on additional documents if and when they become available during the course of discovery or otherwise.

1.      The Policies.

2.      The claim/proof of loss and other documents that Plaintiff submitted to PHL requesting payment of the death benefit under the Policies.

3.      PHL's policy files for the Policies.

4.      Communications between PHL (including its agents or attorneys) and BoNY and/or JP Morgan (including their agents or attorneys) regarding the Policies, including but not limited to communications regarding the collateral assignment of the Policies, the release of the collateral assignment of the Policies, and any investigation regarding the collateral assignment of the Policies and the release thereof.

## III.  **DAMAGES**

The amount and basis for the calculation of Plaintiff's other damages will be the subject of discovery and expert opinions in this case, and will be provided in accordance with the scheduling order.  However, Plaintiff's damages consist of at least the death benefits ($20,000,000) owed under the Policies and Plaintiff's attorneys' fees and costs incurred in this action.

///
///
///
///
///
///

- - 3 - -

1    **IV.    <u>INSURANCE</u>**

2            Plaintiff is not aware of any applicable insurance policies.

3

4    Dated:        June 19, 2012                    Orrick, Herrington & Sutcliffe LLP

5

6                                        By:_____*/s/ - Khai LeQuang*_____

7                                               KHAI LEQUANG
                                               Attorneys for Plaintiff
8                                              U.S. BANK NATIONAL
                                               ASSOCIATION, AS SECURITIES
9                                              INTERMEDIARY FOR LIMA
                                               ACQUISITION LP

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PROOF OF SERVICE**

I am more than eighteen years old and not a party to this action.  My business address is Orrick, Herrington & Sutcliffe LLP, 777 South Figueroa Street, Suite 3200, Los Angeles, California  90017.  On June 19, 2012, I served the following document(s):

**PLAINTIFF U.S. BANK NATIONAL ASSOCIATION'S, AS SECURITIES INTERMEDIARY FOR LIMA ACQUISITION LP, RULE 26(A)(1) INITIAL DISCLOSURES**

☒      (by Electronic Mail), I caused such documents to be transmitted by electronic mail to the offices of the addressee.

☒      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

Daniel L. Rasmussen, Esq.
Scott O. Luskin, Esq.
PAYNE & FEARS LLP
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
dlr@paynefears.com
sol@paynefears.com

Thomas F.A. Hetherington, Esq.
Jarrett E. Ganer, Esq.
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas  77027
tom.hetherington@emhllp.com
Jarrett.ganer@emhllp.com

**Attorneys for Defendant PHL Variable Insurance Company**

I am employed in the county from which the mailing occurred.  On the date indicated above, I placed the sealed envelope(s) for collection and mailing at this firm's office business address indicated above.  I am readily familiar with this firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the firm's correspondence would be deposited with the United States Postal Service on this same date with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 19, 2012, at Los Angeles, California.

_____
Melanie D. Phillips

# EXHIBIT A-2

**Shannon Lang**

| | |
|---|---|
| **From:** | Shannon Lang |
| **Sent:** | Thursday, December 20, 2012 6:11 PM |
| **To:** | 'LeQuang, Khai (klequang@orrick.com) (klequang@orrick.com)' |
| **Cc:** | Thomas F. A. Hetherington (tom.hetherington@emhllp.com); Erin Bennett (erin.bennett@emhllp.com); 'Luskin, Scott O. (SOL@paynefears.com)'; Jarrett E. Ganer (jarrett.ganer@emhllp.com) |
| **Subject:** | U.S. Bank v. PHL (Morrison) -- Agreement re: Schedule |

Khai,

Following up on our conversation this evening, we have agreed to the following:

- The *ex parte* motion will be filed tonight by U.S. Bank (not jointly).
- Any opposition by PHL will be filed tomorrow by 12:00CST.

- In the event the motion is denied, we agree to the following modifications to the current scheduling order:
  - Expert Disclosures:  January 2, 2013
  - Document Discovery:  January 11, 2013
  - Expert Reports:  January 14, 2013
  - Rebuttal Reports:  February 15, 2013
  - Close of Fact Discovery:  February 15, 2013
    - Fact discovery beyond January 11, 2013 is limited to depositions of John Hatfield, Susan Yurik, PHL 30(b)(6), JP Morgan, and BoNY (though PHL will endeavor to produce its employees before or shortly after January 18, 2013).

- Regarding depositions:
  - The parties agree to reschedule the depositions currently noticed through January 4, 2013.
  - As quickly as possible, PHL will obtain proposed dates for the depositions of John Hatfield, Susan Yurik, and 30(b)(6) and will attempt to coordinate the depositions of Mr. Hatfield and Ms. Yurik.  Due to health issues, Ms. Yurik must be deposed very close to home (Greenfield, Massachusetts).
  - As quickly as possible, U.S. Bank will identify dates for the depositions of Russell Mosley and Ola Eriksson (fact and 30(b)(6)), which will be held before January 18, 2013.  U.S. Bank represents that Mr. Eriksson will be the witness most knowledgeable on damages.  If PHL discovers any additional witnesses who should be deposed with respect to damages, U.S. Bank will work with PHL in good faith to timely produce them for deposition.

If your understanding differs from ours, please let us know immediately.

Regards,

**Shannon A. Lang**
Attorney



**Edison, McDowell & Hetherington** LLP
Phoenix Tower

3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
P: 713-337-8865   F: 713-333-5881
www.emhllp.com

CONFIDENTIALITY STATEMENT
This message is sent by a law firm and may contain information that is privileged or confidential.
If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT A-3

KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017
Telephone:  213-629-2020
Facsimile:  213-612-2499

STEPHEN G. FORESTA (admitted *pro hac vice*)
sforesta@orrick.com
PHILIPP SMAYLOVSKY (admitted *pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone:  212-506-5000
Facsimile:  212-506-5151

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS
SECURITIES INTERMEDIARY FOR LIMA
ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | Case No.  CV-12-03046 RGK (MRWx)<br><br>**PLAINTIFF'S SUPPLEMENTAL RULE 26(A)(1) INITIAL DISCLOSURES** |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff"), by and through counsel, makes the following supplemental initial disclosures:

## I.   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

The following individuals are likely to have discoverable information that may be used to support Plaintiff's claims.  These disclosures are based on the information that Plaintiff has as of the date of these disclosures and prior to any discovery.  As a consequence, the list may not contain the names of all persons who may be later identified as having information that Plaintiff may use to support its claims and defenses, including those persons who may be revealed through the discovery process.  Plaintiff reserves the right to supplement this list of individuals likely to have discoverable information in support of its claims with additional individuals, and to use such individuals and their knowledge in support of its claims.

1.   Ola Eriksson
     c/o Khai LeQuang
     Orrick Herrington & Sutcliffe LLP
     777 S. Figueroa Street, Suite 3200
     Los Angeles, CA  90017
     Mr. Eriksson has information about the life insurance policies at issue (the "Policies"), the claims submitted to PHL Variable Insurance Company ("PHL"), and PHL's failure to pay the claims.
     Mr. Eriksson also has information about life insurance policy or policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, No. cv-12-3047 (C.D. Cal.), the claim or claims submitted to PHL, and PHL's failure to pay the claim or claims.
     Mr. Eriksson also has information about life insurance policy or policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, No. 12-cv-00877 (D. Minn.), the claim or claims submitted to PHL, and PHL's failure to pay the claim or claims.

2.   Russell Mosley
     c/o Khai LeQuang
     Orrick Herrington & Sutcliffe LLP
     777 S. Figueroa Street, Suite 3200
     Los Angeles, CA  90017
     Mr. Mosley has information about the Policies, the claims submitted to

PHL, and PHL's failure to pay the claims.

Mr. Mosley also has information about life insurance policy or policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, No. cv-12-3047 (C.D. Cal.), the claim or claims submitted to PHL, and PHL's failure to pay the claim or claims.

Mr. Mosley also has information about life insurance policy or policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, No. 12-cv-00877 (D. Minn.), the claim or claims submitted to PHL, and PHL's failure to pay the claim or claims.

3.    Torrey Pines Services LLC
Stephen Jeffrey and others
4365 Executive Drive, Suite 710
San Diego, CA 92121
Mr. Jeffrey has information about the servicing of the Policies, the claims submitted to PHL, communications with PHL regarding the claims, and PHL's failure to pay the claims.

4.    Scott B. Rose
Barrett Advisors LLC
1 N Lexington Avenue, 11th Floor
White Plains, NY 10601
Mr. Rose has information about Lima Acquisition LP's acquisition of the Policies.

5.    Steve Patterson and Tom Foley
J.P. Morgan Chase Bank, N.A. ("JP Morgan")
800 Connecticut Ave. NW #950
Washington, D.C. 20006
Mr. Patterson, Mr. Foley, and JP Morgan have information about JP Morgan's assignment of any interest it held in the Policies to The Bank of New York several years ago and communications with PHL regarding the same.
Mr. Patterson, Mr. Foley, and JP Morgan have information about JP Morgan's assignment of any interest it held in the life insurance policy or policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, No. cv-12-3047 (C.D. Cal.) to The Bank of New York several years ago and communications with PHL regarding the same.

6.    Richard Tarnas
The Bank of New York Mellon Trust Company, N.A.
2 North LaSalle Street, Suite 1020
Chicago, IL 60602
The Bank of New York Mellon Trust Company, N.A ("BoNY") and Mr. Tarnas have information about BoNY's release of the collateral assignment of the Policies and communications with PHL regarding the same.
The Bank of New York Mellon Trust Company, N.A ("BoNY") and Mr. Tarnas have information about BoNY's release of the collateral assignment of the life insurance policy or policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, No. cv-12-3047 (C.D. Cal.) and communications with PHL regarding the same.

- 2 -

7.   Susan M. Yurik
     Phoenix Life Insurance Company
     P.O. Box 8027
     Boston, MA 02266-8027
     Ms. Yurik has information about the Policies, the claims submitted to PHL, and PHL's failure to pay the claims.
     Ms. Yurik has information about the life insurance policy or policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, No. cv-12-3047 (C.D. Cal.), the claims submitted to PHL, and PHL's failure to pay the claims.
     Ms. Yurik may alos have information about the life insurance policies at issue in *Benjamin v. PHL Variable Ins. Co.*, 2:12-cv-04556-SVW-SH (C.D. Cal.); *PHL Variable Insurance Company v. Bank of Utah*, Case No. 12-cv-01256-ADM-JJK (D. Minn.); *PHL Variable Ins. Co. v. ESF QIF Trust*, Case No. 12-cv-319-UNA (D. Del.); and *Wells Fargo Bank, N.A., as Trustee of the Milton Levy 2006-1 Insurance Trust v. PHL Variable Insurance Company*, No. 3:12-CV-3760 (N.D. Tx.), the claims submitted to PHL, and PHL's failure to pay the claims.

8.   Representative of the Bank of Utah
     c/o Khai LeQuang
     Orrick Herrington & Sutcliffe LLP
     777 S. Figueroa Street, Suite 3200
     Los Angeles, CA  90017
     A representative of the Bank of Utah has information about life insurance policy or policies at issue in *PHL Variable Insurance Company v. Bank of Utah*, No. 12-cv-01256-ADM-JJK (D. Minn.), the claim submitted to PHL, PHL's unfair practices regarding the handling of the claim, and PHL's failure to pay the claim.

9.   Karen Benjamin
     c/o Khai LeQuang
     Orrick Herrington & Sutcliffe LLP
     777 S. Figueroa Street, Suite 3200
     Los Angeles, CA  90017
     Ms. Benjamin has information about the life insurance policy at issue in *Benjamin v. PHL Variable Ins. Co.*, 2:12-cv-04556-SVW-SH (C.D. Cal.), the claim submitted to PHL, and PHL's unfair practices regarding the handling of the claim.

10.  Trustee of the ESF QIF Trust
     c/o Steven G. Sklaver
     Susman Godfrey, LLP
     1901 Avenue of the Stars, Suite 950
     Los Angeles, CA 90067-6029
     The Trustee of the ESF QIF Trust has information about life insurance policy or policies at issue in *PHL Variable Ins. Co. v. ESF QIF Trust*, No. 12-cv-319-UNA (D. Del.), the claim submitted to PHL, PHL's unfair practices regarding the handling of the claim, and PHL's failure to pay the claim.

11.  Representative of Wells Fargo Bank, N.A., as Trustee of the Milton Levy 2006-1 Insurance Trust
     c/o Nancy Sher Cohen

- 3 -

1   Proskauer Rose, LLP
2   2049 Century Park East, Suite 3200
    Los Angeles, CA 90067
3   A representative of Wells Fargo Bank, N.A., as Trustee of the Milton
    Levy 2006-1 Insurance Trust, has information about life insurance
    policy or policies at issue in *Wells Fargo Bank, N.A., as Trustee of the*
4   *Milton Levy 2006-1 Insurance Trust v. PHL Variable Insurance*
    *Company,* No. 3:12-CV-3760 (N.D. Tx.), the claim or claims
5   submitted to PHL, and PHL's failure to pay the claim or claims.

6   12.   Persons who were involved in or responsible for handling the claim

7         under the Policies, as well as other claims for death benefits that PHL

8         denied or failed to timely pay, including but not limited to claims made

9         by Plaintiff in *U.S. Bank National Association v. PHL Variable*

10        *Insurance Company*, Case No. cv-12-3047 (C.D. Cal.); *Benjamin v.*

11        *PHL Variable Ins. Co.*, 2:12-cv-04556-SVW-SH (C.D. Cal.); *PHL*

12        *Variable Insurance Company v. Bank of Utah*, Case No. 12-cv-01256-

13        ADM-JJK (D. Minn.); *PHL Variable Ins. Co. v. ESF QIF Trust*, Case

14        No. 12-cv-319-UNA (D. Del.); and *Wells Fargo Bank, N.A., as*

15        *Trustee of the Milton Levy 2006-1 Insurance Trust v. PHL Variable*

16        *Insurance Company,* No. 3:12-CV-3760 (N.D. Tx.).

17  13.   Persons who made the decision not pay to the claim under the Policies,

18        as well as other claims for death benefits that PHL denied or failed to

19        timely pay, including but not limited to claims made by Plaintiff in

20        *U.S. Bank National Association v. PHL Variable Insurance Company*,

21        Case No. cv-12-3047 (C.D. Cal.); *U.S. Bank National Association v.*

22        *PHL Variable Insurance Company*, Case No. 12-cv-00877 (D. Minn),

23        and the claims made in *Benjamin v. PHL Variable Ins. Co.*, 2:12-cv-

24        04556-SVW-SH (C.D. Cal.); *PHL Variable Insurance Company v.*

25        *Bank of Utah*, Case No. 12-cv-01256-ADM-JJK (D. Minn.); *PHL*

26        *Variable Ins. Co. v. ESF QIF Trust*, Case No. 12-cv-319-UNA (D.

27        Del.); and *Wells Fargo Bank, N.A., as Trustee of the Milton Levy*

28        *2006-1 Insurance Trust v. PHL Variable Insurance Company,* No.

- 4 -

3:12-CV-3760 (N.D. Tx.).

14. Persons who were involved in the recording the release of the collateral assignment of the Policies, including members of the Policy Title Division and the person who recorded the release of the collateral assignment (whose signature is illegible).

15. Persons who were involved in or responsible for any "investigation" into the claim under the Policies and/or the release of the collateral assignment of the Policies, as well as other claims for death benefits that PHL denied or failed to timely pay, including but not limited to claims made by Plaintiff in *U.S. Bank National Association v. PHL Variable Insurance Company*, Case No. cv-12-3047 (C.D. Cal.); *U.S. Bank National Association v. PHL Variable Insurance Company*, Case No. 12-cv-00877 (D. Minn), and the claims made in *Benjamin v. PHL Variable Ins. Co.*, 2:12-cv-04556-SVW-SH (C.D. Cal.); *PHL Variable Insurance Company v. Bank of Utah*, Case No. 12-cv-01256-ADM-JJK (D. Minn.); *PHL Variable Ins. Co. v. ESF QIF Trust*, Case No. 12-cv-319-UNA (D. Del.); and *Wells Fargo Bank, N.A., as Trustee of the Milton Levy 2006-1 Insurance Trust v. PHL Variable Insurance Company,* No. 3:12-CV-3760 (N.D. Tx.).

## II.   DOCUMENTS

Plaintiff may use the following categories of documents, including electronically stored information, to support Plaintiff's claims, as well as any documents that any third party identifies or produces in this matter. Plaintiff reserves the right to supplement this description and rely on additional documents if and when they become available during the course of discovery or otherwise.

1. The Policies.

2. The claim/proof of loss and other documents that Plaintiff submitted to PHL requesting payment of the death benefit under the Policies.

3.     PHL's policy files for the Policies.

4.     Communications between PHL (including its agents or attorneys) and BoNY and/or JP Morgan (including their agents or attorneys) regarding the Policies, including but not limited to communications regarding the collateral assignment of the Policies, the release of the collateral assignment of the Policies, and any investigation regarding the collateral assignment of the Policies and the release thereof.

5.     The policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, Case No. cv-12-3047 (C.D. Cal.); *U.S. Bank National Association v. PHL Variable Insurance Company*, Case No. 12-cv-00877 (D. Minn), and the claims made in *Benjamin v. PHL Variable Ins. Co.*, 2:12-cv-04556-SVW-SH (C.D. Cal.); *PHL Variable Insurance Company v. Bank of Utah*, Case No. 12-cv-01256-ADM-JJK (D. Minn.); *PHL Variable Ins. Co. v. ESF QIF Trust*, Case No. 12-cv-319-UNA (D. Del.); and *Wells Fargo Bank, N.A., as Trustee of the Milton Levy 2006-1 Insurance Trust v. PHL Variable Insurance Company*, No. 3:12-CV-3760 (N.D. Tx.).

6.     The claim/proof of loss and other documents that Plaintiff submitted to PHL requesting payment of the death benefit under the policies at issue in *U.S. Bank National Association v. PHL Variable Insurance Company*, Case No. cv-12-3047 (C.D. Cal.); *U.S. Bank National Association v. PHL Variable Insurance Company*, Case No. 12-cv-00877 (D. Minn), and the claims made in *Benjamin v. PHL Variable Ins. Co.*, 2:12-cv-04556-SVW-SH (C.D. Cal.); *PHL Variable Insurance Company v. Bank of Utah*, Case No. 12-cv-01256-ADM-JJK (D. Minn.); *PHL Variable Ins. Co. v. ESF QIF Trust*, Case No. 12-cv-319-UNA (D. Del.); and *Wells Fargo Bank, N.A., as Trustee of the Milton Levy 2006-1 Insurance Trust v. PHL Variable Insurance*

1    *Company*, No. 3:12-CV-3760 (N.D. Tx.).

2    7.    PHL's policy files for the policies at issue in *U.S. Bank National
3          Association v. PHL Variable Insurance Company*, Case No. cv-12-
4          3047 (C.D. Cal.); *U.S. Bank National Association v. PHL Variable
5          Insurance Company*, Case No. 12-cv-00877 (D. Minn), and the claims
6          made in *Benjamin v. PHL Variable Ins. Co.*, 2:12-cv-04556-SVW-SH
7          (C.D. Cal.); *PHL Variable Insurance Company v. Bank of Utah*, Case
8          No. 12-cv-01256-ADM-JJK (D. Minn.); *PHL Variable Ins. Co. v. ESF
9          QIF Trust*, Case No. 12-cv-319-UNA (D. Del.); and *Wells Fargo
10         Bank, N.A., as Trustee of the Milton Levy 2006-1 Insurance Trust v.
11         PHL Variable Insurance Company*, No. 3:12-CV-3760 (N.D. Tx.).

12   8.    Communications between PHL (including its agents or attorneys) and
13         third parties (including their agents or attorneys) regarding the policies
14         at issue in *U.S. Bank National Association v. PHL Variable Insurance
15         Company*, Case No. cv-12-3047 (C.D. Cal.); *U.S. Bank National
16         Association v. PHL Variable Insurance Company*, Case No. 12-cv-
17         00877 (D. Minn), and the claims made in *Benjamin v. PHL Variable
18         Ins. Co.*, 2:12-cv-04556-SVW-SH (C.D. Cal.); *PHL Variable
19         Insurance Company v. Bank of Utah*, Case No. 12-cv-01256-ADM-
20         JJK (D. Minn.); *PHL Variable Ins. Co. v. ESF QIF Trust*, Case No.
21         12-cv-319-UNA (D. Del.); and *Wells Fargo Bank, N.A., as Trustee of
22         the Milton Levy 2006-1 Insurance Trust v. PHL Variable Insurance
23         Company*, No. 3:12-CV-3760 (N.D. Tx.), including but not limited to
24         communications regarding the collateral assignment of the policies, the
25         release of the collateral assignment of the policies, and any
26         investigation regarding the collateral assignment of the policies and the
27         release thereof.

28

PLAINTIFF'S SUPPLEMENTAL INITIAL DISCLOSURES
CV-12-03046 RGK (MRWx)

III.   **DAMAGES**

Plaintiff's damages from PHL's wrongful conduct alleged in the complaint consist of:  (1) the lost benefit to Plaintiff of not having cash at its disposal at an earlier date, or the opportunity cost of those funds; and (2) Plaintiff's attorneys' fees and costs incurred as a result of Defendant's bad faith and unfair trade practices.   The amount for category (1) is $441,447.19, as set forth in the Expert Report of Ethan Cohen-Cole, Ph.D, attached as Exhibit A to Plaintiff's First Supplemental Disclosure of Expert Witnesses.  With respect to category (2), Plaintiff seeks all attorneys' fees and costs expended as a result of Defendant's wrongful conduct, as alleged in the Second Amended Complaint.  Plaintiff has incurred at least $237,739.75 thus far in connection with its claim on the Policies. Accordingly, the total amount of damages is $679,186.94, exclusive of interest, and this amount will increase as the litigation proceeds and fees and costs accrue. Plaintiff also seeks punitive damages.

IV.   **INSURANCE**

Plaintiff is not aware of any applicable insurance policies.


Dated:        January 18, 2013                Orrick, Herrington & Sutcliffe LLP


By: _____
                KHAI LEQUANG
            Attorneys for Plaintiff
        U.S. BANK NATIONAL
    ASSOCIATION, AS SECURITIES
    INTERMEDIARY FOR LIMA
        ACQUISITION LP

# EXHIBIT A-4

Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:   (213) 439-9911
Facsimile:   (213) 439-9922

     *and*

THOMAS F. A. HETHERINGTON
(Texas Bar No. 24007359) (*pro hac vice*)
E-Mail: tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570) (*pro hac vice*)
E-Mail: jarrett.ganer@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:   (713) 337-8850

Attorneys for Defendant/Counterclaimant and
Third-Party Plaintiff PHL VARIABLE INS. CO.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION, LP,<br><br>       Plaintiff,<br><br>       v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>       Defendant.<br><br>AND RELATED CLAIMS | Case No. CV12-03046 RGK (MRWx)<br><br>**DEFENDANT PHL VARIABLE INSURANCE COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF U.S. BANK, N.A.**<br><br>Judge:      Hon. R. Gary Klausner |

TO:   Plaintiff U.S. Bank, N.A., a national association, as securities intermediary for Lima Acquisition, L.P., by and through his attorneys of record:  Khai Lequang and Melanie D. Phillips, ORRICK, HERRINGTON & SUTCLIFFE LLP, 777 South Figueroa St., Ste. 3200, Los Angeles, CA 90017.

Pursuant to Federal Rule of Civil Procedure 34, Defendant PHL Variable Insurance Company ("Phoenix") serves its First Set of Requests for Production to Plaintiff U.S. Bank, N.A., a national association, as securities intermediary for Lima Acquisition L.P. ("U.S. Bank").  As set forth in Rule 34 of the Federal Rules of Civil Procedure, Defendant shall produce for copying and inspection the documents described below at the offices of EDISON, MCDOWELL & HETHERINGTON, LLP, 3200 Southwest Freeway, Suite 2100, Houston, Texas 77027, within thirty (30) days after service of these Requests for Production.

1  DATED:  July 11, 2012              PAYNE & FEARS  LLP

2

3

4                                      By:  _____/s/Jarrett Ganer_____
                                             SCOTT O. LUSKIN
5                                            DANIEL L. RASMUSSEN

6

7                                          *and*

8                                      EDISON, McDOWELL &
9                                      HETHERINGTON LLP

10
                                           Thomas F. A. Hetherington
11                                         (Texas Bar No. 24007359) (*pro hac vice*)
                                           Jarrett E. Ganer
12                                         (Texas Bar No. 24055520) (*pro hac vice*)
                                           Phoenix Tower
13                                         3200 Southwest Freeway, Suite 2100
                                           Houston, Texas 77027
14                                         Telephone:  (713) 337-5580
15                                         Facsimile:  (713) 337-8850
                                           tom.hetherington@emhllp.com
16                                         jarrett.ganer@emhllp.com
17

18

19                                         Attorneys for Defendant/Counterclaimant
                                           and Third-Party Plaintiff PHL
20                                         VARIABLE INSURANCE COMPANY

21

22

23

24

25

26

27

28

Defendant PHL's First Set of Requests for Production to U.S. Bank

1

## <u>CERTIFICATE OF SERVICE</u>

2

3          I hereby certify that a true and correct copy of the foregoing has been
forwarded by email and/or certified mail, return receipt requested, on this, the 11th
4    day of July, 2012 as follows:

5

6          Khai Lequang
Melanie D. Phillips
7    ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Ste. 3200
8    Los Angeles, CA 90017.

9

10                                                    /s/Jarrett Ganer
11                                                    Jarrett Ganer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **DEFINITIONS AND INSTRUCTIONS**

1. "Person" means any natural person, corporation, partnership, unincorporated association, trust, governmental entity or other legal or natural entity.

2. "You" and "Your" refer to the party to whom these discovery requests are directed and shall include any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on the behalf of the party to whom these discovery requests are directed.

3. "Policies" refers to life insurance policy No. 97514670 and policy No. 97514671, both issued by PHL Variable Insurance Company.

4. "U.S. Bank" refers to Plaintiff U.S. Bank, N.A., a national association, acting as securities intermediary for Lima Acquisition, LP.

5. "Lima" refers to Lima Acquisition, LP, for whom U.S. Bank acts as securities intermediary.

6. "J.P. Morgan" refers to J.P. Morgan Chase Bank, N.A.

7. "BoNY" refers to The Bank of New York Trust Company, N.A., which, upon information and belief, may now be doing business as The Bank of New York Mellon Trust Company, N.A.

8. The term "document" or "documents" means all forms of information within the scope of discovery permitted by the Federal Rules of Civil Procedure. The term includes, but is not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic and videotape recordings, e-mail, electronic information, and any other form of data compilation from which the information can be obtained and translated. "Document" or "documents" includes, whenever applicable and without limitation, the originals (absent any original, a copy) of any recordation of any intelligence or information, whether handwritten, typed, printed or otherwise visually or aurally reproduced, letters, correspondence, memoranda, telegrams, notes, reports, compilations, data, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including engineering, assembly, and detail drawings), sketches, photographs, diaries, sales literature, advertising

Defendant PHL's First Set of Requests for Production to U.S. Bank

literature, agreements, minutes of meetings, punch cards, magnetic tape or wire, other machine producible records including films, video tapes and sound reproductions, printout sheets, summaries or records of telephone conversations, personal conversations or interviews, and any and all other writings, typings, printings, drafts, copies and/or mechanical or photographic reproductions or recordations thereof in the possession, custody or control of you or known to you, whether or not prepared by you. "Document" or "documents" also include all copies which are not identical to the originals, such as those bearing marginal comments, alterations, notes or other notations not present on the original document as originally written, typed or otherwise prepared.

9.    The phrases "all documents relating to" and "all other documents relating to" mean and include all documents that in any manner or form relate in any way to the subject matter in question, including, without limitation, all documents that contain, record, reflect, summarize, evaluate, comment upon, or discuss that subject matter or that in any manner state the background of, or were the basis for, or that relate to, record, evaluate, comment upon, or were referred to, relied upon, utilized, generated, transmitted, or received in arriving at conclusion(s), opinion(s), estimate(s), position(s), decision(s), belief(s), or assertion(s) concerning the subject matter in question.

10.    The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

11.    The term "any" includes each, every, and all persons, places, or things to which the term refers.

12.    The terms "and" and "or" are to be construed either conjunctively or disjunctively to bring within the scope of this request any information that might otherwise be considered to be beyond their scope.

13.    The singular form of a word should be interpreted as plural, and the plural form of a word should be interpreted as singular, to bring within the scope of this request any information that might otherwise be considered to be beyond their scope.

14.    The terms "relating to," "regarding," "referring to" or "pertaining to" shall mean directly or indirectly mentioning or describing, or being connected with, or reflecting upon a stated subject matter, document, event or person.

Defendant PHL's First Set of Requests for Production to U.S. Bank

15.  The term "communication" refers to any transmission of information, including electronic transmission, correspondence, telephone calls, or conversations.

16.  These Requests for Production are continuing in nature.  If you uncover information altering the response to any of these Requests for Production during the course of trial or prior to trial, then supplementation of the response is required pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure.

Defendant PHL's First Set of Requests for Production to U.S. Bank

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF U.S. BANK

**REQUEST FOR PRODUCTION NO. 1:**

All documents relating to the Policies' sale or transfer to or from BoNY.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 2:**

All documents relating to the Policies' sale or transfer to or from J.P. Morgan.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 3:**

All documents relating to any collateral assignment asserted against the Policies.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 4:**

All documents relating to any release of any collateral assignment asserted against the Policies.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 5:**

Produce any documents on which U.S. Bank or Lima relied in the acquisition of the Policies, including any market research or due diligence.

**ANSWER:**

1

**REQUEST FOR PRODUCTION NO. 6:**

2

3

Any communications with J.P. Morgan regarding the Policies or any collateral assignment asserted against the Policies.

4

**ANSWER:**

5

6

**REQUEST FOR PRODUCTION NO. 7:**

7

8

Any communications with BoNY regarding the Policies or any collateral assignment asserted against the Policies.

9

**ANSWER:**

10

11

12

**REQUEST FOR PRODUCTION NO. 8:**

13

Any documents reflecting the decision to purchase the Policies by Lima.

14

**ANSWER:**

15

16

**REQUEST FOR PRODUCTION NO. 9:**

17

18

In paragraph 3 of your First Amended Complaint, you allege that Phoenix "has deliberately failed and refused to pay this claim … in retaliation for Plaintiff filing a lawsuit against Phoenix …"  Produce all documents you contend support this allegation.

19

20

**ANSWER:**

21

22

**REQUEST FOR PRODUCTION NO. 10:**

23

In paragraph 4 of your First Amended Complaint, you allege that "Plaintiff has thus been forced to file two other lawsuits in addition to this one seeking payment under other policies whose death benefits Phoenix has failed to pay."  Produce documents sufficient to identify those lawsuits.

24

25

26

**ANSWER:**

27

28

**REQUEST FOR PRODUCTION NO. 11:**

In paragraph 5 of your First Amended Complaint, you allege that Phoenix has forced Plaintiff "to incur the substantial expense and delay of litigation in order to obtain the benefits of the Policies…"  Produce documents sufficient to substantiate and calculate this expense.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 12:**

Produce any documents or exhibits on which you intend to rely at trial.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 13:**

Produce any documents related to any rights, including collateral assignments, which may be held by any other third party.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 14:**

Produce any documents you intend to use as exhibits at the deposition of J.P. Morgan or of any J.P. Morgan representative.

**ANSWER:**


**REQUEST FOR PRODUCTION NO. 15:**

Produce any documents you intend to use as exhibits at the deposition of BoNY or of any BoNY representative.

**ANSWER:**

1  Daniel L. Rasmussen, Bar No. 120276
   dlr@paynefears.com
2  Scott O. Luskin, Bar No. 238082
   sol@paynefears.com
3  PAYNE & FEARS LLP
   Attorneys at Law
4  801 S. Figueroa Street, Suite 1150
   Los Angeles, California 90017
5  Telephone:   (213) 439-9911
   Facsimile:   (213) 439-9922
6

7  THOMAS F.A. HETHERINGTON
   (Texas Bar No. 24007359)*
8  tom.hetherington@emhllp.com
   JARRETT E. GANER
9  (Texas Bar No. 24055570)*
   jarrett.ganer@emhllp.com
10 SHANNON A. LANG (SBN 257470)
   shannon.lang@emhllp.com
11 EDISON, McDOWELL & HETHERINGTON LLP
   3200 Southwest Freeway, Suite 2100
12 Houston, Texas 77027
   Telephone:   (713) 337-5580
13 Facsimile:   (713) 337-8850
   * admitted *pro hac vice*
14

   Attorneys for Defendant
15 PHL VARIABLE INSURANCE COMPANY

16          **UNITED STATES DISTRICT COURT**

17    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

18

19

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION, LP, <br><br>        Plaintiff, <br><br>        v. <br><br> PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation, <br><br>        Defendant. | Case No. CV12-03046-RGK (MRWx) <br><br> **DEFENDANT PHL VARIABLE INSURANCE COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF U.S. BANK, N.A.** <br><br> Judge:       Hon. R. Gary Klausner |

TO:   Plaintiff U.S. Bank, N.A., a national association, as securities intermediary for Lima Acquisition, L.P., by and through its attorneys of record:   Khai LeQuang and Melanie D. Phillips, ORRICK, HERRINGTON & SUTCLIFFE LLP, 777 South Figueroa St., Ste. 3200, Los Angeles, CA 90017.

Pursuant to Federal Rule of Civil Procedure 34, Defendant PHL Variable Insurance Company ("Phoenix") serves its Second Set of Requests for Production of Documents and Things to Plaintiff U.S. Bank, N.A., a national association, as securities intermediary for Lima Acquisition L.P. ("U.S. Bank").   U.S. Bank shall produce and permit the inspection and copying of the requested documents and things within thirty (30) days after services of these Requests.   The requested documents and things shall be produced at the offices of Edison, McDowell & Hetherington, LLP, 3200 Southwest Freeway, Suite 2100, Houston, Texas 77027.

This Second Requests for Production of Documents and Things incorporates by reference all Instructions and Definitions set forth in Phoenix's First Requests for Production and Things, served on July 11, 2012.

DATED:  December 5, 2012          EDISON, McDOWELL & HETHERINGTON LLP


_____

Thomas F.A. Hetherington
Jarrett E. Ganer
Shannon A. Lang (SBN 257470)

PAYNE & FEARS LLP
Scott O. Luskin
Daniel L. Rasmussen

*Attorneys for Defendant*
*PHL Variable Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2012, I caused a true and correct copy of the foregoing to hand delivered to counsel for Plaintiff as follows:

Khai LeQuang
Melanie D. Phillips
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa St., Ste. 3200
Los Angeles, CA 90017.

_____
Shannon Lang

Defendant PHL's Second Set of Requests for Production to U.S. Bank

## DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF U.S. BANK

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents sufficient to identify the policy referenced in Paragraph 7 of Your Second Amended Complaint.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 17:**

Produce all documents and communications referring to, referencing, and/or related to the claim for and receipt of benefits under the policy referenced in Paragraph 7 of Your Second Amended Complaint.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 18:**

Produce all documents and communications referring to, referencing, and/or related to Your contention in Paragraph 15 of Your Second Amended Complaint that:  "By improperly refusing to pay, or delaying the payment of, death benefits claims, Phoenix is able to earn a yield on the death benefits during the period of its refusal and delay. Additionally, by forcing Plaintiff and other policyholders to incur the substantial costs and delays of litigation in order to obtain the benefits of their Policies, Phoenix hopes that some of these claimants will settle their claims for less than the full amount they are entitled to."

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 19:**

Produce all documents and communications referring to, referencing, and/or related to Your contention that in Paragraph 92 of Your Second Amended Complaint that: "Upon information and belief, Phoenix's general business practices have victimized other policyholders who, for any number of reasons, have not yet pursued litigation against Phoenix."

　　　**ANSWER:**


**REQUEST FOR PRODUCTION NO. 20:**

Produce all documents and communications referring to, referencing, and/or related to Your contention that Lima has suffered damages, as alleged in Your prayer for relief to the Second Cause of Action in Your Second Amended Complaint, including but not limited to all documents and communication sufficient to show the amount of damages You claim to have suffered.

　　　**ANSWER:**


**REQUEST FOR PRODUCTION NO. 21:**

Produce all documents and communications referring to, referencing, and/or related to Your contention that Lima has suffered consequential damages and lost profits, as alleged in Your prayer for relief to the Third Cause of Action in Your Second Amended Complaint, including but not limited to all documents and communication sufficient to show the amount of consequential damages and lost profits You claim to have suffered.

　　　**ANSWER:**

**REQUEST FOR PRODUCTION NO. 22:**

Produce all documents and communications referring to, referencing, and/or related to Your claim that You have suffered economic damages from lost "investment opportunities" and the inability "to accrue significant earnings from interest above three percent" as a result of Phoenix's alleged delay in tendering Policy benefits (referenced at page 5 of Your Reply In Support of Your Motion for Clarification or Leave to Amend), including but not limited to all documents referring to, referencing, and/or related to the specific investment opportunity(ies) that You/Lima would otherwise have made if not for the alleged delay, the reasons why You/Lima could not have made the investment(s) due to the alleged delay, the dates on which the investment(s) would have been made and would have been liquidated, and the rate of return on the investment(s).

   **ANSWER:**

**REQUEST FOR PRODUCTION NO. 23:**

Produce all documents and communications referring to, referencing, and/or related to Your/Lima's investment strategy, including but not limited to documents and communications referring to, referencing, and/or related to Your/Lima's process for identifying investment opportunities, the factors considered in making an investment, the decisionmaking process involved in making an investment, and documents and communications sufficient to identify all decisionmakers involved in making investment decisions.

   **ANSWER:**

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents and communications sufficient to identify all investments made by You/Lima between January 19, 2006, and July 31, 2012.

   **ANSWER:**

**REQUEST FOR PRODUCTION NO. 25:**

Produce all documents and communications sufficient to show Your/Lima's cash flow, net and gross income, profit and profit margin, and return on investments from January 19, 2006, to July 31, 2012.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 26:**

Produce all documents and communications referring to, referencing, and/or related to Your/Lima's return on investment and profit margin from investments in life insurance policies purchased since January 19, 2006.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents and communications referring to, referencing, and/or related to the purchase price of Policy No. 97514670 and Policy No. 97514671.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents and communications referring to, referencing, and/or related to any and all financial projections and/or profit projections You/Lima conducted, had conducted, obtained, and/or received for the Policies.

    **ANSWER:**

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents and communications referring to, referencing, and/or related to Your/Lima's methodology for identifying, qualifying, and purchasing assets and/or investments, and selling and/or liquidating assets and/or investments, including but not limited to life insurance policies or interests in trusts owning life insurance policies and any and all short-term investments of six months or less.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all books, records, bank statements, documents and communications referring to, referencing, and/or related to premium payments on the Policies made from date of Your acquisition of any beneficial interest in the Policies to the date of submission of the death claim.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 31:**

Produce all documents and communications referring to, referencing, and/or related to income received to date as a result of receipt of the Policy benefits, including but not limited to any returns on investments made with the Policy proceeds.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 32:**

Produce any and all documents sufficient to identify the fund or entity in which the Policies were held and/or invested by You/Lima prior to submission of the death claim.

**ANSWER:**

Defendant PHL's Second Set of Requests for Production to U.S. Bank

**REQUEST FOR PRODUCTION NO. 27:**

Produce all documents sufficient to establish Your/Lima's organizational structure, including but not limited to documents sufficient to identify any and all parents, subsidiaries, partners, and advisors of Lima Acquisition LP.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 28:**

Produce all documents sufficient to identify the officers, directors, and managers of each entity in Lima's corporate structure.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 29:**

Produce all documents and communications referring to, referencing, and/or related to the relationship between Lima and Fortress Investment Group (UK) Ltd. and Fortress Investment Group LLC, including but not limited to all documents and communications referring to, referencing, and/or related to the "advisory services" referenced in the verification to Your Objections and Responses to Defendant's First Set of Interrogatories and documents sufficient to show on what authority and in what capacity in which Mr. Ola Eriksson verified Your Objections and Responses to Defendant's First Set of Interrogatories.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 30:**

Produce all other documents and communications referred to, referenced, or relied on in responding to Defendant's Second Set of Interrogatories.

**ANSWER:**

# EXHIBIT A-5

# E M H
### Edison, McDowell
### & Hetherington LLP

Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027
www.emhllp.com

Shannon A. Lang
Associate
Ph (713) 337-8865
Fax (713) 333-5881
shannon.lang@emhllp.com

November 20, 2012

*By Electronic Mail and FedEx*
*mphillips@orrick.com*

Melanie D. Phillips
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017-5855

RE:     *U.S. Bank Nat'l Assn. v. PHL Variable Ins. Co.*, No. 2:12-CV-3046 (███████);
Deficiencies in Plaintiff's Responses to Defendant's Discovery Requests

Dear Ms. Phillips,

I write in response to Plaintiff U.S. Bank's Objections and Responses to PHL's First Set of Interrogatories and First Requests for Production and U.S. Bank's subsequent production of documents.

## I.     U.S. Bank's Objections and Responses to PHL's First Set of Interrogatories

### "General" Objections

U.S. Bank objects generally to PHL's Interrogatories "to the extent they are duplicative and constitute an unnecessary waste of time and concern factual allegations uniquely within the possession of other parties, or could be confirmed with less burden through other methods of discovery." U.S. Bank further objects that the Interrogatories "seek information [PHL] already has in its possession, custody, or control, or information that is equally available to Defendants through other means." U.S. Bank does not explain which of PHL's discovery requests are improper on these grounds and the relevance and applicability of these boilerplate objections to PHL's requests is not apparent.

It is well-settled that "such unexplained and unsupported boilerplate objections are improper." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379–80 (C.D. Cal. July 1, 2009) (collecting cases); *United States* ex rel. *O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 649–50 (C.D. Cal. June 18, 2007) (collecting cases); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. Feb. 15, 2006). Further, "courts have unambiguously stated that [the objection that information sought in discovery is equally available to an opponent] is insufficient to resist a discovery request." *Nat'l Academy of Recording Arts & Sci. v. On Point Events, LP*,

# E M H
### Edison, McDowell
### & Hetherington LLP

Melanie D. Phillips
November 20, 2012
Page 2

256 F.R.D. 678, 682 (C.D. Cal. Feb. 25, 2009) (quoting *St. Paul Reinsurance Co., Ltd., CAN v. Comm'l Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000)).  Please explain which of PHL's discovery requests are objectionable on the "general" grounds asserted by U.S. Bank. Additionally, confirm whether U.S. Bank has withheld any information on these bases and, if so, explain why and confirm whether and when U.S. Bank intends to supplement its responses.

Defined Terms

U.S.  Bank asserts that by responding to PHL's Interrogatories, U.S. Bank "does not accept any definitions set forth therein."  The definitions set forth in PHL's Interrogatories are almost entirely identical to those in U.S. Bank's First Set of Interrogatories to PHL.  Please explain which terms U.S. Bank finds objectionable and explain how U.S. Bank has defined those terms in responding to PHL's Interrogatories.

Interrogatory No. 1

U.S. Bank objects to Interrogatory No. 1 on the ground that "the phrase 'participated in answering' is vague and ambiguous."  This is a "fairly mundane" request, *United States v. N. Trust Co.*, 210 F. Supp. 2d 955, 958 (N.D. Ill. 2001), and there should be no question that PHL is entitled to discover "the identity of persons having direct knowledge about the subject matter of the specific discovery request."  *Walker v. THI of N.M. at Hobbs Center*, No. CIV 09-0060 JB/RLP, 2010 WL 4929069, at *8 (D.N.M. Oct. 20, 2010) (quoting *Barnes v. Akal Sec. Inc.*, No. 04-1350-WEB, 2005 WL 3359717, at *2 (D. Kan. Dec. 9, 2005)).  Indeed, this request "simply expands upon and refines the requirement of [Federal Rule of Civil Procedure 26(a)] that a party disclose the names of persons having discoverable information concerning the claims and defenses in the case."  *Barnes*, 2005 WL 4929069, at *2.  Contrary to your additional objection, this information is not protected by the attorney-client privilege or work product doctrine. *Jackson v. Geometrica, Inc.*, No. 3:04-CV-640J20-HTS, 2006 WL 510059, at *3 (M.D. Fla. March 2, 2006).

The meaning of the phrase should be self-evident.  Nonetheless, please explain what U.S. Bank finds confusing about it.  Additionally, please confirm whether any information has been withheld on this basis and, if so, confirm whether and when U.S. Bank intends to supplement its response.

Interrogatory Nos. 2, 3 & 4

U.S. Bank objects to Interrogatory Nos. 2, 3, and 4, which seek communications "regarding the Policies or any collateral assignment asserted against them" as "overbroad," irrelevant, and "unduly burdensome."  As noted above, such boilerplate objections, especially when devoid of explanation as they are here, are plainly improper.  In particular, we are

**E M H**

Edison, McDowell
& Hetherington LLP

Melanie D. Phillips
November 20, 2012
Page 3

perplexed by your claim that PHL's requests for information about U.S. Bank's communications with JP Morgan, BoNY, and other third parties specifically about the Policies or the collateral assignments at issue could possibly be "overbroad" in scope or in any way "irrelevant" to the claims at issue in this suit.

Contrary to the protestations contained in your August 29, 2012, letter to my colleague, Jarrett Ganer, it appears that U.S. Bank is attempting to impermissibly "reshape or rephrase" PHL's discovery requests, stating that it will only produce communications between "Lima Acquisition LP, or any of Lima's servicers, advisors or counsel" and JP Morgan/BoNY/third parties regarding <u>only</u> "any collateral assignment allegedly asserted against the Policies" by JP Morgan or BoNY. Adopting your words, this is "untenable" and "improper."

U.S. Bank is obligated to produce all information and materials permitted under the "broad bounds of relevancy" set forth in the Federal Rules of Civil Procedure. *Chapman v. Cal. Dept. of Educ.*, No. C-01-1780 CRB, 2002 WL 32854376, at *3 (N.D. Cal. Feb. 6, 2002); *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. July 17, 1995). This includes, as requested, all communications with JP Morgan, BoNY, and other third parties regarding the Policies generally <u>and</u> any collateral assignments asserted against them specifically. Any objections to the scope of these requests should be presented to the Court; U.S. Bank may not unilaterally narrow the scope of PHL's requests in an effort to shield responsive information from discovery.

Additionally, U.S. Bank's "response," directing PHL to unidentified documents presumably reflecting the requested information, is no response at all, especially where, as here, you have produced no correspondence nor any documents reflecting electronic or oral communications between U.S. Bank/Lima and JP Morgan, BoNY, or any third party (other than PHL). If there are no such communications, U.S. Bank/Lima is obligated to state so under oath. *See* FED. R. CIV. P. 33(b)(3); *cf. Bryant v. Armstrong*, __F.R.D. __, 2012 WL 2190774, at *5 (S.D. Cal. June 14, 2012). If responsive information exists, it should be provided as requested, to include "the name and contact information for any person with whom you communicated." Further, to the extent there are documents reflecting these communications, U.S. Bank is obligated to produce them.

In light of the foregoing, please confirm whether any information has been withheld on the basis of U.S. Bank's objections and, if so, confirm whether and when U.S. Bank intends to supplement its responses.

<u>Interrogatory Nos. 5 & 6</u>

U.S. Bank objects to Interrogatory Nos. 5 and 6 on the grounds that the phrase "party in interest regarding the Policies" is vague and ambiguous, that the request seeks irrelevant information, and that it was "propounded solely for the purpose of harassment." As with PHL's

**E M H**

Edison, McDowell
& Hetherington LLP

Melanie D. Phillips
November 20, 2012
Page 4

other Interrogatories, no explanation is offered for U.S. Bank's objections. On the basis of these objections, U.S. Bank refuses to respond.

The meaning of the phrase, "party in interest regarding the Policies," especially in the context of this lawsuit, should be readily apparent. Nonetheless, please confirm whether U.S. Bank is unable or unwilling to respond to these Interrogatories because it does not understand the requests. Keep in mind that U.S. Bank "has the burden to show such vagueness or ambiguity" "by demonstrating that 'more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases.'" *Bryant*, 2012 WL 2190774, at *9 (quoting *Swackhammer v. Sprint Corp.*, 225 F.R.D. 658, 662 (D. Kan. Dec. 13, 2004)); *Thomas v. Cate*, 715 F. Supp. 1012, 1030 (E.D. Cal. 2010) (quoting *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 648, 655 (D. Kan. 2007)).

To the extent U.S. Bank refuses to respond on the basis of its belief that such information is outside the bounds of discovery or being sought for an improper purpose, please explain how U.S. Bank came to this conclusion. At issue in this lawsuit are the facts and circumstances surrounding the ownership and transfer of beneficial interests in the Policies. Discovery regarding U.S. Bank's and/or Lima's knowledge and understanding of the chain of title of the Policies and U.S. Bank's and/or Lima's access to information and documents regarding the chain of title are well within the scope of discovery. If U.S. Bank disagrees or believes that the requests are "harassing," it may seek relief in accordance with Rule 26(c); its unilateral "relevance" and "harassment" determinations are improper.

Please advise whether and when U.S. Bank intends to supplement its responses or whether it intends to seek a protective order from the Court.

<u>Interrogatory No. 7</u>

U.S. Bank objects to Interrogatory No. 7 on the ground that it "seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence." Interrogatory No. 7 is a "classic contention interrogatory" long recognized as being "permissible and acceptable" under Federal Rule of Civil Procedure 33. *United States* ex rel. *O'Connell*, 245 F.R.D. at 649. Please explain U.S. Bank's basis for objecting to this request on relevancy grounds, confirm whether any information has been withheld on the basis of this objection and, if so, confirm whether and when U.S. Bank intends to supplement its response.

<u>Verification</u>

Please clarify the relationship between Fortress Investment Group (UK) Ltd., Lima LS plc, and Lima Acquisition LP. In particular, please explain why Ola Eriksson is a proper affiant

E M H

Edison, McDowell
& Hetherington LLP

Melanie D. Phillips
November 20, 2012
Page 5

on behalf of U.S. Bank, N.A., as securities intermediary for Lima Acquisition LP, and confirm that responsive information and documents are not being withheld on the basis that they are within the knowledge, possession, custody, or control of Fortress or Lima LS plc, as opposed to U.S. Bank or Lima Acquisition LP.

**II.    U.S. Bank's Objections and Responses to PHL's First Requests for Production**

Request Nos. 1, 2, 6 & 7

U.S. Bank objects to Request Nos. 1 and 2, seeking "[a]ll documents relating to the Policies' sale or transfer to or from [BoNY and J.P. Morgan, respectively]," and Request Nos. 6 and 7, seeking "communications" with BoNY and J.P. Morgan "regarding the Policies or any collateral assignment asserted against the Policies" as "overbroad" and including "within its scope documents that are not relevant to . . . this action." Given that the primary issue in dispute in this case surrounds the potential ownership of beneficial interests in the Policies by BoNY and J.P. Morgan, these requests are undeniably proper and the materials sought well within the scope of permissible discovery.  Please explain U.S. Bank's concern with these requests, confirm whether any materials have been withheld on the basis of these objections and, if so, confirm whether and when U.S. Bank intends to supplement its responses.

Request Nos. 5 & 8

U.S. Bank objects to Request No. 5, seeking the "documents on which U.S. Bank or Lima relied in the acquisition of the Policies, including any market research or due diligence," and Request No. 8, seeking "documents reflecting the decision to purchase the Policies by Lima" on various identical grounds.  U.S. Bank has refused to produce any materials responsive to the requests.

First, U.S. Bank asserts that the phrase "market research" is "vague and ambiguous in the context of this request."  Although asserted in connection with both requests, I assume this is directed only to Request No. 5.  As noted above, U.S. Bank bears the burden of demonstrating what is vague or ambiguous about the request.  Further, the alleged "vagueness" of this phrase alone is not enough to refuse to respond to the request altogether.  U.S. Bank can, and should, respond to the extent of its understanding.  Please explain what U.S. Bank finds confusing about the phrase and PHL will clarify.

Second, U.S. Bank objects that the requests "seek[] information that is neither relevant to the subject matter of this action nor reasonable calculated to lead to the discovery of admissible evidence."  As explained above, the facts and circumstances regarding U.S. Bank's acquisition of the Policies is relevant to understanding what U.S. Bank and/or Lima knew about the J.P. Morgan collateral assignment and goes to U.S. Bank's claims that it could not access the

# E M H
### Edison, McDowell
### & Hetherington LLP

Melanie D. Phillips
November 20, 2012
Page 6

documents that would verify the release of the J.P. Morgan collateral assignment. Nonetheless, as you have declared in your prior correspondence, "[e]ven if documents are not directly connected to the claims at issue in this lawsuit, they may still be relevant" and U.S. Bank "has a duty to produce all responsive documents."

Third, U.S. Bank objects that the requests seek "trade secrets or other confidential, proprietary, or commercially sensitive information." Given that U.S. Bank, Lima, and PHL are not competitors, trade secret concerns are largely unfounded. *See Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. Jan. 27, 2006). U.S. Bank does not describe the nature of the materials it claims qualify as trade secrets nor offer any evidence that it has—as it is required to do to obtain trade secret protection—"taken reasonable steps to assure the confidentiality of this information and prevent its disclosure to third parties." *Nat'l Academy of Recording Arts & Sci., Inc.*, 256 F.R.D. at 683. In any event, these alleged concerns do not provide an acceptable basis for withholding responsive materials, as there is no "absolute privilege" for trade secrets and other "highly confidential information." *Id.* at 681. Instead, a party resisting discovery on these grounds bears the burden of seeking a protective order. *Id.* at 683.

U.S. Bank and PHL have engaged in extensive communications regarding the terms of a protective order. At no time did U.S. Bank indicate any concern about the protection of trade secrets. To refuse to produce responsive materials on the basis of such concerns now smacks of gamesmanship. Please explain the nature of the materials for which U.S. Bank requires additional protections against disclosure and provide a draft confidentiality agreement for PHL's review. *Id.* at 681–83.

Concerning U.S. Bank's confidentiality concerns, the parties have agreed to be bound by all provisions of their stipulated Protective Order, save one provision regarding persons qualified to access Confidential Information. In light of the parties' agreement, U.S. Bank has no justification for withholding responsive information on the basis of confidentiality. Further, to the extent there are responsive materials that are not properly designated "Confidential" under the parties' Protective Order, they must be produced. Please explain the nature of U.S. Bank's responsive materials and its basis for claiming that they are privileged from disclosure.

Finally, U.S. Bank objects that the requests are "unduly burdensome and propounded solely for the purpose of harassment." As noted above, a boilerplate objection that a discovery request is "burdensome" is insufficient to resist discovery. To the extent U.S. Bank believes this requests are "harassing," it can seek relief from the Court. Its unilateral refusal to produce responsive material is improper.

Please advise whether and when U.S. Bank intends to supplement its responses or whether it intends to seek a protective order from the Court.

**E M H**

Edison, McDowell
& Hetherington LLP

Melanie D. Phillips
November 20, 2012
Page 7

Request Nos. 9 & 10

U.S. Bank agreed to produce documents in response to Request Nos. 9 and 10.  Our review of U.S. Bank's document production uncovers no responsive documents.  Please direct us to the materials you deem responsive to these requests or advise when U.S. Bank will be supplementing its responses.

Request No. 11

U.S. Bank objects to Request No. 11, seeking documents sufficient to "substantiate and calculate" its claim that it has incurred "substantial expense" in order "to obtain the benefits of the Policies" as "premature" and the "subject of expert review, disclosure, and testimony."  It claims that it will produce such documents "at an appropriate time."  These are improper bases for refusing to produce, or delaying production of, responsive materials.

First, there is nothing "premature" about this request.  There is no stay or bifurcation of discovery in this case and "prematurity" is not a recognized basis for otherwise resisting discovery.  *See, e.g., Apple Inc. v. Eastman Kodak Co.*, No. 10-4145 JW, 2011 WL 334669, at **2–3 (N.D. Cal. Feb. 1, 2011); *In re Toys R Us-Del., Inc. Fair & Accurate Credit Transactions Act Litig.*, No. ML 08-1980 MMM, 2010 WL 4942645, at *5 (C.D. Cal. July 29, 2010).  U.S. Bank alleges that it has suffered damages; accordingly, discovery into the nature and amount of such damages is timely and appropriate.  Any responsive materials in U.S. Bank's/Lima's possession must be produced or made available for inspection within 30 days of PHL's request, as provided by Federal Rule of Civil Procedure 34.  Further, Federal Rule of Civil Procedure 26(a)(1)(iii) requires disclosure of documents and evidentiary material sufficient to compute each category of damages that U.S. Bank claims as its injury.  In fact, U.S. Bank admits in its Initial Disclosures that "the amount and basis for the calculation of Plaintiff's other damages will be the subject of discovery."  U.S. Bank is under a continuing obligation to supplement its initial disclosures and its production as additional responsive materials are discovered.

Further, responsive materials are not shielded from discovery simply because they touch on a topic that might be the subject of expert testimony.  Federal Rule of Civil Procedure 26(a)(2)(B) requires disclosure of certain materials provided to a testifying expert, but does not operate as a limitation on the producing party's discovery obligations or constitute a privilege from discovery.  All responsive materials, regardless whether they are provided to an expert, must be produced.

Request No. 11 was propounded in July 2012; four months later, U.S. Bank has not produced a single document substantiating its claimed "expenses."  Please confirm whether any such documents exist and, if so, when U.S. Bank will be supplementing its response.  If no

E M H
Edison, McDowell
& Hetherington LLP

Melanie D. Phillips
November 20, 2012
Page 8

responsive documents exist, please advise whether U.S. Bank will be dismissing its request for
recovery.

**III.     U.S. Bank's Document Production**

On October 5, 2012, U.S. Bank made its first and, to date, only production of documents
in this matter, consisting of 1072 pages.  The production contains little more than policy
summaries and illustrations and multiple copies of the same few documents.  The production
contains no communications regarding the Policies or the collateral assignment at issue, only one
document post-dating the death of the insured, and no materials bearing on U.S. Bank's claimed
"expenses."  Please confirm whether U.S. Bank considers this to be a complete production of all
responsive, discoverable materials subject to PHL's discovery requests and, if not, whether and
when U.S. Bank will be supplementing its production.

I remind you of U.S. Bank's continuing obligation to supplement its discovery responses
in a timely manner as additional or corrective information is identified.  Please confirm that there
is no other information that should be provided in response to PHL's Interrogatories and
Requests for Production and in connection with U.S. Bank's disclosures under Federal Rule of
Civil Procedure 26(a)(1).

We would like to confer with you regarding these deficiencies with U.S. Bank's
discovery responses as soon as possible.  Please let me know when in the next week you are
available to discuss these matters.

Regards,

Edison, McDowell & Hetherington LLP

Shannon A. Lang

cc:    Stephen G. Foresta (by email only)
       Khai LeQuang (by email only)
       Philipp Smaylovsky (by email only)
       Catharine L. Zurbrugg (by email only)

# EXHIBIT A-6



ORRICK, HERRINGTON & SUTCLIFFE LLP
777 SOUTH FIGUEROA STREET
SUITE 3200
LOS ANGELES, CALIFORNIA 90017-5855

tel +1-213-629-2020
fax +1-213-612-2499

WWW.ORRICK.COM

December 31, 2012

Melanie D. Phillips
(213) 612-2471
mphillips@orrick.com

*VIA EMAIL AND U.S. MAIL*

Shannon A. Lang, Esq.
Edison, McDowell & Hetherington LLP
Phoenix Tower
3200 Southwest Freeway
Suite 2100
Houston, Texas 77027

Re:    U.S. Bank National Association, as securities intermediary for Lima Acquisition, LP v. PHL Variable Insurance, Case No. CV 12-03046

Dear Shannon:

I am writing in response to your November 20, 2012 letter regarding Plaintiff U.S. Bank's objections and responses to PHL's First Set of Interrogatories and First Set of Requests for Production.

## I.    U.S. Bank's Objections and Responses to PHL's First Set of Interrogatories

### General Objections

The first page of PHL's meet and confer letter discusses Plaintiff's general objections to PHL's First Set of Interrogatories. General objections are standard practice. Moreover, PHL's protests concerning Plaintiff's general objections are difficult to take seriously when PHL's own responses to Plaintiff's interrogatories and requests for production are prefaced with similar general objections.

### Defined Terms

PHL also questions Plaintiff's objections to PHL's defined terms. Not only are such objections common, they are justified in this case given PHL's vague and overbroad definitions. For example, PHL has defined "YOU" to include U.S. Bank as well as "any and all representatives, employees, agents and all other persons presently or formerly acting or purporting to act on behalf of" U.S. Bank. Plaintiff has responded to PHL's discovery requests by applying reasonable interpretations of PHL's definitions, undertaking a reasonable inquiry,



ORRICK

Shannon A. Lang, Esq.
December 31, 2012
Page 2

and producing the information and documents that are reasonably within its possession, custody and control.

Interrogatory No. 1

Interrogatory No. 1 seeks the identification of all persons who "participated in answering" PHL's First Set of Interrogatories. Plaintiff stands by its objections to the interrogatory as written. As written, it is broad enough to seek all persons who had any involvement in preparing responses to PHL's First Set of Interrogatories and would include such persons as word processors who prepared a shell for the responses, as well as attorneys who assisted in the drafting of objections and responses. Such information is not relevant and is privileged. Plaintiff has thus identified the fact witnesses who provided facts in answering PHL's First Set of Interrogatories.

Interrogatory Nos. 2, 3, & 4

Interrogatory Nos. 2, 3 and 4 seek communications between Plaintiff and J.P. Morgan, Bank of New York, or "any third party," respectively, "regarding the Policies or any collateral assignment asserted against them." Plaintiff is not attempting to "reshape or rephrase" PHL's discovery requests in its responses to Interrogatory Nos. 2, 3, and 4. Rather, Plaintiff's response clarifies what information Plaintiff is providing in response to PHL's facially overbroad interrogatories. Plaintiff has agreed to produce and identify communications between U.S. Bank or Lima Acquisition LP and any of its servicers, advisors, or counsel, and J.P. Morgan or Bank of New York, concerning the collateral assignment allegedly asserted against the Policies by J.P. Morgan or Bank of New York. Plaintiff will not be identifying or producing communications that concern other collateral assignments on the Policies, if any, because any other collateral assignments would be completely outside the "broad bounds of relevancy" standard you rely on. This case concerns PHL's refusal to timely pay the death benefits on the Policies. PHL's justification for its refusal was its purported concern with a lien submitted by J.P. Morgan and released by the Bank of New York as J.P. Morgan's attorney-in-fact. There are no other collateral assignments at issue in this case. Therefore, Plaintiff will not be providing information or communications unrelated to the collateral assignment at issue in this case, unless the information falls within the scope of requests seeking relevant information.

Further, PHL's contention that Plaintiff's response "is no response at all" because Plaintiff stated that it will produce documents in response to the interrogatory is not well taken. PHL itself just referred Plaintiff to general categories of production documents in response to Plaintiff's Interrogatory Nos. 11, 12, which similarly sought information about PHL's



ORRICK

Shannon A. Lang, Esq.
December 31, 2012
Page 3

communications regarding the collateral assignments for the Policies. Moreover, the Federal Rules specifically permit a party to produce documents as a response to an interrogatory where "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. Proc. 33(d). Plaintiff has agreed to produce documents responsive to Interrogatory Nos. 2, 3, and 4, and identifies the following documents as responsive:

**Interrogatory No. 2**: USBANK3046-000017; USBANK3046-001073 – 74; USBANK3046-001075 – 77; USBANK3046-001078 – 80; USBANK3046-001081 – 82; USBANK3046-001083 – 93; USBANK3046-001094; USBANK3046-001095; USBANK3046-001096; USBANK3046-001099; USBANK3046-001100 - 01; USBANK3046-001102 – 03; USBANK3046-001126 – 27; USBANK3046-001128 – 29; USBANK3046-001130 – 32; USBANK3046-001126 – 27; USBANK3046-001136; USBANK3046-001137 – 39; USBANK3046-001140; USBANK3046-001141 – 43; USBANK3046-001158 – 60; USBANK3046-001161 – 63; USBANK3046-001164 – 67; USBANK3046-001168 – 69; USBANK3046-001170; USBANK3046-001171 – 72; USBANK3046-001173 – 74; and USBANK3046-001174 – 76;

**Interrogatory No. 3**: USBANK3046-001094; USBANK3046-001097; USBANK3046-001098; USBANK3046-001102 – 03; USBANK3046-001104; USBANK3046-001133 – 34; and USBANK3046-001135;

**Interrogatory No. 4**: USBANK3046-001152 – 001157 (Correspondence between US Bank and Torrey Pines).

<u>Interrogatory Nos. 5 & 6</u>

Interrogatory No. 5 seeks the details regarding "the process by which Lima came to be a party in interest regarding the Policies." Interrogatory No. 6 seeks a description of "any due diligence or other investigative efforts" done prior to Lima's purchase of the Policies. These interrogatories are vague, ambiguous, facially overbroad, and seek information that is irrelevant to the issues in this case and not reasonably calculated to lead to the discovery of admissible evidence. Contrary to PHL's expansive description of this case being about "the facts and circumstances surrounding the ownership and transfer of the beneficial interest in the Policies," this case revolves around PHL's unjustified failure to timely pay the Policies' death benefits. Further, as PHL is well aware, the transaction through which "Lima came to be a party in interest regarding the Policies" involved the purchase of a large portfolio of more than 900 life insurance policies from KBC. Thus, PHL's request for details about that transaction and "any due



ORRICK

Shannon A. Lang, Esq.
December 31, 2012
Page 4

diligence or other investigative" efforts prior to that purchase calls for extensive and voluminous information that goes well beyond the Policies and issues in this case. Additionally, Plaintiff has produced the policy files for the Policies, which includes the relevant documents that Lima LS plc reviewed in connection with its acquisition of the Policies (as part of the larger acquisition). However, to the extent PHL is asking Plaintiff to produce documents and summarize a complicated transaction and the in-depth due diligence performed with respect to the acquisition of over 900 policies, as well as each of the individual policies, Plaintiff's requests are overbroad, seek information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, seek confidential information, and are unduly burdensome. PHL has not presented any justification for these requests as written.

Interrogatory No. 7

Interrogatory No. 7 seeks to know whether Plaintiff contends that "the J.P. Morgan collateral assignment(s) was or were an 'Acquired Corporate Trust Contract' under the Assignment and Assumption Agreement" and the basis for such contention. PHL's meet and confer letter seeks clarification as to Plaintiff's relevance objection to Interrogatory No. 7. As explained in Plaintiff's response, whether Plaintiff understood that the J.P. Morgan collateral assignment was an "Acquired Corporate Trust Contract" is not the issue in this case. Plaintiff understood that the collateral assignments of the Policies had been released based on the facts that (a) at the time the collateral assignment was released, PHL was provided with copies of the releases, and PHL recorded the Releases of Assignment signed by Bank of New York as "attorney-in-fact" for J.P. Morgan, (b) PHL sent a letter dated August 19, 2010 stating that PHL had recorded the release of the collateral assignment, and (c) PHL removed J.P. Morgan as an assignee of the Policies from its own records. Further, subject to Plaintiff's objections, Plaintiff confirms that it has not withheld any information based on its relevance objection.

Verification

PHL's letter seeks clarification as to the relationship between Fortress Investment Group (UK) Ltd., Lima LS plc, and Lima Acquisition LP, including why Ola Eriksson is the proper affiant for Plaintiff. While meet and confer correspondence is not the proper avenue for pursuing additional discovery about the relationship between Plaintiff and other parties related to this case, Plaintiff confirms that it is not withholding documents or information on the basis that they are within the knowledge, possession, custody, or control of Lima LS plc or Fortress Investment Group (UK) Ltd., as opposed to U.S. Bank or Lima Acquisition LP.



ORRICK

Shannon A. Lang, Esq.
December 31, 2012
Page 5

## II.   U.S. Bank's Objections and Responses to PHL's First Set of Requests for Production

### Request for Production Nos. 1, 2, 6 & 7

Request for Production Nos. 1 and 2 seek all document relating to the Policies' sale or transfer to or from BoNY or J.P. Morgan, respectively. Request for Production Nos. 6 and 7 seek all communications with J.P. Morgan or BoNY, respectively, "regarding the Policies or any collateral assignment asserted against the Policies." As noted in Plaintiff's responses to these Requests for Production, Plaintiff agreed to produce non-privileged documents responsive to these Requests. Plaintiff confirms that it has not withheld any responsive, non-privileged documents on the basis of its objections.

### Request for Production Nos. 5 & 8

Request for Production Nos. 5 and 8 seek information relating to Plaintiff or Lima's acquisition of the Policies, including documents reflecting the decision to purchase the Policies, and due diligence and market research documents. As explained above, these documents and this information simply are not relevant to this case. This case concerns PHL's failure to pay the death benefits under the Policies, purportedly because of concern over the release of one particular collateral assignment. Discovery into the history of the Policies' ownership, including Plaintiff or Lima's decision to purchase the Policies, simply has no bearing on this case and is designed to harass and burden Plaintiff by forcing it to locate and review potentially an enormous number of documents that have no probative value in this action. The Policies were not purchased individually, but as part of a portfolio, and documents PHL seeks would not have any specific or relevant information relating to the Policies. PHL contends that this information is relevant to understanding "what U.S. Bank and/or Lima knew about the J.P. Morgan collateral assignment and goes to U.S. Bank's claims that it could not access the documents that would verify the release of the J.P. Morgan collateral assignment." As explained above, however, Plaintiff has produced the policy files for the Policies, which evidences what Plaintiff knew about the J.P. Morgan collateral assignment, which is that PHL had released it and therefore had no basis for refusing to pay the Policies proceeds upon receipt of the proof of loss. Similarly, whether Plaintiff could access the documents that PHL sought is irrelevant. Plaintiff was under no obligation to provide PHL with any documents other than the proof of death and policy ownership, let alone documents pertaining to a collateral assignment that was released two years prior to the Policies' maturity.

### Requests for Production Nos. 9 and 10



ORRICK

Shannon A. Lang, Esq.
December 31, 2012
Page 6

Request for Production Nos. 9 and 10 seek documents sufficient to identify other lawsuits that Plaintiff has been forced to file against PHL to obtain death benefits where Phoenix has failed to pay them. Plaintiff has already identified those lawsuits in numerous different documents provided to PHL, including but not limited to Plaintiff's Second Amended Complaint and Plaintiff's Amended Notice of Deposition of PHL Variable Insurance Company.

Requests for Production No. 11

Request for Production No. 11 seeks documents illustrating the "substantial expense and delay of litigation" Plaintiff has incurred as a result of Plaintiff's wrongful refusal to timely pay the death benefits due under the Policies. Plaintiff has repeatedly explained that its damage calculation will be the subject of expert discovery. Plaintiff will provide the responsive documents as part of its expert discovery on the issue of damages.

U.S. Bank's Document Production

Plaintiff has now made multiple document productions in this case and its production includes more than 1,100 pages of documents. Plaintiff is continuing its discovery efforts and will produce any additional documents, consistent with its responses to PHL's First Set of Requests for Production, should such documents be uncovered.

Very truly yours,

*Michelle O'Meara* for

Melanie D. Phillips

# EXHIBIT A-7

**E M H**

Edison, McDowell
& Hetherington LLP

| | |
|---|---|
| Phoenix Tower | Shannon A. Lang |
| 3200 Southwest Freeway | Associate |
| Suite 2100 | Ph (713) 337-8865 |
| Houston, Texas 77027 | Fax (713) 333-5881 |
| www.emhllp.com | shannon.lang@emhllp.com |

January 22, 2013

***By Electronic and First Class Mail***

Khai LeQuang
Orrick, Herrington & Sutcliffe LLP
777 South Figueroa Street, Suite 2200
Los Angeles, California 90017

RE:   *U.S. Bank Nat'l Ass'n, as Securities Intermediary v. PHL Variable Ins. Co.*,
No. 2:12-CV-3046:  Claim for Attorney's Fees

Dear Mr. LeQuang,

U.S. Bank's recent production in the above-referenced case included a document prepared by your law firm (enclosed) that purports to list legal fees incurred by U.S. Bank/Lima in connection with the lawsuit.  Please confirm whether U.S. Bank/Lima intends to seek recovery of attorneys' fees and costs in this case.  If so, please immediately forward supporting documentation, including detailed invoices, to substantiate this claim.

Regards,

Edison, McDowell & Hetherington LLP

Shannon A. Lang

Enclosure

cc:   Stephen G. Foresta (email only)
      Philipp Smaylovsky (email only)
      Melanie D. Phillips (email only)
      Catherine L. Zurbrugg (email only)

# EXHIBIT A-8

1

2                    UNITED STATES DISTRICT COURT

3                   CENTRAL DISTRICT OF CALIFORNIA
                           WESTERN DIVISION
4

5
     U.S. BANK NATIONAL              )
6    ASSOCIATION,                    )
                                     )
7                                    )
            PLAINTIFF,               )
8                                    )
            VS.                      )   CASE CV 12-3046-RGK(MRWX)
9                                    )        CV 12-3047-RGK(MRWX)
                                     )   LOS ANGELES, CALIFORNIA
10   PHL VARIABLE INSURANCE          )
     COMPANY,                        )   FEBRUARY 11, 2013
11                                   )
                                     )   (9:30 A.M. TO 10:19 A.M.)
12                                   )
            DEFENDANT.               )
13   _____)

14

15                  TELEPHONIC DISCOVERY CONFERENCE
               BEFORE THE HONORABLE MICHAEL R. WILNER
16                 UNITED STATES MAGISTRATE JUDGE

17

18   APPEARANCES:              SEE NEXT PAGE

19   COURT REPORTER:           RECORDED; COURT SMART

20   COURTROOM DEPUTY:         VERONICA MC KAMIE

21   TRANSCRIBER:              DOROTHY BABYKIN
                               COURTHOUSE SERVICES
22                             1218 VALEBROOK PLACE
                               GLENDORA, CALIFORNIA  91740
23                             (626) 963-0566

24
     PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING;
25   TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

2

```
 1    APPEARANCES:  (CONTINUED)
      FOR THE PLAINTIFF:        ORRICK HERRINGTON & SUTCLIFFE LLP
 2                              BY:  KAHI LE QUANG
                                     ATTORNEY AT LAW
 3                              777 SOUTH FIGUEROA STREET
                                SUITE 2200
 4                              LOS ANGELES, CALIFORNIA  90017

 5    FOR THE DEFENDANT:        EDISON MC DOWELL & HETHERINGTON LLP
                                BY:  SCOTT O. LUSKIN
 6                                   SHANNON A. LANG
                                     ATTORNEYS AT LAW
 7                              3200 SOUTHWEST FREEWAY
                                SUITE 2920
 8                              HOUSTON, TEXAS  77027

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

13

1   THAT YOU FOLKS HAVE GONE TO JUDGE KLAUSNER SEVERAL TIMES

2   REQUESTING THAT THE CASES BE CONSOLIDATED.  AND HE'S HIT IT

3   WITH THE "DENIED" STAMP AND SAID NO.

4           AND, YOU KNOW, I LET YOU GO FOR A FEW MINUTES HERE,

5   BUT I HAVEN'T HEARD ANYTHING ABOUT WHAT YOU'RE GOING TO DO

6   ABOUT JUDGE KLAUSNER'S VERY CLEAR ORDER ABOUT TIMING OF

7   DISCOVERY IN THE 46 CASE.

8           IT MAY BE A DIFFERENT ISSUE IN THE 47 CASE BECAUSE IT

9   WAS LATER FILED AND YOU GOT DIFFERENT DATES THERE, BUT I STILL

10  HAVEN'T HAD A DIRECT ANSWER TO MY QUESTION.

11          WHY ARE YOU TIMELY UNDER JUDGE KLAUSNER'S ORDERS ON

12  THE 46 CASE?

13          MR. LE QUANG:  SURE.  YOUR HONOR, AND I APOLOGIZE.  I

14  WAS HOPING THAT THAT BACKGROUND WOULD LEAD INTO THIS

15  EXPLANATION, WHICH IS, THAT THE DISCOVERY IN THE 3046 ACTION IS

16  LARGELY THE SAME AS THE 3047 ACTION.  AND WE WOULD HOPE THAT

17  WHATEVER DISCOVERY IS UNCOVERED BETWEEN THE PARTIES IN BOTH

18  ACTIONS WOULD BE USED IN BOTH ACTIONS.  BECAUSE TO PROVE OUR

19  3046 CLAIMS, WE WOULD BE CITING PHOENIX'S CONDUCT IN EVERY

20  OTHER INSTANCE IN WHICH THEY'VE DELAYED OR REFUSED TO PAY THE

21  CLAIMS ON OTHER POLICIES.  AND, THUS, AS YOU'VE PROBABLY SEEN,

22  THE MOTIONS ARE VERY SIMILAR AND SEEK THE SAME INFORMATION.

23          AND, SO, ALTHOUGH FILED AFTER THE TIMELINE -- THE

24  FACT DISCOVERY CUTOFF, THEY WERE FILED VERY SHORTLY AFTER

25  PHOENIX'S RESPONSES TO THE DISCOVERY IN THE 3046 ACTION AND

14

1  COINCIDE, I BELIEVE, ALMOST ENTIRELY, IF NOT ENTIRELY, WITH THE

2  DISCOVERY THAT WE SEEK IN THE 3047 ACTION.

3       AND ALTHOUGH JUDGE KLAUSNER REFUSED OR DECLINED OR

4  DENIED OUR ATTEMPTS TO CONSOLIDATE THE CASES, WE DO BELIEVE

5  THAT WE'RE TRYING TO MEET WHAT HE WOULD LIKE TO SEE, WHICH IS

6  NOT DELAY THIS CASE OR THESE CASES, MEET THE TRIAL DEADLINE,

7  AND NOT REALLY AFFECT HIS SCHEDULE IN ANY WAY.

8       AND WE THINK WE CAN DO THAT BY SIMPLY PURSUING THE

9  DISCOVERY IN TANDEM OF THESE TWO CASES BECAUSE THEY ARE, BY AND

10  LARGE, THE SAME.  AND IF WE'RE ABLE JUST TO OBTAIN THAT

11  DISCOVERY IN EITHER 3046 OR 3047, WHICH, OBVIOUSLY, THERE'S NO

12  TIME ISSUE IN 3047, AND HAVE THAT ACCOMPLISHED WITH AN

13  UNDERSTANDING THAT WHAT IS PRODUCED IN 3047 CAN BE USED IN

14  3046, WE'RE NOT GOING TO HAVE AN ISSUE WITH JUDGE KLAUSNER'S

15  TIMELINE.  AND WE DON'T WANT TO, YOU KNOW, GO TO HIM AND ASK

16  FOR IT BECAUSE WE THINK WE CAN MEET THIS TIMELINE AND ABIDE BY

17  THE SCHEDULE I THINK HE WOULD LIKE US TO.

18       BUT WE JUST WANT TO MAKE SURE THAT WE'RE GETTING ALL

19  THE DISCOVERY OR ACCESS TO THE DISCOVERY THAT WE LITERALLY

20  WOULD HAVE IN THE 3047 ACTION IN OUR HANDS BUT BY VIRTUE OF A

21  SIMPLE TECHNICALITY OF THE SCHEDULING ORDER, WE WOULD HOPE, YOU

22  KNOW, WOULD NOT PREVENT US FROM BEING ABLE TO USE AT TRIAL IN

23  THE 3046 ACTION.

24       THE COURT:  WELL, I'M PRETTY SURE THAT -- I'M NOT

25  GOING TO SPEAK FOR JUDGE KLAUSNER, BUT CALLING HIS SCHEDULING

24

1  FACT IS ALL A STAY IN 3047 IS DESIGNED TO DO IS PREVENT US FROM

2  TAKING RELEVANT DISCOVERY.

3           AND AS I ALLUDED TO EARLIER, YES, THIS DISCOVERY

4  WOULD BE RELEVANT TO 3046.  SO, THE MOTION TO STAY WOULD BE

5  NOTHING OTHER THAN AN ATTEMPT TO COMPRESS THE SCHEDULING ORDER

6  THAT WAS ENTERED BY JUDGE KLAUSNER IN THE EARLY CASE OR THE

7  3047 CASE INTO THE 3046 CASE.

8           THIS LIKELY WILL NOT BE HEARD UNTIL AFTER THIS

9  DISCOVERY MOTION WILL BE HEARD.

10          AND GOING BACK TO WHAT WE HAD MENTIONED BEFORE, YOUR

11 HONOR'S ABSOLUTELY CORRECT.  WE'RE NOT TRYING TO DO ANYTHING

12 OTHER THAN USE DOCUMENTS OR INFORMATION THAT WOULD BE RELEVANT

13 IN 3046, WHEREVER IT WAS OBTAINED.  THE ONLY REASON OR OCCASION

14 FOR FILING A MOTION IN 3046 WAS BECAUSE PHOENIX HAS TAKEN THE

15 POSITION THAT THE PROTECTIVE ORDERS IN OTHER CASES WILL PREVENT

16 US FROM USING THESE DOCUMENTS IN 3046 EVEN THOUGH IT'S BEING

17 USED BY -- OR EVEN THOUGH THOSE DOCUMENTS WERE PRODUCED BY

18 PHOENIX TO US UNDER, YOU KNOW, PROTECTIVE ORDERS IN OTHER

19 CASES.

20          SO, THERE'S THIS TECHNICALITY THAT I THINK THEY'RE

21 TRYING TO STAND BEHIND TO PREVENT US FROM USING DOCUMENTS IN

22 3047 IN 3046.

23          AND, PERHAPS, IF WE DON'T HAVE AN AGREEMENT ON THIS,

24 WHICH WE KINDLY REQUESTED FROM THEM, WHICH IS JUST AN AGREEMENT

25 THAT ANY DOCUMENTS PRODUCED BETWEEN THE PARTIES IN THE VARIOUS