Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:   (213) 439-9911
Facsimile:    (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
ERIN E. BENNETT
(Texas Bar No. 24082681)*
erin.bennett@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:    (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046 - RGK (MRWx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE DEPOSITION TESTIMONY**<br><br>**[MOTION *IN LIMINE* NO. 13]**<br><br>Hearing Date:   April 2, 2013<br>Time:               9:00 a.m.<br>Location:         Courtroom 850<br>Judge:             R. Gary Klausner<br>Pre-Trial Conf.: March 18, 2013<br>Trial Date:       April 2, 2013 |

DEFENDANT PHL VARIABLE INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS THIRTEENTH MOTION *IN LIMINE*

## I. PRELIMINARY STATEMENT

Plaintiff U.S. Bank National Association, N.A., ("U.S. Bank"), as securities intermediary for Lima Acquisitions, LP alleges that Defendant PHL Variable Insurance Company ("PHL") has breached the Implied Covenant of Good Faith and Fair Dealing ("bad faith") and that PHL's alleged delay in payment is part of an ongoing pattern of misconduct that allegedly violates provisions of the Connecticut Unfair Trade Practices Act ("CUTPA"). PHL submits this motion *in limine* to exclude deposition testimony and evidence of all non-party witnesses, including but not limited to depositions taken in other cases.

## II. FACTUAL SUMMARY

As has been described in further detail in other briefing, *see, e.g.*, PHL's Motion for Summary Judgment (Dkt. # 116), PHL issued Policy No. 97514670 and Policy No. 97514671 in 2006, each with a face value of $10,000,000, to The Jane Doe Life Insurance Trust #2006 on the life of Jane Doe. *See* SSUF ¶ 21.[1] Shortly thereafter, PHL recorded collateral assignments for both policies in favor of J.P. Morgan Chase Bank, N.A. ("JPMC"). *See* SSUF ¶ 24. In August 2010, PHL recorded a change of ownership and change of beneficiary for both policies in favor of U.S. Bank. *See* SSUF ¶ 25. Subsequently, PHL recorded a purported release of the JPMC collateral assignment. *See* SSUF ¶ 26. Following Jane Doe's death in 2012, U.S. Bank submitted a death claim for the proceeds of the policies. *See* SSUF ¶ 32. PHL requested properly notarized claims forms, which U.S. Bank submitted on or around March 8, 2012. *See* SSUF ¶ 37. During the claims handling process, PHL determined that it had insufficient documentation to verify that the releases of collateral assignments on the policies had been

---

[1] Reference to the Statement of Facts and Supporting evidence submitted with PHL's MSJ is made to provide factual background.

-1-

extinguished, exposing PHL to multiple claims for policy proceeds. *See* SSUF ¶¶ 31, 33–34. While PHL was processing the Doe claims, U.S. Bank filed suit. Despite the litigation, PHL continued to process the claims, which were paid in full, with interest, immediately after PHL received confirmation that U.S. Bank was the proper and only beneficiary under the Doe policies.

In addition to its allegations about the handling of the claim at issue here, U.S. Bank contends that the alleged delayed payment of the Doe claims is part of a larger pattern of alleged misconduct that violates CUTPA. *See* Second Amended Complaint ("SAC"), ¶ 16. U.S. Bank relies on allegations contained in other lawsuits involving PHL, most of which have been brought by Plaintiff or by other clients of Plaintiff's counsel, Orrick, Herrington & Sutcliffe LLP. SAC ¶¶ 50–94. Out of the 6 claims submitted by U.S. Bank since May 2012, PHL has paid 5 of them, with interest, at a rate 100 times higher than what Lima earns from its own savings account, for a total of $38,655,797.61. SSUF ¶¶ 13, 49–50. PHL has "resisted" only one of U.S. Bank's claims, identified as the "Doe III Policy" in U.S. Bank's SAC. *See* SAC ¶¶ 50–70. That policy is subject to separate litigation pending between U.S. Bank and PHL in the United States District Court for the District of Minnesota. *See U.S. Bank v. PHL Variable Insurance Company*, No. 0:12-cv-00877-JRT-TNL (D. Minn.). None of the pending litigations have resulted in any finding of wrongdoing against PHL.

### III. LEGAL ARGUMENTS AND AUTHORITIES

PHL seeks an order exclude deposition testimony and evidence of all non-party witnesses, including but not limited to depositions taken in other cases. The Court should instruct U.S. Bank, its counsel, and witnesses, to refrain from doing or saying, directly or indirectly, anything in the presence of the jury or jury panel that would in any way advise, suggest, or imply any of the following matters, or from doing any of the following acts without first approaching the bench, out of

-2-

the presence of the jury or jury panel, and obtaining approval from the Court.

It is anticipated that U.S. Bank may submit evidence of and concerning deposition testimony and evidence of non-party witnesses, including but not limited to depositions taken in other cases. Reference to depositions and testimony taken in other cases should be excluded; its probative value is limited because of it does not support any of the elements in the cause of action pending in this case, and therefore its probative value is substantially outweighed by its unfairly prejudicial nature such that the jury may rely on improper bases in determining the outcome of U.S. Bank's CUTPA or bad faith claims. FED. R. EVID. 401–403.  Moreover, evidence of this kind serves only to confuse the issues and mislead the jury.  Deposisiton testimony taken in connection with other cases has no bearing on the claims before this Court and is irrelevant. Additionaly, testimony given in depositions not in connection with this case are inadmissible hearsay, as they are statements the declarant does not make while testifying at the current trial or hearing and would be offered for the truth of the matter asserted. FED. R. EVID. 801.

## IV.   **CONCLUSION**

For the foregoing reasons, PHL requests that the Court grant this motion and enter an order *in limine* prohibiting the use of deposition testimony and evidence of all non-party witnesses, including but not limited to depositions taken in other cases.

-3-

| | |
|---|---|
| DATED: February 15, 2013 | EDISON, MCDOWELL & HETHERINGTON LLP |

_____
Thomas F.A. Hetherington
Jarrett E. Ganer
Shannon A. Lang
Erin E. Bennett

PAYNE & FEARS LLP
Daniel L. Rasmussen
Scott O. Luskin

*Attorneys for Defendant PHL Variable Insurance Company*