Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:  (213) 439-9911
Facsimile:   (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
DAVID T. McDOWELL
(Texas Bar No. 00791222)*
david.mcdowell@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
ERIN E. BENNETT
(Texas Bar No. 24082681)*
erin.bennett@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:  (713) 337-5580
Facsimile:   (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046-RGK (MRWx)<br><br>**DEFENDANT'S DISPUTED JURY INSTRUCTIONS**<br><br>Judge:          Hon. R. Gary Klausner<br><br>Pretrial Conf.: March 18, 2013<br>Time:           9:30 a.m.<br>Courtroom:    850<br><br>Trial:           April 2, 2013 |

1       Pursuant to the Order for Jury Trial (Dkt. # 52), Defendant PHL Variable

2  Insurance Company ("PHL") hereby submits its Disputed Jury Instructions,

3  Plaintiff's objections, and PHL's replies.

4

5  DATED:  March 15, 2013          EDISON, MCDOWELL & HETHERINGTON LLP

6

7                             /s/ *Shannon A. Lang*

8                             Thomas F. A. Hetherington
                              David T. McDowell

9                             Jarrett E. Ganer
                              Shannon A. Lang

10                            Erin E. Bennett

11                            PAYNE & FEARS LLP

12                            Daniel L. Rasmussen
                              Scott O. Luskin

13

14                            *Attorneys for Defendant PHL Variable*
                              *Insurance Company*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Disputed Jury Instructions

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 1
### Instructions on the Trial Process
### Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff is U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("U.S. Bank").  U.S. Bank is suing PHL Variable Insurance Company, a life insurance company.  U.S. Bank alleges that PHL made up an excuse to delay payment of $20,000,000 in life insurance policy proceeds on two life insurance policies owned by U.S. Bank.  U.S. Bank claims that it had to hire an attorney and pay attorneys' fees in order to obtain payment of the policy proceeds.

U.S. Bank bears the burden of proving these claims by a preponderance of the evidence.

PHL denies these claims.


**Authority:**  Ninth Circuit Manual of Model Jury Instructions—Civil, 1.2

- 1 -

Defendant's Disputed Jury Instructions

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 1
**Instructions on the Trial Process**
**Claims and Defenses**

Plaintiff objects to the proposed jury instruction as argumentative and unnecessary in light of Plaintiff's Proposed Instruction No. 4.  Plaintiff further objects that this proposed instruction is prejudicial and will unnecessarily influence the jury.

**PHL'S REPLY IN SUPPORT OF ITS**
**<u>PROPOSED JURY INSTRUCTION NO. 1</u>**

PHL's proposed instruction fairly introduces the parties and the narrow issues in dispute.  Especially in contrast to Plaintiff's Proposed Jury Instruction No. 4, PHL's instruction is balanced and does not portray either party in an unfair or unflattering light.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 2
## Collateral Assignments—Definition

A life insurance policy may be pledged as collateral security for a debt.  In other words, in the life insurance context, the proceeds of a life insurance policy may be used as collateral for a loan.  The lender may record a lien on the life insurance policy, known as a "collateral assignment" of the policy.  When the proceeds of the policy become payable, any party with a collateral assignment on the policy may be entitled to payment of the policy proceeds.

**Authority:**  *BNY Midwest Trust Co. v. Nat'l Union Fire Ins. Co.*, 213 F. App'x 563, 567 (9th Cir. 2006) (citing 44 Am. Jur. 2d Insurance § 790); 44 Am. Jur. 2d Insurance §§ 807, 810.

1
2
3

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 2
### Collateral Assignments—Definition

4      Plaintiff objects to the proposed jury instruction as an inaccurate definition of

5   a collateral assignment.  In particular, the last sentence fails to distinguish between

6   collateral assignments that have been released and collateral assignments that are

7   still in effect.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANT'S REPLY IN SUPPORT OF ITS**
**PROPOSED JURY INSTRUCTION No. 2**

PHL's proposed instruction fairly defines collateral assignments in a manner that renders the instruction helpful to the jury (especially in contrast to Plaintiff's Proposed Jury Instruction No. 25).

Nonetheless, Plaintiff's objection is easily answered.  PHL will revise the final sentence of the proposed instruction to state:

When the proceeds of the policy become payable, any party with a collateral assignment still in effect may be entitled to payment of the policy proceeds.

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 7**
**Breach of the Implied Obligation of Good Faith and Fair Dealing—**
**Failure or Delay in Payment (First Party)—Essential Factual Elements**

U.S. Bank claims that PHL breached the obligation of good faith and fair dealing by delaying payment of benefits due under the insurance policy.   To establish this claim, U.S. Bank must prove all of the following:

1.      That U.S. Bank suffered a loss covered under an insurance policy with PHL;

2.      That PHL was notified of the loss;

3.      That PHL, unreasonably or without proper cause, delayed payment of policy benefits;

4.      That U.S. Bank was harmed; and

5.      That PHL's delay in payment of policy benefits was a substantial factor in causing U.S. Bank's harm.


**Authority:**  CACI Instruction No. 2331 (and decisions cited therein).

1
2
3
4

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 7
**Breach of the Implied Obligation of Good Faith and Fair Dealing—Failure or Delay in Payment (First Party)—Essential Factual Elements**

5
6
7
8
9

Plaintiff objects to the proposed jury instruction as unnecessary in light of Plaintiff's Proposed Jury Instruction No. 26.   Plaintiff further objects that this instruction mischaracterizes Plaintiff's claim as PHL did not merely delay payment of the Policies' proceeds; it attempted to withhold them entirely until Plaintiff filed this action.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PHL'S REPLY IN SUPPORT OF ITS
## PROPOSED JURY INSTRUCTION No. 7

PHL's proposed instruction fairly characterizes this dispute.  Throughout this litigation, and even in its recitation of the facts in its Proposed Jury Instruction No. 4, Plaintiff has maintained that its complaints involve PHL's alleged delay of payment of death benefits under the Jane Doe policies—not with an alleged "withholding" of death benefits.  *See* 2d Am. Compl., ¶ 1 ("Plaintiff brings this action . . . based on [PHL's] failure and refusal to timely pay . . . death benefits . . . ."); ¶ 3 ("[PHL] fail[ed] and refus[ed] to timley pay the death benefits . . . ."); ¶ 8 ("[PHL] lacked any legitimate reason for delaying or denying payment of Plaintiff's claims . . . ."), ¶ 32 ("[PHL's] sudden concern with these prior liens was clearly a pretext to delay paying the $20 million in death benefits . . . ."), ¶ 103 ("[PHL] breached the implied covenant of good faith and fair dealing by . . . delaying the payment of the death benefits . . . .").  PHL's proposed instruction fairly reflects the nature of this dispute and addresses the problems with Plaintiff's Proposed Instruction No. 26.

Defendant's Disputed Jury Instructions

1
2

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 8
### Breach of the Implied Obligation of Good Faith and Fair Dealing—Intent

3
4
5
6
7
8
9

In order to prove that PHL unreasonably or without proper cause delayed payment of policy benefits, U.S. Bank must prove by a preponderance of the evidence that PHL refused to discharge its contractual duties not because of an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act with the intent and motive to frustrate U.S. Bank's rights under the insurance policies.  Sloppy or negligent claims handling does not rise to the level of bad faith.

10
11
12
13

In determining whether PHL acted unreasonably or without proper cause, you should consider only the information that PHL knew or reasonably should have known at the time when it delayed payment of policy benefits.

14
15
16
17
18

**Authority:**  CACI Instruction No. 2330 (and decisions cited therein); *Century Sur. Co. v. Polisso*, 139 Cal. App. 4th 922, 949 (2006); *Chateau Chamberay Homeowner's Ass'n. v. Associated Int'l Ins. Co.*, 90 Cal. App. 4th 335, 351 (2001); *Rogoff v.Grabowski*, 200 Cal. App. 3d 624, 629–30 (1988).

19
20
21
22
23
24
25
26
27
28

1
2
3

# PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 8
## Breach of the Implied Obligation of Good Faith and Fair Dealing—Intent

4   Plaintiff objects to the proposed jury instruction as unnecessary in light of

5   Plaintiff's Proposed Jury Instruction No. 27.  Plaintiff furthers objects that the

6   instruction deviates significantly from the instruction set forth in CACI Instruction

7   No. 2330. Among other things, the instruction fails to state that "it is not necessary

8   for the insurer to intend to deprive the insured of the benefits of the policy."

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PHL'S REPLY IN SUPPORT OF ITS**
**PROPOSED JURY INSTRUCTION No. 8**

PHL's proposed instruction fairly reflects the law and is an important instruction to guide the jury's consideration.  Plaintiff seeks to introduce evidence of PHL's alleged motive for harming Plaintiff.  PHL's instruction is necessary to ensure that the jury has adequate guidance to evaluate Plaintiff's claims.

Plaintiff's objection can be easily addressed via a proposed revision to the instruction:

In order to prove that PHL unreasonably or without proper cause delayed payment of policy benefits, U.S. Bank must prove by a preponderance of the evidence that PHL refused to discharge its contractual duties not because of an honest mistake, bad judgment, or negligence, but rather by a conscious and deliberate act with the intent and motive to frustrate U.S. Bank's rights under the insurance policies.  It is not necessary for the insurer to intend to deprive the insured of the benefits of the policy.  Sloppy or negligent claims handling does not rise to the level of bad faith.

In determining whether PHL acted unreasonably or without proper cause, you should consider only the information that PHL knew or reasonably should have known at the time when it delayed payment of policy benefits.

1
2

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 9
### Damages for Bad Faith

3

4

5

If you decide that U.S. Bank has proved its claim against PHL, you also must decide how much money will reasonably compensate U.S. Bank for the harm. This compensation is called "damages."

6

7

The amount of damages must include an award for all harm that was caused by PHL, even if the particular harm could not have been anticipated.

8

9

10

11

U.S. Bank must prove the amount of its damages. However, U.S. Bank does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. You must not speculate or guess in awarding damages.

12

The following are the specific items of damages claimed by U.S. Bank:

13

1.  The cost of attorney fees to recover the insurance policy benefits.

14

15

16

17

18

To recover attorney fees, U.S. Bank must prove that because of PHL's breach of the obligation of good faith and fair dealing it was reasonably necessary for U.S. Bank to hire an attorney to recover the policy benefits.  U.S. Bank may recover attorney fees it reasonably incurred to obtain policy benefits but not attorney fees it unreasonably incurred or that it incurred for other purposes.

19

20

**Authority:**  CACI Instruction No. 2350 (and decisions cited therein).

21

22

23

24

25

26

27

28

1
2
3

### PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 9
**Damages for Bad Faith**

4
5
6
7
8

      Plaintiff objects to the proposed jury instruction as unnecessary in light of Plaintiff's Proposed Jury Instruction No. 37.   Plaintiff further objects that the damages it suffered as a result of PHL's withholding of the Policies' benefits did not begin accruing when PHL believes the claims became payable, but instead when the claims were submitted to PHL.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's Disputed Jury Instructions

**PHL'S REPLY IN FURTHER SUPPORT OF ITS
PROPOSED JURY INSTRUCTION No. 9**

PHL's proposed instruction correctly instructs the jury on the law and appropriately guides the jury in its decisionmaking.  Plaintiff's Proposed Jury Instruction No. 37 is no longer relevant in light of the Court's Order on PHL's Motion for Summary Judgment.  In addition, the California Model Jury Instruction, relied on here, more accurately describes the law and instructs the jury on the measure of damages for breach of the implied covenant of good faith and fair dealing.  Contrary to Plaintiff's objection, Plaintiff is only entitled to recover damages (here, attorneys' fees) necessarily and reasonably incurred to recover policy proceeds. That determination presents a fact question for the jury.  Plaintiff's damages, if any, did not necessarily begin accruing "when the claims were submitted to PHL," as reflected in PHL's proposed instruction.

1
2

## <u>DEFENDANT'S PROPOSED JURY INSTRUCTION No. 10</u>
### Damages—Mitigation

3
4

The plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

5
6

The defendant has the burden of proving by a preponderance of the evidence:

7

1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

8
9

2.     the amount by which damages would have been mitigated.

10
11

**Authority:**  Ninth Circuit Manual of Model Jury Instructions—Civil, 5.3

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's Disputed Jury Instructions

1
2
3

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 10
### Damages—Mitigation

4   Plaintiff objects to the proposed jury instruction because California law, not

5   federal law, applies to PHL's mitigation affirmative defense.   *See* Order Re:

6   Defendant's Motion for Summary Judgment at 3.   [Docket No. 247]   In addition,

7   this instruction is unnecessary in light of Plaintiff's Proposed Jury Instruction No.

8   41.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PHL'S REPLY IN FURTHER SUPPORT OF ITS
## PROPOSED JURY INSTRUCTION No. 10

PHL's proposed instruction clearly, and in plain language, instructs the jury on mitigation and provides it guidance in applying the facts to the law.  In contrast, Plaintiff's Proposed Jury Instruction No. 41 is vague and confusing.   Plaintiff objects that PHL's proposed instruction does not reflect California law, but does not indicate how the instruction is inconsistent with California law.  In fact, it is not, rendering Plaintiff's objection immaterial.

1
2

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 21
### Affirmative Defense—Estoppel

3
4
5
6
7
8

PHL has asserted a defense of estoppel.  The doctrine of estoppel is founded on concepts of equity and fair dealing, which seeks to restore a balance of rights and responsibilities in a situation that has become unbalanced due to one party's unfair conduct.  It provides that U.S. Bank may not deny the existence of a state of facts if it intentionally led PHL to believe a particular circumstance to be true and to rely on such belief to PHL's detriment.  PHL must prove that:

9
10        1.    U.S. Bank knew of the facts at issue;

11        2.    U.S. Bank intended its conduct to be acted on;

12        3.    PHL was ignorant of the true state of facts; and

13        4.    PHL relied on the conduct to its injury.

14
15
16

**Authority:**  *Strong v. County of Santa Cruz*, 15 Cal. 3d 720, 725 (Cal. 1975); *City of Hollister v. Monterey Ins. Co.*, 165 Cal. App. 4th 455, 500 (2008); *Spray, Gould & Bowers v. Associated Int'l Ins. Co.*, 71 Cal. App. 4th 1260, 1268 (1999).

17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 21
### Affirmative Defense—Estoppel

To the extent PHL contends that Connecticut law applies to Plaintiff's bad faith claim or that California law applies to Plaintiff's CUTPA claim, Plaintiff objects. Plaintiff objects to the proposed jury instruction as confusing, misleading, and unnecessary in light of Plaintiff's Proposed Jury Instruction No. 40.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PHL'S REPLY IN FURTHER SUPPORT OF ITS
PROPOSED JURY INSTRUCTION No. 21**

PHL's proposed instruction clearly, and in plain language, instructs the jury on each element of the defense of estoppel and is consistent with California law.  In contrast, Plaintiff's Proposed Jury Instruction No. 40 is vague and fails to provide any guidance to the jury.  Plaintiff's objection that PHL's proposed instruction is "confusing" and "misleading" is devoid of explanation and belied by even a cursory reading of the proposed instruction.

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 23
### Affirmative Defense—Unclean Hands

PHL has asserted a defense of unclean hands.  Unclean hands is a doctrine that requires the plaintiff to act fairly in a matter in which it seeks a remedy.  It provides a complete defense in order to prevent the plaintiff from unfair recovery.  To establish the defense of unclean hands, PHL must show by a preponderance of the evidence that U.S. Bank acted with conduct that violates conscience, good faith, or other equitable standards of conduct.  The misconduct need not be a crime or actionable tort.  If you determine U.S. Bank acted in bad faith, it cannot recover.

**Authority:**  *Mendoza v. Ruesga*, 169 Cal. App. 4th 270, 279 (2008); *Fladeboe v. Am. Isuzu Motors Inc.*, 150 Cal. App. 4th 42, 56 (2007); *Kendall–Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 978–79 (1999).

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
PROPOSED JURY INSTRUCTION No. 23**
**Affirmative Defense—Unclean Hands**

To the extent PHL contends that Connecticut law applies to Plaintiff's bad faith claim or that California law applies to Plaintiff's CUTPA claim, Plaintiff objects.   Plaintiff objects to the proposed jury instruction as confusing, a mischaracterization of the law, and unnecessary in light of Plaintiff's Proposed Jury Instruction No. 42.

1
2

**PHL'S REPLY IN FURTHER SUPPORT OF ITS
<u>PROPOSED JURY INSTRUCTION No. 23</u>**

3

4

5

6

7

8

PHL's proposed instruction clearly, and in plain language, instructs the jury on the defense of estoppel, setting forth PHL's burden of proof and the consequences for a finding in PHL's favor.  By contrast, Plaintiff's Proposed Jury Instruction No. 42 is poorly worded and mischaracterizes PHL's defense. Plaintiff's objection that PHL's proposed instruction is "confusing" and "mischaracterize[es] the law" is devoid of factual support or explanation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Disputed Jury Instructions

1
2

### DEFENDANT'S PROPOSED JURY INSTRUCTION No. 24
### Affirmative Defense—Unjust Enrichment

3
4
5
6
7
8
9
10

PHL has asserted a defense of unjust enrichment.  To prove unjust enrichment, PHL must show by a preponderance of the evidence that:  (1) additional recovery would confer a benefit on U.S. Bank; and (2) it would be unjust for U.S. Bank to retain the benefit.  If you find that additional payment in excess of the policy proceeds plus contractual interest would confer a benefit on U.S. Bank to which it is not entitled, you must find that U.S. Bank would be unjustly enriched and therefore cannot recover.

11
12

**Authority:**  *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1663 (1992); *Cal. Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 131, 10 Cal. Rptr. 2d 58 (1992).

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant's Disputed Jury Instructions

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 24
### Affirmative Defense—Unjust Enrichment

Plaintiff objects to the proposed jury instruction as unnecessary and unsupported by law.  In addition, PHL's affirmative defense of unjust enrichment is inapplicable, as evidenced by the authorities cited by PHL.  *See First Nationwide Sav. v. Perry,* 11 Cal. App. 4th 1657, 1663, 15 Cal. Rptr. 2d 173 (1992); *California Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 131, 10 Cal. Rptr. 2d 58 (1992) ("A person is enriched if he or she has received a benefit.").

**PHL'S REPLY IN FURTHER SUPPORT OF ITS**
**<u>PROPOSED JURY INSTRUCTION No. 24</u>**

PHL's proposed instruction clearly, and in plain language, instructs the jury on the defense of unjust enrichment, setting forth PHL's burden of proof and the consequences for a finding in PHL's favor.   Plaintiff's objection that the defense is inapplicable because Plaintiff has "not received a benefit" puts the cart before the horse.  PHL contends that Plaintiff has been unjustly enriched and that additional recovery will compound the unjust enrichment.  Whether the defense is applicable is a jury question and the instruction proposed by PHL appropriately instructs the jury on the contours of the defense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEFENDANT'S PROPOSED JURY INSTRUCTION No. 25**
### **Affirmative Defense—Payment**

PHL has asserted a defense of payment.  To establish the defense of payment, PHL must show that U.S. Bank has received payment, in whole or in part, for everything to which it was entitled under the policies.


**Authority:**  *Sutcliffe v. FleetBoston Fin. Corp.*, 950 A.2d 544, 547 (Conn. App. Ct. 2008); *Melone v. Ruffino*, 62 P. 93, 94 (Cal. 1900).

1
2
3

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED JURY INSTRUCTION No. 25
**Affirmative Defense—Payment**

4   Plaintiff objects to the proposed jury instruction as unnecessary and

5  unsupported by law.  Plaintiff is not claiming that PHL has not paid it the proceeds

6  from the Policies.  In addition, this instruction is incomplete, as it does not inform

7  the jury what it should do with a finding of "payment," not does it describe the

8  scenario at issue in this case, where Plaintiff was eventually paid what it was

9  entitled to under the policies, but PHL acted in bad faith and dragged out the

10  payment period.  In addition, Plaintiff objects to the proposed jury instruction

11  because California law, not Connecticut law, applies to PHL's affirmative defenses.

12  *See* Order Re: Defendant's Motion for Summary Judgment at 3.  [Docket No. 247]

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PHL'S REPLY IN FURTHER SUPPORT OF ITS PROPOSED JURY INSTRUCTION No. 25

PHL's proposed instruction appropriately instructs the jury on the defense of payment.   As set forth in the instruction, should the jury find that Plaintiff has been paid everything it is entitled to under the policies, it should find in PHL's favor and decline to award additional money to Plaintiff.  Plaintiff's objection that California law applies to the defense is unavailing as the defense is supported by California law.  Plaintiff's further objection that the instruction is incomplete "as it does not inform the jury what it should do with a finding of payment" is easily answered. PHL will amend the proposed instruction to state:

> PHL has asserted a defense of payment.  To establish the defense of payment, PHL must show that U.S. Bank has received payment, in whole or in part, for everything to which it was entitled under the policies.  If PHL establishes this by a preponderance of the evidence, you should find that Plaintiff is not entitled to additional recovery.

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 27**
**Punitive Damages—Entity Defendant—Trial Not Bifurcated**

If you decide that PHL's conduct caused the plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against PHL only if the plaintiff proves that PHL engaged in that conduct with malice, oppression, or fraud. To do this, the plaintiff must prove one of the following by clear and convincing evidence:

1.      That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of the defendant, who acted on behalf of PHL; or

2.      That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of PHL; or

3.      That one or more officers, directors, or managing agents of PHL knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that PHL acted with intent to cause injury or that PHL's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that PHL's conduct was despicable and subjected the plaintiff to cruel and unjust hardship in knowing disregard of its rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that PHL intentionally misrepresented or concealed a material

- 31 -
Defendant's Disputed Jury Instructions

1  fact and did so intending to harm the plaintiff.

2      An employee is a "managing agent" if he or she exercises substantial

3  independent authority and judgment in his or her corporate decision making such

4  that his or her decisions ultimately determine corporate policy.

5      There is no fixed formula for determining the amount of punitive damages,

6  and you are not required to award any punitive damages.  If you decide to award

7  punitive damages, you should consider all of the following factors in determining

8  the amount:

9      (a)  How reprehensible was PHL's conduct?  In deciding how

10         reprehensible PHL's conduct was, you may consider, among other

11         factors:

12             1.  Whether the conduct caused physical harm;

13             2.  Whether PHL disregarded the health or safety of others;

14             3.  Whether the plaintiff was financially weak or vulnerable and

15                 PHL knew the plaintiff was financially weak or vulnerable and

16                 took advantage of it;

17             4.  Whether PHL's conduct involved a pattern or practice; and

18             5.  Whether PHL acted with trickery or deceit.

19      (b)  Is there a reasonable relationship between the amount of punitive

20         damages and the plaintiff's harm or between the amount of punitive

21         damages and potential harm to the plaintiff that PHL knew was likely

22         to occur because of its conduct?

23      (c)  In view of PHL's financial condition, what amount is necessary to

24         punish it and discourage future wrongful conduct?  You may not

25         increase the punitive award above an amount that is otherwise

26         appropriate merely because PHL has substantial financial resources.

27         Any award you impose may not exceed PHL's ability to pay.

28

Defendant's Disputed Jury Instructions

Punitive damages may not be used to punish PHL for the impact of its alleged misconduct on persons other than the plaintiff.

**Authority:**  CACI 3945

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S**
**PROPOSED JURY INSTRUCTION No. 27**
**Punitive Damages—Entity Defendant—Trial Not Bifurcated**

Plaintiff objects to PHL's proposed instruction because it includes irrelevant factors in determining the reprehensibility of PHL's conduct. PHL seeks to include the factors that (1) PHL's conduct caused physical harm; (2) PHL's conduct threatened health and safety of others, and (3) PHL took advantage of plaintiff's financial vulnerability. None of these factors are at issue, nor could they be. There are no allegations that anyone was physically harmed or that anyone's health and safety were threatened, nor are there any allegations that PHL took advantage of Plaintiff's financial weakness. PHL's needless inclusion of these inapplicable factors will merely confuse the jury and lead them to believe that a person must have been physically harmed or financially disadvantaged in order to allow for punitive damages. Other than excluding these three irrelevant factors, the instruction proposed by Plaintiff follows California's model instruction exactly.

## PHL'S REPLY IN FURTHER SUPPORT OF ITS
## PROPOSED JURY INSTRUCTION No. 27
### Punitive Damages—Entity Defendant—Trial Not Bifurcated

PHL's proposed instruction tracks exactly the language of the model instruction. The degree of reprehensibility required to justify an award of punitive damages is set forth in the model instruction by way of examples. Regardless whether the examples were present in this or any given case, they are necessary to guide the jury's deliberations. By directing the jury that it can award punitive damages merely for finding a "pattern or practice" or "trickery or deceit," the instruction is diluted and fails to fully convey the circumstances under which punitive damages are properly awarded. The language of the model instruction has been approved by California courts for use in any case in which punitive damages may be awarded.

There is no reason for departing from the language of the model instruction except to mislead the jury. Plaintiff's proposed instruction selectively eliminates language from the model instruction. In so doing, the proposed instruction is misleading and mischaracterizes the law.

Plaintiff's proposed instruction should be rejected in favor of PHL's Proposed Instruction No. 27, which follows the language of the model instruction exactly.

Defendant's Disputed Jury Instructions