Daniel L. Rasmussen, Bar No. 120276
dlr@paynefears.com
Scott O. Luskin, Bar No. 238082
sol@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
801 S. Figueroa Street, Suite 1150
Los Angeles, California 90017
Telephone:   (213) 439-9911
Facsimile:   (213) 439-9922

THOMAS F.A. HETHERINGTON
(Texas Bar No. 24007359)*
tom.hetherington@emhllp.com
DAVID T. McDOWELL
(Texas Bar No. 00791222)*
david.mcdowell@emhllp.com
JARRETT E. GANER
(Texas Bar No. 24055570)*
jarrett.ganer@emhllp.com
SHANNON A. LANG (SBN 257470)
shannon.lang@emhllp.com
ERIN E. BENNETT
(Texas Bar No. 24082681)*
erin.bennett@emhllp.com
EDISON, McDOWELL & HETHERINGTON LLP
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
Telephone:   (713) 337-5580
Facsimile:   (713) 337-8850
* admitted *pro hac vice*

Attorneys for Defendant
PHL VARIABLE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046-RGK (MRWx)<br><br>**DEFENDANT'S DISPUTED PROPOSED SPECIAL VERDICT FORM**<br><br>Judge:           Hon. R. Gary Klausner<br>Pretrial Conf.: March 18, 2013<br>Time:            9:30 a.m.<br>Courtroom:    850<br><br>Trial:             April 2, 2013 |

Pursuant to the Order for Jury Trial (Dkt. # 52), Defendant PHL Variable Insurance Company ("PHL") hereby submits its Proposed Special Verdict Form, along with Plaintiff's objections.

**I.    PHL's Proposed Special Verdict Form.**

See attached.

**II.   Plaintiff's Objections to PHL's Special Verdict Form**

Plaintiff objects to PHL's proposed special verdict form as follows:

As a preliminary matter, Plaintiff objects to the verdict form in its entirety. The form is improper under applicable law, confusing, prejudicial, and misstates the law.

Specifically, Plaintiff objects to questions 1-5 as unnecessarily duplicative and confusing.

Plaintiff further objects to question 6c as it assumes that Plaintiff has failed to mitigate. PHL first needs to prove that Plaintiff failed to mitigate its damages, and the jury then needs to be asked a separate question as to whether it finds that US Bank failed to mitigate its damages.

Plaintiff further objects to 7, 9, and 10 as prejudicial, confusing and misleading, including but not limited to the use of the phrase "additional money."

Plaintiff objects to question 8 as prejudicial, confusing, and misleading, including but not limited to the use of phrase "unclean hands."

Plaintiff objects to question 9 on the grounds that unjust enrichment is not an affirmative defense that is applicable in this case.

**III.  PHL's Reply in Support of its Special Verdict Form**

PHL's Special Verdict Form fairly and logically directs the jury to each element of Plaintiff's claim, tracking in form the elements proposed by Plaintiff in its Proposed Jury Instruction No. 26. PHL's proposed form ensures that the jury considers each element in rendering its verdict. Plaintiff's objections that

the form is "improper," "confusing," "prejudicial," and "misstates the law" are devoid of explanation or factual or legal support. Similarly unsubstantiated is Plaintiff's objection that the questions posed regarding the elements of Plaintiff's claims are "unnecessary duplicative." They are not. The questions are directed specifically to each element of Plaintiff's claim.

Plaintiff's other objections are easily answered:

Plaintiff has amended the question directed to mitigation to address Plaintiff's concern.

Plaintiff's objection to the term "additional money" is unavailing; the question comports with the elements of PHL's defense and appropriately guides the jury in its decisionmaking. There is no question that Plaintiff has received more than $20,000,000 from PHL and is currently seeking "additional money" from PHL.

Plaintiff's objection to the phrase "unclean hands" is perplexing as the phrase does, in fact, refer to the legal doctrine at issue.

Plaintiff's objections that unjust enrichment and payment are not affirmative defenses find no support in law.

Especially in light of the woefully deficient special verdict form proposed by Plaintiff, which glosses over all elements of Plaintiff's claim and fails to address any of PHL's defenses, Plaintiff's amended proposed Special Verdict Form is fair and appropriate.

| | | |
|---|---|---|
| 1 | DATED: March 15, 2013 | EDISON, MCDOWELL & HETHERINGTON LLP |
| 2 | | |
| 3 | | /s/ *Shannon A. Lang* |
| 4 | | Thomas F. A. Hetherington |
| 5 | | David T. McDowell |
|   | | Jarrett E. Ganer |
| 6 | | Shannon A. Lang |
|   | | Erin E. Bennett |
| 7 | | |
| 8 | | PAYNE & FEARS LLP |
|   | | Daniel L. Rasmussen |
| 9 | | Scott O. Luskin |
| 10 | | *Attorneys for Defendant PHL Variable Insurance Company* |

## PROPOSED SPECIAL VERDICT FORM

**I.   Alleged Breach of the Implied Obligation of Good Faith and Fair Dealing—Delay in Payment**

1. Do you find by a preponderance of the evidence that U.S. Bank suffered a loss covered under an insurance policy with PHL?

    _____ YES

    _____ NO

    If your answer to question 1 is yes, then answer question 2. If you answered no, please move to question 9.

2. Do you find by a preponderance of the evidence that PHL was notified of the loss?

    _____ YES

    _____ NO

    If your answer to question 2 is yes, then answer question 3. If you answered no, please move to question 9.

3. Do you find by a preponderance of the evidence that PHL delayed payment of policy benefits?

    _____ YES

    _____ NO

    If your answer to question 3 is yes, then answer question 4. If you answered no, please move to question 9.

4. Do you find by a preponderance of the evidence that PHL's delay in payment of policy benefits was unreasonable or without proper cause?

    _____ YES

    _____ NO

    If your answer to question 4 is yes, then answer question 5. If you answered no, please move to question 9.

5. Do you find by a preponderance of the evidence that PHL's delay in payment of policy benefits was a substantial factor in causing harm to U.S. Bank?

_____ YES

_____ NO

If your answer to question 5 is yes, then answer question 6. If you answered no, please move to question 9.

6. What damages has U.S. Bank proven by a preponderance of the evidence it is entitled to, if any, for reasonable attorney's fees reasonably incurred to recover policy proceeds?

$_____

Go on to question 7a.

7a. Do you find that U.S. Bank failed to mitigate its damages?

_____ YES

_____ NO

If your answer to question 7a is yes, then answer question 7b. If you answered no, please move to question 8a.

7b. By how much should U.S. Bank's damages be reduced, in part or in total, due to U.S. Bank's failure to mitigate its damages?

$_____

Go on to question 8a.

8a. Do you find that PHL's conduct was malicious, oppressive, or fraudulent, such that Plaintiff is entitled to punitive damages?

_____ YES

_____ NO

If your answer to question 8a is yes, then answer question 8b. If you answered no, please move to question 9.

8b. How much money to you find Plaintiff is entitled to for punitive damages?

$_____

Go on to question 9.

## II. Defenses to U.S. Bank's Claims

9. Do you find by a preponderance of the evidence that U.S. Bank is estopped from seeking additional money from PHL?

_____ YES

_____ NO

Please move to question 10.

10. Do you find by a preponderance of the evidence that U.S. Bank has unclean hands?

_____ YES

_____ NO

Please move to question 11.

11. Do you find by a preponderance of the evidence that U.S. Bank would be unjustly enriched if it obtained additional money from PHL?

_____ YES

_____ NO

Please move to question 12.

12. Do you find by a preponderance of the evidence that U.S. Bank has already been paid all money due to it and is not entitled to additional money from PHL?

_____ YES

_____ NO

Please stop. Answer no further questions. The jury foreperson should sign and date this form. Please alert the courtroom deputy that you have reached a decision.

1
2  Signed: _____
3           Jury Foreperson
4
5  Dated: _____
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28