KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

STEPHEN G. FORESTA (admitted *pro hac vice*)
sforesta@orrick.com
PHILIPP SMAYLOVSKY(admitted *pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone:  212-506-5000
Facsimile:   212-506-5151

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS
SECURITIES INTERMEDIARY FOR LIMA
ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>                  Plaintiff,<br><br>          v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>                  Defendant. | Case No.  CV-12-03046 RGK (MRWx)<br><br>**JOINT JURY INSTRUCTIONS** |

1    Plaintiff U.S. Bank National Association, as securities intermediary for Lima

2  Acquisition LP ("Plaintiff"), and Defendant PHL Variable Insurance Company

3  ("PHL"), by and through their respective undersigned counsel, hereby respectfully

4  submits these joint proposed jury instructions.

5

6  Dated:  March 15, 2013              ORRICK, HERRINGTON & SUTCLIFFE LLP

7

8                                By:_____/s/ - Khai LeQuang_____
                                              KHAI LEQUANG
9                                           Attorneys for Plaintiff
                                   U.S. BANK NATIONAL ASSOCIATION,
10                                   AS SECURITIES INTERMEDIARY FOR
                                          LIMA ACQUISITION LP
11
   Dated:  March 15, 2013         EDISON, MCDOWELL & HETHERINGTON LLP
12

13                                By:_____/s/ Thomas F.A. Hetherington_____
                                     THOMAS F.A. HETHERINGTON
14                                         Attorneys for Defendant
                                   PHL VARIABLE INSURANCE COMPANY
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -

**JOINT PROPOSED JURY INSTRUCTION NO. 1**
**DUTY OF JURY**
**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.1A.

**JOINT PROPOSED JURY INSTRUCTION NO. 2**
**DUTY OF JURY**
**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:** Ninth Circuit Manual of Model Jury Instructions-Civil, 1.1B.

**JOINT PROPOSED JURY INSTRUCTION NO. 3**
**DUTY OF JURY**
**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. [Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:** Ninth Circuit Manual of Model Jury Instructions-Civil, 1.1C.

**JOINT PROPOSED JURY INSTRUCTION NO. 4**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.3.

JOINT JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

1

2

**JOINT PROPOSED JURY INSTRUCTION NO. 5**
**BURDEN OF PROOF—CLEAR AND CONVINCING EVIDENCE**

3   When a party has the burden of proving any claim or defense by clear and

4   convincing evidence, it means you must be persuaded by the evidence that the

5   claim or defense is highly probable.  This is a higher standard of proof than proof

6   by a preponderance of the evidence.

7   You should base your decision on all of the evidence, regardless of which

8   party presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.4.

## JOINT PROPOSED JURY INSTRUCTION NO. 6
### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts consist of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.6.

## JOINT PROPOSED JURY INSTRUCTION NO. 7
### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

    (1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

    (2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

    (3)    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

    (4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.7.

1
2

## JOINT PROPOSED JURY INSTRUCTION NO. 8
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

3      Evidence may be direct or circumstantial. Direct evidence is direct proof of a

4 fact, such as testimony by a witness about what that witness personally saw or

5 heard or did. Circumstantial evidence is proof of one or more facts from which you

6 could find another fact. You should consider both kinds of evidence. The law

7 makes no distinction between the weight to be given to either direct or

8 circumstantial evidence. It is for you to decide how much weight to give to any

9 evidence.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.9.

JOINT JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

# JOINT PROPOSED JURY INSTRUCTION NO. 9
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.10.

## JOINT PROPOSED JURY INSTRUCTION NO. 10
### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.11.

# JOINT PROPOSED JURY INSTRUCTION NO. 11
## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

- 12 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.12.

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 12
## NO TRANSCRIPT AVAILABLE TO JURY

3       During deliberations, you will have to make your decision based on what you

4   recall of the evidence. You will not have a transcript of the trial. I urge you to pay

5   close attention to the testimony as it is given.

6       If at any time you cannot hear or see the testimony, evidence, questions or

7   arguments, let me know so that I can correct the problem.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  **Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.13.

- 14 -

1

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 13</u>
## TAKING NOTES

2

3      If you wish, you may take notes to help you remember the evidence. If you

4  do take notes, please keep them to yourself until you and your fellow jurors go to

5  the jury room to decide the case. Do not let note-taking distract you. When you

6  leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury

7  room]. No one will read your notes. They will be destroyed at the conclusion of the

8  case.

9      Whether or not you take notes, you should rely on your own memory of the

10 evidence. Notes are only to assist your memory. You should not be overly

11 influenced by your notes or those of your fellow jurors.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 **Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 1.14.

1

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 14</u>
### <u>EVIDENCE FOR LIMITED PURPOSE</u>

2

3        Some evidence may be admitted for a limited purpose only.

4        When I instruct you that an item of evidence has been admitted for a limited

5 purpose, you must consider it only for that limited purpose and for no other.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 **Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 1.8.

## JOINT PROPOSED JURY INSTRUCTION NO. 15
### BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present or in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as an indication of the case or of what your verdict should be.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 1.18.

JOINT JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

## JOINT PROPOSED JURY INSTRUCTION NO. 16
### OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 1.19.

1

## JOINT PROPOSED JURY INSTRUCTION NO. 17
## STIPULATIONS OF FACT

2

3      The parties have agreed to certain facts that have been stated to you.  You

4   should therefore treat these facts as having been proved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   **Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 2.2.

1

## JOINT PROPOSED JURY INSTRUCTION NO. 18
### DEPOSITION IN LIEU OF LIVE TESTIMONY

2

3      A deposition is the sworn testimony of a witness taken before trial.  The

4  witness is placed under oath to tell the truth and lawyers for each party may ask

5  questions.  The questions and answers are recorded.  When a person is unavailable

6  to testify at trial, the deposition of that person may be used at the trial.

7      The deposition of [witness] was taken on [date].  You should consider

8  deposition testimony, presented to you in court in lieu of live testimony, insofar as

9  possible, in the same way as if the witness had been present to testify.

10      [Do not place any significance on the behavior or tone of voice of any person

11  reading the questions or answers.]

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 2.4.

1

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 19</u>
### EXPERT OPINION

2

3        Some witnesses, because of education or experience, are permitted to state

4    opinions and the reasons for those opinions.

5        Opinion testimony should be judged just like any other testimony. You may

6    accept it or reject it, and give it as much weight as you think it deserves,

7    considering the witness's education and experience, the reasons given for the

8    opinion, and all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    **Authority:** Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 2.11.

## <u>JOINT PROPOSED JURY INSTRUCTION NO. 20</u>
### <u>DUTY TO DELIBERATE</u>

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 3.1.

1

## **JOINT PROPOSED JURY INSTRUCTION NO. 21**
## **USE OF NOTES**

2

3    Some of you have taken notes during the trial.  Whether or not you took

4 notes, you should rely on your own memory of what was said.  Notes are only to

5 assist your memory.  You should not be overly influenced by the notes.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 1.14.

JOINT JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

1

2

## JOINT PROPOSED JURY INSTRUCTION NO. 22
## COMMUNICATION WITH THE COURT

3

4

5

6

7

8

9

10

11

12

13

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom clerk or court security officer, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Authority:**  Ninth Circuit Manual of Model Jury Instructions – Civil, 2009, 3.2.

JOINT JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

## JOINT PROPOSED JURY INSTRUCTION No. 26
### RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions—Civil, 3.3.