1  KHAI LEQUANG (SBN 202922)
   klequang@orrick.com
2  MELANIE D. PHILLIPS (SBN 245584)
   mphillips@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street
4  Suite 3200
   Los Angeles, California  90017
5  Telephone:  213-629-2020
   Facsimile:   213-612-2499
6
   STEPHEN G. FORESTA (admitted *pro hac vice*)
7  sforesta@orrick.com
   PHILIPP SMAYLOVSKY(admitted *pro hac vice*)
8  psmaylovsky@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
9  51 West 52nd Street
   New York, New York 10019
10 Telephone:  212-506-5000
   Facsimile:   212-506-5151
11
   Attorneys for Plaintiff
12 U.S. BANK NATIONAL ASSOCIATION, AS
   SECURITIES INTERMEDIARY FOR LIMA
13 ACQUISITION LP

14                    UNITED STATES DISTRICT COURT

15                  CENTRAL DISTRICT OF CALIFORNIA

16                         WESTERN DIVISION

17

18 | U.S. BANK NATIONAL | Case No.  CV-12-03046 RGK (MRWx) |
19 | ASSOCIATION, a national association, as securities intermediary for LIMA | **PLAINTIFF'S AMENDED PROPOSED JURY** |
20 | ACQUISITION LP, | **INSTRUCTIONS AND DEFENDANT'S OBJECTIONS** |
21 |         Plaintiff, | **AND PLAINTIFF'S RESPONSES** |
22 |         v. | |
23 | PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation, | |
24 | | |
25 |         Defendant. | |

26

27

28

Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff"), by and through its undersigned counsel, hereby respectfully submits these amended proposed jury instructions. [1] Plaintiff reserves the right to further amend and supplement these proposed jury instructions.[2]

Dated:  March 15, 2013

ORRICK, HERRINGTON & SUTCLIFFE LLP

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
*/s/ - Khai LeQuang*
KHAI LEQUANG
Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION,
AS SECURITIES INTERMEDIARY FOR
LIMA ACQUISITION LP

---

[1] Plaintiff reserves its rights, with respect to jury instructions requested prior to the Court's Summary Judgment Ruling.  Nothing herein is intended as a waiver of any rights.

[2] Plaintiff further reserves the right to supplement its response to PHL's objections. PHL did not serve Plaintiff with a copy of its substantive objections until March 15, 2013.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**
**DUTY OF JURY**
**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff is U.S. Bank National Association, acting as securities intermediary for Lima Acquisition LP ("US Bank"). The defendant is PHL Variable Insurance Company ("PHL"), a Connecticut life insurance company.

The case involves two $10 million life insurance policies issued by the defendant, PHL. The policies insured the life of ████████████ The plaintiff is the owner and beneficiary of the policies. The policies state that the defendant, PHL, will pay the death benefits upon receiving due proof of death.

When ████████████ died, the plaintiff provided the defendant with proof of death and submitted a claim for the $20 million in death benefits. The defendant did not pay the claim and did not tell the plaintiff why it had not done so. After several weeks, the plaintiff filed this lawsuit seeking payment.

After the lawsuit was filed, PHL's lawyers contacted the plaintiff's lawyers and told them that PHL had not paid the $20 million in death benefits because PHL was concerned that two other parties, JP Morgan and Bank of New York, might make a claim to the proceeds. JP Morgan and Bank of New York previously held liens on the policies, which also are referred to as "collateral assignments." Although JP Morgan and Bank of New York released their liens years earlier, PHL claimed it needed to confirm this further before paying the death benefits to the plaintiff.

No one other than the plaintiff, the owner and beneficiary of the policies, has ever made a claim for the death benefits. Neither JP Morgan nor Bank of New York has ever made a claim for the death benefits, and JP Morgan and Bank of New York both have confirmed that they released their interests in the policies years earlier.

PHL eventually paid the death benefits, but did so five months after receiving

due proof of death.

The plaintiff contends that the defendant's reasons for not paying the claim were unreasonable or fake, and that the delay in paying the proceeds was part of a broader strategy to delay paying valid claims to save the company money. The plaintiff also contends that the defendant delayed paying the claim on the policies – and has delayed paying, or refused to pay, claims on other policies owned by the plaintiff – in retaliation for the plaintiff having sued the defendant for illegally raising the future premiums on policies it had issued years earlier.

The plaintiff contends that by unreasonably or intentionally delaying the payment of the death benefits on the policies, the defendant has breached its obligation to act in good faith and deal fairly with the plaintiff.

The defendant denies these claims.

**Authority:** Ninth Circuit Manual of Model Jury Instructions-Civil, 1.2.

## <u>PHL's Objections to Plaintiff's Proposed Jury Instruction No. 4</u>

Plaintiff's Proposed Jury Instruction No. 1 incorrectly characterizes the facts issues in dispute.   It is argumentative and prejudicial and will unnecessarily influence the jury.

Among other things, Plaintiff's reference to PHL as a "Connecticut life insurance company" is unnecessary and serves no purpose other than to prejudice the California jury against an out-of-state defendant.   Plaintiff's recitation of the "facts" is plainly unbalanced and presents as undisputed facts on which the parties disagree.  For example, Plaintiff contends that "JP Morgan and Bank of New York released their liens years earlier," but whether proper documentation existed to demonstrate that those liens had actually been extinguished is central to this dispute.  Plaintiff's claim that no other party has ever made a claim for the death benefits is irrelevant.  Plaintiff's assertions that PHL delayed paying death benefits in order to "save the company money" or in "retaliation" for Plaintiff having filed another lawsuit against PHL have no evidentiary support and are not properly put before the jury.   Additionally, PHL has been granted summary judgment on Plaintiff's Connecticut Unfair Trade Practices Act ("CUTPA") claim.   Any reference to it in Plaintiff's instructions must be removed.

Finally, Plaintiff's Proposed Instruction No. 4 is unnecessary in light of Defendant's Amended Additional Instruction No. 1.

**<u>Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed
Jury Instruction No. 4</u>**

Plaintiff's instruction accurately recites the facts in this case.  PHL *is* a Connecticut life insurance company, and that fact will not prejudice PHL.  It is also true that JP Morgan and Bank of New York released their liens years earlier, but PHL did not accept the evidence of this.  The fact that no other party has ever made a claim for the death benefits is relevant to show that PHL's concern of multiple liability under the policies was contrived.  Plaintiff's contentions that PHL delayed paying death benefits to both save money and retaliate against Plaintiff are relevant to show PHL's bad faith motive, and are supported by evidence.  Plaintiff does not object to the removal of references to its Connecticut Unfair Trade Practices Act ("CUTPA") claim.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 21
### FREE ALIENABILITY OF LIFE INSURANCE

An insurance policy is freely alienable and may pass by transfer, will or succession to any person, whether or not the transferee has an insurable interest.

Further, an individual may lawfully take out a policy of insurance on his or her own life and have the policy made payable to whomever he or she pleases, regardless of whether the beneficiary designated has an insurable interest.

**Authority:** Cal. Ins. Code §§ 10130, 10110.1(b).

1

## **PHL's Objections to Plaintiff's Proposed Jury Instruction No. 21**

2   Plaintiff's Proposed Jury Instruction No. 21 is unnecessary.  The alienability

3   of life insurance is not in dispute and there is no reason to suggest to the jury that it

4   is.   No fact presented to the jury for decision requires any finding regarding the

5   alienability of life insurance.   Accordingly, the instruction risks confusing the

6   issues and should be rejected.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 21**

2

3   This instruction is necessary and relevant to explain to the jury the concept of

4   alienability of life insurance.  The jury may be unfamiliar with the idea that an

5   insurance policy can be sold, and so this instruction will avoid causing prejudice to

6   Plaintiff by explaining that this sale is legal and permissible.

7   PHL cannot reasonably deny that this issue will be discussed before the jury,

8   as PHL itself raised the topic as a proposed voir dire question for the Court.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 25
## COLLATERAL ASSIGNMENT - DEFINITION

2

3       A life insurance policy may be pledged as collateral security for a debt.  This

4   is known as a "collateral assignment" of a life insurance policy.  A collateral

5   assignment is a common way for creditors to record a lien on a life insurance policy

6   that is accepted as collateral for a debt.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   **Authority:**  *BNY Midwest Trust Co. v. Nat'l Union Fire Ins. Co*., 213 Fed. App'x

28   563, 567 (9th Cir.).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PHL's Objections to Plaintiff's Proposed Jury Instruction No. 25**

Plaintiff's Proposed Jury Instruction No. 25 is incomplete and not helpful to the jury.  To the extent an instruction regarding collateral assignments is necessary, PHL's Additional Proposed Jury Instruction No. 2 more accurately describes collateral assignments, focusing specifically on how such assignments factor into the issues in dispute in this case.

- 10 -

## Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 25

This instruction is necessary because the ability to collaterally assign a life insurance policy is central to this case, and the jury may not be familiar with this concept.  Therefore, this instruction is helpful and will clarify for the jury what the dispute in this case revolves around.  As to PHL's proposed instruction on this issue, Plaintiff objects to the last sentence in particular, as it fails to distinguish between collateral assignments that have been released and collateral assignments that are still in effect.

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26
### BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
### (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)

US Bank claims that PHL breached the obligation of good faith and fair dealing by withholding policy benefits due under the insurance policy.  To establish this claim, US Bank must prove all of the following:

(1)   That US Bank suffered a loss covered under an insurance policy with PHL;

(2)   That PHL was notified of the loss;

(3)   That PHL, unreasonably or without proper cause, withheld policy benefits;

(4)   That US Bank was harmed; and

(5)   That PHL's withholding of policy benefits was a substantial factor in causing US Bank's harm.

In determining whether PHL acted unreasonably or without proper cause, you should consider only the information that PHL knew or reasonably should have known at the time when it withheld policy benefits.

**Authority:** CACI Instruction No. 2331; *Gruenberg v. Aetna Insurance Co.*, 9 Cal. 3d 566, 574–575 (1973); *Rappaport-Scott v. Interinsurance Exch. of the Auto. Club*, 146 Cal. App. 4th 831, 837 (2007); *Love v. Fire Insurance Exchange*, 221 Cal. App. 3d 1136, 1151 (1990); *Opsal v. United Servs. Auto. Ass'n*, 2 Cal. App. 4th 1197, 1205 (1991); *Chateau Chamberay Homeowners Assn. v. Associated International Insurance Co.*, 90 Cal. App. 4th 335, 347 (2001).

## <u>PHL's Objections to Plaintiff's Proposed Jury Instruction No. 26</u>

Plaintiff's Proposed Jury Instruction No. 26 incorrectly characterizes the nature of this dispute and is unfairly prejudicial to PHL.  Throughout this dispute, and even in its recitation of the facts in its Proposed Jury Instruction No. 4, Plaintiff has maintained that its complaints involve PHL's alleged delay of payment of death benefits under the Jane Doe policies—not with an alleged "withholding" of death benefits.  *See* 2d Am. Compl., ¶ 1 ("Plaintiff brings this action . . . based on [PHL's] failure and refusal to timely pay . . . death benefits . . . ."); ¶ 3 ("[PHL] fail[ed] and refus[ed] to timely pay the death benefits . . . ."); ¶ 8 ("[PHL] lacked any legitimate reason for delaying or denying payment of Plaintiff's claims . . . ."), ¶ 32 ("[PHL's] sudden concern with these prior liens was clearly a pretext to delay paying the $20 million in death benefits . . . ."), ¶ 103 ("[PHL] breached the implied covenant of good faith and fair dealing by . . . delaying the payment of the death benefits . . . .").  Plaintiff's proposed instruction attempts to mischaracterize the dispute and is prejudicial to PHL.  The instruction is unnecessary in light of PHL's Proposed Additional Instruction No. 7.

## **Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 26**

Although PHL eventually paid the policies' benefits, it was over three months after Plaintiff filed suit.  Plaintiff believes that PHL would have withheld the policies' benefits indefinitely had Plaintiff not taken legal action to protect its rights under the policies.

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 27
### FACTORS TO CONSIDER IN EVALUATION INSURER'S CONDUCT
### (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)

In determining whether PHL acted unreasonably or without proper cause, you may consider whether PHL did any of the following:

(a)     Misrepresented to US Bank relevant facts or insurance policy provisions relating to any coverage at issue;

(b)     Failed to acknowledge and act reasonably promptly after receiving communications about US Bank's claim arising under the insurance policy;

(c)     Failed to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under its insurance policies;

(d)     Failed to accept or deny coverage of claims within a reasonable time after US Bank completed and submitted proof of loss requirements;

(e)     Required US Bank to file a lawsuit to recover amounts due under the policy by offering substantially less than the amount that US Bank ultimately recovered in the lawsuit, even though US Bank had made a claim for an amount reasonably close to the amount ultimately recovered; and

(f)     Failed to promptly provide a reasonable explanation of its reasons for denying the claim or offering a compromise settlement, based on the provisions of the insurance policy in relation to the facts or applicable law.


The presence or absence of any of these factors alone is not enough to determine whether PHL's conduct was or was not unreasonable or without proper cause.  You must consider PHL's conduct as a whole in making this determination.


**Authority:** CACI Instruction No. 2337; Cal. Insurance Code section 790.03; 2 Witkin, Summary of California Law (10th ed. 2005) Insurance §§ 252, 253, 255, 321.

## PHL's Objections to Plaintiff's Proposed Jury Instruction No. 27

Plaintiff's Proposed Jury Instruction No. 27 incorrectly characterizes the nature of this dispute and is unfairly prejudicial to PHL.  For example, no evidence has been sought or adduced regarding alleged misrepresentations of facts or insurance policy provisions and PHL is never alleged to have offered Plaintiff's "substantially less" than the amount sought by Plaintiff in this lawsuit.  The proposed instruction suggests to the jury that these factors are in issue.  It is confusing and prejudicial.

Additionally, the proposed instruction fails to adequately address the standards for proving a bad faith claim.   Especially in light of Plaintiff's desire to introduce evidence of "motive," PHL's Additional Proposed Instruction No. 8 addresses this issue and renders Plaintiff's Proposed Instruction No. 27 unnecessary.

## **Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 27**

The complete list of factors to consider for bad faith is necessary and relevant to provide context for the jury for all of an insurer's potential improper conduct.  Plaintiff alleges that PHL misrepresented that it was actually investigating Plaintiff's claim under the policies, and by failing to pay the claim in a timely manner, PHL was effectively offering Plaintiff zero dollars on its claim.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 34
STANDARDS FOR PROMPT, FAIR AND EQUITABLE SETTLEMENTS
(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS)**

Upon receiving proof of claim, every insurer shall immediately, but in no event more than forty (40) calendar days later, accept or deny the claim, in whole or in part.  The amounts accepted or denied shall be clearly documented in the claim file.

Where an insurer denies or rejects a claim, in whole or in part, it shall do so in writing and shall provide to the claimant a statement listing all bases for such rejection or denial and the factual and legal bases for each reason given for such rejection or denial which is then within the insurer's knowledge.  Where an insurer's denial of a claim, in whole or in part, is based on a specific statute or policy provision, condition or exclusion, the written denial shall include reference thereto and provide an explanation of the application of the statute, provision, condition or exclusion to the claim.

**Authority:**  Cal. Code Regs., tit. 10, § 2695.7(b), (b)(1).

1

## PHL's Objections to Plaintiff's Proposed Jury Instruction No. 34

2   Plaintiff's Proposed Jury Instruction No. 34 is unnecessary and unfairly

3   characterizes the law.  There is no private right of action under Section 2695.7 of

4   the California Code of Regulations.  See *Raisin Bargaining Ass'n v. Hartford*

5   *Cas. Ins. Co.,* 715 F. Supp. 2d 1079, 1091 (E.D. Cal. 2010) ("[N]either the

6   California Insurance Code nor regulations adopted under its authority [including

7   Section 2695.7] provide a private right of action."); *see also Allstate Ins. Co. v.*

8   *Barnett*, No. C-10-77, 2011 WL 2415383, at *2 (N.D. Cal. June 15, 2011).

9   Plaintiff has not raised a negligence *per se* claim.  The instruction suggests to the

10  jury that Plaintiff can recover if it finds that PHL has violated the regulation—a

11  suggestion that is unsupported by law.  The instruction is prejudicial and risks

12  confusing the jury.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 34

2

3      This instruction is relevant to show California's standards for the reasonable

4   handling of an insurance claim.  Whether there is a private right of action under the

5   statute is irrelevant; the purpose of this instruction is to provide context for PHL's

6   claim handling practices for a jury that may be unfamiliar with proper claims

7   handling.  This instruction is therefore relevant to Plaintiff's bad faith claim.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 37
### DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.

The plaintiff contends that it suffered damages in the form of attorneys' fees incurred as a result of having to sue the defendant in order to obtain payment of the policy proceeds.  If you find for the plaintiff, you must also determine the amount of damages that will fairly compensate the plaintiff for these injuries.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:**  Ninth Circuit Manual of Model Jury Instructions-Civil, 5.1.

### PHL's Objections to Plaintiff's Proposed Jury Instruction No. 37

Plaintiff's Proposed Jury Instruction No. 37 is incomplete and does not adequately instruct and guide the jury.  California Model Jury Instruction CACI 2350, on the measure of damages for breach of the implied covenant of good faith and fair dealing, which specifically explains the basis for recovery of attorneys' fees as damages, more accurately describes the law and instructs the jury.  Plaintiff's Proposed Jury Instruction No. 37 is unnecessary in light of PHL's Proposed Jury Instruction No. 9.

## **Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 37**

The Court has explicitly held that Plaintiff's attorneys' fees and costs are recoverable damages.  This Ninth Circuit instruction accurately describes the law and is clear to the jury.  The PHL's Proposed Jury Instruction No. 9 is unnecessary in light of this instruction.

1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 38
## DAMAGES—MEASURE

2

3     In determining the measure of damages, you should consider the costs and

4 expenses, including legal fees, incurred by the plaintiff in seeking to receive payment

5 under the policies.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28 **Authority:**   Ninth Circuit Manual of Model Jury Instructions-Civil, 5.2.

**PHL's Objections to Plaintiff's Proposed Jury Instruction No. 38**

Plaintiff's Proposed Jury Instruction No. 38 is unnecessary, given the narrow recovery available to Plaintiff in light of the Court's Order on PHL's Motion for Summary Judgment.  Furthermore, the instruction misstates the law.  Plaintiff is entitled to seek only reasonable attorneys' fees attributable to obtaining policy proceeds.  It is not entitled to "the costs and expenses, including legal fees incurred by the plaintiff in seeking to receive payment under the policies."

In addition, the California Model Jury Instruction CACI 2350, on the measure of damages for breach of the implied covenant of good faith and fair dealing, more accurately describes the law and instructs the jury.  Plaintiff's Proposed Jury Instruction No. 38 is unnecessary in light of PHL's Proposed Jury Instruction No. 9.

1
2

**Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed
Jury Instruction No. 38**

3       Plaintiff's instruction is straightforward and simple and is helpful for the jury
4  to clarify what they should consider when evaluating Plaintiff's attorneys' fees and
5  costs as damages.  PHL's Proposed Jury Instruction No. 9 is unnecessary in light of
6  this instruction.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 40</u>
### AFFIRMATIVE DEFENSE – ESTOPPEL

The defendant contends, as an affirmative defense, that the doctrine of estoppel prevents the plaintiff from enforcing its claim.  To establish this defense, the defendant must prove that:

(1)     the plaintiff was apprised of the facts;

(2)     the plaintiff intended that its conduct was to be acted upon, or must have acted in a way that the defendant had a right to believe it was so intended;

(3)     the defendant was ignorant of the true state of facts; and

(4)     the defendant relied upon the conduct to its injury.

**Authority:**  *Golden Gate Water Ski Club v. County of Contra Costa*, 165 Cal. App. 4th 249, 257 (2008); *San Diego Mun. Credit Union v. Smith*, 176 Cal. App. 3d 919, 923 (1986).

PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

## **PHL's Objections to Plaintiff's Proposed Jury Instruction No. 40**

Plaintiff's Proposed Jury Instruction No. 40 fails to adequately instruct the jury on the defense of estoppel.  The proposed instruction is vague and does not provide adequate guidance to the jury.  The instruction is unnecessary in light of PHL's Additional Proposed Instruction No. 21, which provides more content and context for the jury, and also sets forth the PHL's burden of proof and the consequences for a finding in PHL's favor.

1

## **<u>Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed</u>**
## **<u>Jury Instruction No. 40</u>**

2

3       Plaintiff's instruction on estoppel accurately sets forth the law and is clear for

4    the jury.  PHL's proposed estoppel instruction is confusing, misleading, and

5    unnecessary in light of this instruction.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 41
## AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE

3       If the defendant breached the policies and the breach caused harm, the plaintiff

4   is not entitled to recover damages for harm that the defendant proves the plaintiff

5   could have avoided with reasonable efforts or expenditures.  You should consider the

6   reasonableness of the plaintiff's efforts in light of the circumstances facing it at the

7   time, including its ability to make the efforts or expenditures without undue risk or

8   hardship.  If the plaintiff made reasonable efforts to avoid harm, then your award

9   should include reasonable amounts that it spent for this purpose.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

28  **Authority:**  CACI 358

## PHL's Objections to Plaintiff's Proposed Jury Instruction No. 41

Plaintiff's Proposed Jury Instruction No. 41 does not clearly and adequately instruct the jury on mitigation.  The proposed instruction is vague and does not provide appropriate guidance to the jury.  The instruction is unnecessary in light of PHL's Additional Proposed Instruction No. 13, which employs better plain language and more clearly sets forth the jury's task.

## Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 41

Plaintiff's instruction on mitigation is uncontroversial and follows California's model jury instruction exactly. PHL's mitigation instruction is prejudicial, biased, confusing, argumentative, and mischaracterizes the evidence. Plaintiff did not have an obligation to verify the chain of title of the Policies, contact JP Morgan or Bank of New York to assist PHL in confirming that the collateral assignments were released years earlier, or notify PHL of any purported "issues" that Plaintiff was aware of. In addition, Plaintiff did not instruct its employees and representatives not to cooperate with PHL.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 42
### AFFIRMATIVE DEFENSE – UNCLEAN HANDS

The defendant contends, as an affirmative defense, that the plaintiff has unclean hands.  That is, the plaintiff alleges that the plaintiff's misconduct precludes its enforcement of the plaintiff's claim.  Specifically, the defendant contends that the plaintiff did not cooperate with the defendant.  To establish the defense of unclean hands, the defendant must prove that the plaintiff's conduct was unconscionable, in bad faith, or inequitable and resulted in prejudice to the defendant.

**Authority:**  *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 618-623 (1992); *Soon v. Beckman*, 234 Cal. App. 2d 33, 36 (1965); *Fibreboard Paper Products Corp. v. East Bay Union of Machinists*, 227 Cal. App. 2d 675, 728 (1964).

1

## **PHL's Objections to Plaintiff's Proposed Jury Instruction No. 42**

2         Plaintiff's Proposed Jury Instruction No. 42 is poorly worded and

3 mischaracterizes the law and PHL's defense.  The proposed instruction is vague and

4 does not provide appropriate guidance to the jury.  The instruction is unnecessary in

5 light of PHL's Additional Proposed Instruction No. 23, which employs better plain

6 language and more clearly guides the jury in reaching its decision by setting forth

7 PHL's burden of proof and the consequences for a finding in PHL's favor.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 34 -

1
2

**Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 42**

3

Plaintiff's instruction on unclean hands is a clear and accurate statement of

4
the law and PHL's assertion of the affirmative defense.  PHL's proposed

5
instruction on unclean hands is confusing, a mischaracterization of the law, and

6
unnecessary in light of this instruction.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 43
### AFFIRMATIVE DEFENSE – UNJUST ENRICHMENT

2

3      The defendant contends, as an affirmative defense, that the plaintiff has been

4  unjustly enriched.  To prove the affirmative defense of unjust enrichment, a party

5  must show that: (1) the defendant conferred a benefit on the plaintiff; and (2) it

6  would be unjust for the plaintiff to retain the benefit.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  **Authority:**  *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008); *Cal.*

28  *Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 131 (1992).

1

## **PHL's Objections to Plaintiff's Proposed Jury Instruction No. 43**

2   Plaintiff's Proposed Jury Instruction No. 43 is vague and fails to
3   adequately instruct the jury on the defense of unjust enrichment.  The proposed
4   instruction mischaracterizes the law, by failing to instruct that additional recovery
5   would constitute an unjust enrichment.  The instruction is unnecessary in light of
6   PHL's Additional Proposed Instruction No. 24, which better reflects the law and
7   more clearly guides the jury in reaching its decision by setting forth PHL's
8   burden of proof and the consequences for a finding in PHL's favor.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

### Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 43

3

4

5

6

7

8

9

Plaintiff's proposed jury instruction is a clear and accurate statement of the two straightforward elements of unjust enrichment.  Plaintiff maintains that PHL's proposed jury instruction on unjust enrichment is unnecessary and unsupported by law, as a benefit must first be conferred for the defense to apply. *See First Nationwide Sav. v. Perry,* 11 Cal. App. 4th 1657, 1663, 15 Cal. Rptr. 2d 173 (1992); *California Fed. Bank v. Matreyek*, 8 Cal. App. 4th 125, 131, 10 Cal. Rptr. 2d 58 (1992) ("A person is enriched if he or she has received a benefit.").

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 44
### BAD FAITH—PUNITIVE DAMAGES

If you decide that the defendant's conduct in breaching the implied covenant of good faith and fair dealing caused the plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages against the defendant only if the plaintiff proves that the defendant engaged in that conduct with malice, oppression, or fraud. To do this, the plaintiff must prove one of the following by clear and convincing evidence:

1.      That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of the defendant, who acted on behalf of the defendant; or

2.      That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of the defendant; or

3.      That one or more officers, directors, or managing agents of the defendant knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that the  defendant acted with intent to cause injury or that the  defendant's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another.  A person acts with knowing disregard when he or she is aware of the probable dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that the defendant's conduct was despicable and

PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

1   subjected the plaintiff to cruel and unjust hardship in knowing disregard of its
2   rights.

3       "Despicable conduct" is conduct that is so vile, base, or contemptible that it
4   would be looked down on and despised by reasonable people.

5       "Fraud" means that the defendant intentionally misrepresented or concealed a
6   material fact and did so intending to harm the plaintiff.

7

8       An employee is a "managing agent" if he or she exercises substantial
9   independent authority and judgment in his or her corporate decision making such
10  that his or her decisions ultimately determine corporate policy.

11

12      There is no fixed formula for determining the amount of punitive damages,
13  and you are not required to award any punitive damages.  If you decide to award
14  punitive damages, you should consider all of the following factors in determining
15  the amount:

16      (a)    How reprehensible was the defendant's conduct?  In deciding how
17  reprehensible the defendant's conduct was, you may consider, among other factors:

18      1.    Whether the defendant's conduct involved a pattern or practice; and
19      2.    Whether the defendant acted with trickery or deceit.

20      (b)    Is there a reasonable relationship between the amount of punitive
21  damages and the plaintiff's harm or between the amount of punitive damages and
22  potential harm to the plaintiff that the defendant knew was likely to occur because
23  of its conduct?

24      (c)    In view of the defendant's financial condition, what amount is
25  necessary to punish it and discourage future wrongful conduct?  You may not
26  increase the punitive award above an amount that is otherwise appropriate merely
27  because the defendant has substantial financial resources.  Any award you impose
28  may not exceed the defendant's ability to pay.

- - 3 - -

1         Punitive damages may not be used to punish the defendant for the impact of

2 its alleged misconduct on persons other than the plaintiff.

27 **Authority:**  CACI 3945

## PHL's Objections to Plaintiff's Proposed Jury Instruction No. 44

Plaintiff's proposed instruction selectively eliminates language from the model instruction.  In so doing, the proposed instruction is misleading and mischaracterizes the law.  The degree of reprehensibility required to justify an award of punitive damages is set forth in the model instruction by way of examples. Regardless whether the examples were present in this or any given case, they are necessary to guide the jury's deliberations.  By directing the jury that it can award punitive damages merely for finding a "pattern or practice" or "trickery or deceit," the instruction is diluted and fails to fully convey the circumstances under which punitive damages are properly awarded.  The language of the model instruction has been approved by California courts for use in any case in which punitive damages may be awarded.  There is no sound reason for departing from the language of the model instruction.  Plaintiff's proposed instruction should be rejected in favor of PHL's Proposed Instruction No. 27, which follows the language of the model instruction.

PLAINTIFF'S AMENDED PROPOSED JURY INSTRUCTIONS
CV-12-03046 RGK (MRWx)

1

2

## Plaintiff's Reply to PHL's Objections to Plaintiff's Proposed Jury Instruction No. 44

PHL seeks to include the irrelevant factors that (1) PHL's conduct caused physical harm; (2) PHL's conduct threatened health and safety of others, and (3) PHL took advantage of plaintiff's financial vulnerability.  None of these factors are at issue, nor could they be.  There are no allegations that anyone was physically harmed or that anyone's health and safety were threatened, nor are there any allegations that PHL took advantage of Plaintiff's financial weakness.  PHL's needless inclusion of these inapplicable factors will merely confuse the jury and lead them to believe that a person must have been physically harmed or financially disadvantaged in order to allow for punitive damages.

- - 6 - -