KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017
Telephone:   213-629-2020
Facsimile:    213-612-2499

STEPHEN G. FORESTA (admitted *pro hac vice*)
sforesta@orrick.com
PHILIPP SMAYLOVSKY(admitted *pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Telephone:   212-506-5000
Facsimile:    212-506-5151

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS SECURITIES INTERMEDIARY FOR LIMA ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | Case No.  CV-12-03046 RGK (MRWx)<br><br>**PLAINTIFF'S AMENDED PROPOSED VERDICT FORM AND DEFENDANT'S OBJECTIONS AND PLAINTIFF'S RESPONSES** |

Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP, by and through its undersigned counsel, hereby respectfully submits this amended proposed verdict form.[1]  Plaintiff reserves the right to further amend and supplement this verdict form.

Dated: March 15, 2013              ORRICK, HERRINGTON & SUTCLIFFE LLP

                                   By:     */s/ - Khai LeQuang*
                                           KHAI LEQUANG
                                           Attorneys for Plaintiff
                                           U.S. BANK NATIONAL ASSOCIATION,
                                           AS SECURITIES INTERMEDIARY FOR
                                           LIMA ACQUISITION LP

---

[1] Plaintiff reserves its rights, with respect to special verdict form requested prior to the Court's Summary Judgment Ruling. Nothing herein is intended as a waiver of any rights.

# PLAINTIFF'S AMENDED PROPOSED VERDICT FORM

# BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

1.    Do you find that Plaintiff has established by a preponderance of the evidence that Defendant, unreasonably or without proper cause, withheld policy benefits from Plaintiff?

_____ YES

_____ NO

If your answer to Question No. 1 is YES, please move to Question No. 2.

If your answer to Question No. 1 is NO, you have completed the form. Please have the foreperson sign and date it.

2.    State the amount of damages that Plaintiff proved by a preponderance of the evidence should be awarded against Defendant for breach of the covenant of good faith and fair dealing:

_____.

3.    Do you find that Plaintiff has established by clear and convincing evidence that Defendant's actions constitute oppression, fraud or malice?

_____ YES

_____ NO

If your answer to Question No. 3 is YES, please move to Question No. 4.

If your answer to Question No. 3 is NO, you have completed the form. Please have the foreperson sign and date it.

4.    State the amount of punitive damages that should be awarded against PHL for actions constituting oppression, fraud or malice:

_____.

You have completed the form. Please have the foreperson sign and date it.

_____        _____
DATE                                                      SIGNATURE

BY:_____
                        NAME

**Defendant's Objections to Plaintiff's Amended Special Verdict Form**

Plaintiff's Proposed Special Verdict Form is improper, confusing, and misstates the law. The Form fails to pose to the jury sufficient questions to ensure that the jury has proven all elements of its case. For example, Plaintiff directs the jury that if it finds that policy benefits were "withheld" "unreasonably or without proper cause," Plaintiff is necessary entitled to recovery. In fact, Plaintiff must also prove that it has suffered recoverable damages and that PHL's conduct was a "substantial factor" in causing Plaintiff's damages. The jury should be instructed to determine each element of Plaintiff's claim.

Additionally, PHL objects to Question No. 1 as it misstates the issues in dispute. Plaintiff has maintained throughout this litigation that it seeks recovery for PHL's alleged "delay"—not "withholding"—of policy proceeds. *See* 2d Am. Compl., ¶ 1 ("Plaintiff brings this action . . . based on [PHL's] failure and refusal timely pay . . . death benefits . . . ."); ¶ 3 ("[PHL] fail[ed] and refus[ed] to timely pay the death benefits . . . ."); ¶ 8 ("[PHL] lacked any legitimate reason for delaying or denying payment of Plaintiff's claims . . . ."), ¶ 32 ("[PHL's] sudden concern with these prior liens was clearly a pretext to delay paying the $20 million in death benefits . . . ."), ¶ 103 ("[PHL] breached the implied covenant of good faith and fair dealing by . . . delaying the payment of the death benefits . . . ."). Its characterization of the dispute is prejudicial and unsupported by Plaintiff's allegations or the evidence.

PHL objects to Question No. 2 as it misstates the question before the jury. Plaintiff is entitled to seek nothing more than reasonable attorneys' fees, reasonably incurred to recovery policy proceeds. The verdict form should reflect this to ensure that the jury is properly instructed and understands its task. In light of the Court's Order granting summary judgment to PHL on Plaintiff's CUTPA claim, Question Nos. 5–11 are no longer before the jury and should be withdrawn.

Finally, PHL objects that the special verdict form does not include questions directed to Plaintiff's affirmative defenses.

**Plaintiff's Response to Defendant's Objections to Plaintiff's Amended Proposed Verdict Form**

Plaintiff's verdict form is appropriate and straightforward. The form asks the jury if Plaintiff has established, by the proper burden of proof, that PHL "unreasonably or without proper cause, withheld policy benefits." The form further asks the jury what damages Plaintiff has incurred as a result of that conduct. These are both accurate statements of the law with respect to bad faith and, thus, are questions that Plaintiff should be able to ask of the jury as part of its deliberation.

Further, Plaintiff's verdict form properly includes references to PHL's "withholding" of sums due to Plaintiff. Plaintiff has alleged, and intends to demonstrate to the jury at trial, that PHL wrongfully withheld payment on Plaintiff's claim on the two policies at issue at the time the claim was submitted. As a result of that wrongful withholding, Plaintiff was forced to file suit against PHL. Accordingly, there is nothing improper about asking the jury to find that PHL wrongfully withheld the policy benefits due to Plaintiff.

PHL does not make any specific objections to Questions 3 and 4, relating to Plaintiff's punitive damages claim. Accordingly, these questions should be submitted to the jury for deliberation.

While reserving its rights, Plaintiff has amended its verdict form in accordance with the Court's rulings in this matter. Thus, Question Nos. 5–11 are no longer at issue.