KHAI LEQUANG (SBN 202922)
klequang@orrick.com
MELANIE D. PHILLIPS (SBN 245584)
mphillips@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, California  90017
Telephone:  213-629-2020
Facsimile:   213-612-2499

STEPHEN G. FORESTA (admitted *pro hac vice*)
sforesta@orrick.com
PHILIPP SMAYLOVSKY(admitted *pro hac vice*)
psmaylovsky@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 WEST 52ND ST
NEW YORK, NY 10019
Telephone:  212-506-5000
Facsimile:   212-506-5151

BETH A. WILKINSON (admitted *pro hac vice*)
bwilkinson@paulweiss.com
BRIAN L. STEKLOFF (admitted *pro hac vice*)
bstekloff@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
2001 K STREET, NW, SUITE 500
Telephone:  202-223-7300
Facsimile:  202-223-7420

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, AS SECURITIES
INTERMEDIARY FOR LIMA ACQUISITION LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a national association, as securities intermediary for LIMA ACQUISITION LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendant. | Case No. CV-12-03046-RGK(MRWx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL DISCLOSURES**<br><br>Hearing Date:          March 18, 2013<br>Trial Date:              April 2, 2013<br><br>Date Action Filed:     April 6, 2012 |

## I.  __INTRODUCTION__

On March 14, 2013, Plaintiff U.S. Bank National Association ("Plaintiff" or "US Bank"), as securities intermediary for Lima Acquisition LP, filed a Supplement to its Rule 26(a)(1) Initial Disclosures (the "Supplement") in response to the Court's Order on PHL's Motion for Summary Judgment.  The Supplement contains exactly what the Court had asked for: the total amount of attorneys' fees Plaintiff incurred in recovering the benefits under the Jane Doe policies from PHL and evidence supporting that calculation.

In yet another attempt to avoid a trial on its bad-faith refusal to pay $20 million in death benefits, Defendant PHL Variable Insurance Company ("PHL") now seeks to strike the Supplement, apparently because PHL would rather have information about Plaintiff's attorneys' fees in a different form.  By its motion, PHL seeks the extraordinary remedy of dismissing Plaintiff's entire claim based on complaints about the format of the Supplement.  Because the Supplement satisfies both Rule 26(a)(1) and the Court's Order, the Court should deny PHL's motion.

## II.  __BACKGROUND__

The facts surrounding Plaintiff's submission of the Supplement are simple. On March 11, 2013, the Court granted in part PHL's Motion for Summary Judgment (the "MSJ Order").  [Docket No. 247]  Among other things, the MSJ Order denied PHL's motion as to Plaintiff's bad faith claim but held that Plaintiff's damages were limited to punitive damages and the attorneys' fees it incurred in recovering the death benefits in this case.  MSJ Order at 5.  It further ordered Plaintiff to file a Rule 26(a)(1) supplemental disclosure within three days, identifying what attorneys' fees were attributable to the recovery of the policies' proceeds and including evidence supporting this calculation.  *Id.*  Plaintiff promptly filed the Supplement on March 14.  [Docket No. 263]

Additionally, on March 12, the Court ordered the parties to amend and re-file their pretrial documents, including exhibit and witness lists, by March 14, in light

of the Court's ruling on PHL's motion for summary judgment.  *See* Order Re: Trial Documents [Docket No. 251]  Plaintiff filed the parties' amended joint witness list, removing a number of witnesses who were no longer relevant to the case in light of the MSJ Order.  As part of this process, Plaintiff clarified that Ola Eriksson would no longer be testifying about the "opportunity cost" damages that Plaintiff suffered as a result of PHL's withholding of the policies' proceeds because those damages were no longer available as a result of the MSJ Order.

PHL has mischaracterized this minor revision to Plaintiff's witness list as a major concession that Plaintiff will no longer offer any witness to testify about its attorneys' fees.  This was not Plaintiff's intention at all.  To be clear: Mr. Eriksson will be testifying about Plaintiff's attorneys' fees, and he will be prepared to do so.  Indeed, Mr. Eriksson was designated as Plaintiff's Rule 30(b)(6) corporate representative to testify about Plaintiff's damages, including attorneys' fees.  PHL, however, fails to mention that when it had the opportunity to question Mr. Eriksson about Plaintiff's attorneys' fees, PHL chose not to do so.  (Declaration of Khai LeQuang In Support Of Plaintiff's Opposition to PHL's Motion to Strike Plaintiff's Supplemental Disclosures ("LeQuang Decl.") Ex. 2 (Eriksson Dep. Tr. 217:12-218:18).)[1]  PHL cannot credibly claim that Plaintiff withheld discovery when PHL itself was not interested in those facts.  PHL's motion is nothing but a distraction from the real issues in this case.  If PHL were genuinely concerned about whether Mr. Eriksson was still planning to testify about attorneys' fees, PHL simply could have asked.

The remainder of PHL's statement of facts is an incomplete, inaccurate, and irrelevant recounting of Plaintiff's prior initial disclosures, none of which are at issue here.  For example. PHL claims that it requested invoices evidencing Plaintiff's attorneys' fees on January 22, 2013, and that "U.S. Bank never

---

[1] Plaintiff has designated Mr. Eriksson's testimony confidential under the protective order entered in this action and waives that designation only as to the cited testimony.

PLAINTIFF'S OPP. TO DEFENDANT'S
MOTION TO STRIKE SUPP. DISCLOSURES
CV12-03047-RGK (MRWx)

1  responded." Motion at FN5. PHL inexplicably leaves out that, on February 25,

2  2013, US Bank produced invoices documenting attorneys' fees and specifically

3  stated that "Plaintiff is producing the attached invoices *in response to PHL's letter*

4  *request on January 22, 2013.*" (LeQuang Decl., Ex. 1 (emphasis added).)

5      Finally, PHL complains that the invoices refer to Fortress Investment Group

6  instead of Lima Acquisition LP or US Bank. The issue, however, is not what entity

7  appears on the invoice, but who incurred the fees. Although Fortress acts as a

8  portfolio advisor to Lima and advises Lima, Lima incurred the fees and paid the

9  invoices. US Bank is the securities intermediary for Lima Acquisition LP, and is

10  the record owner and beneficiary of the policies and therefore the proper party to

11  bring this case. Further, PHL is free to question Mr. Eriksson at trial about the

12  relationship between these parties, as PHL already did at his deposition.

## I.   **ARGUMENT**

14      It is undisputed that Plaintiff is entitled to recover its attorneys' fees for

15  PHL's breach of the implied covenant of good faith and fair dealing. *Brandt v.*

16  *Superior Court*, 37 Cal. 3d 813, 817 (1985); MSJ Order at 5; PHL's Motion at 6-7.

17  Under *Brandt,* Plaintiff may recover **all** the of the attorneys' fees that it incurred to

18  obtain the policies' benefits that would not have been incurred but for PHL's

19  tortious conduct. 37 Cal. 3d at 819.

### A.   **Plaintiff Fully Complied With the Court's Order**

21      Plaintiff did exactly what this Court asked it to do. The Supplement

22  identifies the amount of attorneys' fees that Plaintiff incurred in recovering the

23  proceeds from the Jane Doe policies: $119,706. That amount represents the fees

24  incurred between April 1, 2012, when this litigation was commenced, and July 20,

25  2012, when PHL finally paid the death benefits. Plaintiff also provided "a copy or

26  description of the documents" on which it based its damages calculations by

27  attached a series of billing invoices documenting the extent of attorneys' fees

28  during that time period.

PLAINTIFF'S OPP. TO DEFENDANT'S
MOTION TO STRIKE SUPP. DISCLOSURES
CV12-03047-RGK (MRWx)

PHL does not dispute these facts, instead raising a series of collateral concerns, all of which are meritless.  First, PHL argues that Plaintiff improperly redacted its invoices.  But the law is clear that a plaintiff is permitted to redact billing invoices information in order to protect client confidentiality, work product, and privileged communications.  Indeed, in *Democratic Party of Washington State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004), the Ninth Circuit held that the exact style of Plaintiff's redactions is permissible:

> As for the redactions, they are of this sort: "Counsel call to discuss [REDACTED]" and "Research Supreme Court case law involving [REDACTED]." [T]hese redactions do not impair the ability of the court to judge whether the work was an appropriate basis for fees. The Democratic Party, like any other litigant, is entitled for good reason to considerable secrecy about what went on between client and counsel, and among counsel.

*Id.* at 1286; *see also Davis v. Los Angeles W. Travelodge*, No. CV08-08279 CBM (CTX), 2009 WL 5227897, at *1 (C.D. Cal. Dec. 21, 2009) (specifically permitting party filing attorneys' fees motion to redact confidential or privileged information from invoices).  Plaintiff's redactions here are nearly identical to those approved in *Democratic Party*: "Review correspondence re [REDACTED]" and "Research re procedure for [REDACTED]." *See* Supplement, Ex. A at 6.[2]  Moreover, PHL cites no case supporting its argument about redactions.  In *Mancini v. Ins. Corp. of New York,* No. 07CV1750-L NLS, 2009 WL 1765295, at *4 (S.D. Cal. June 18, 2009), upon which PHL relies, the party resisting disclosure of its attorneys' fees refused to produce a single invoice, let alone a dollar amount.  *Mancini* does not remotely resemble the situation here.

Second, PHL argues that "it is apparent that U.S. Bank's $119k figure includes fees spent on unrelated matters."  (Mot. at 9.)  Plaintiff has submitted in good faith an estimate of the attorneys' fees it believes it incurred in pursuing the

---

[2]   By publicly filing these two examples of Plaintiff's redactions, Plaintiff does not intend to waive confidentiality on the remainder of Plaintiff's invoices attached to the Supplement.

1   benefits from the Jane Doe policies.  PHL's disagreement with Plaintiff's

2   calculation does not provide grounds for a motion to strike.  PHL is free to explore

3   this factual question with Plaintiff's witnesses or argue its point to the jury.

4       Finally, PHL contends that Plaintiff has "eliminated from its case any witness

5   expected to offer testimony on U.S. Bank's damages."  (Mot. at 9.)  As discussed

6   above, there is no doubt that Ola Eriksson will testify concerning Plaintiff's *Brandt*

7   damages.  Moreover, PHL could not possibly have been prejudiced by any

8   temporary confusion apparently caused by Plaintiff's revised summary of Mr.

9   Eriksson's testimony—confusion that could easily have been resolved with a

10  simple question—and PHL has certainly not identified any such prejudice.

## B.   Plaintiff Complied With Rule 26(a)

12      Despite PHL's vague arguments to the contrary, Plaintiff's Supplement

13  satisfies the requirements of Rule 26(a).  PHL claims that the Supplement is

14  "cursory and uninformative" but does not identify what additional information PHL

15  believes to be necessary.  Rule 26(a)(1)(A)(iii) requires "a computation of each

16  category of damages claimed," as well as evidence "on which each computation is

17  based, including materials bearing on the nature and extent of injuries suffered."

18  Plaintiff provided a computation of the category of damages claimed (the total

19  amount of attorneys' fees it incurred to obtain the death benefits), and it provided

20  evidence on which the computation is based (invoices supporting that total).

21      The authority cited by PHL is not on point.  In *Lopez v. Aqui Es Texcoco*, No.

22  12-1215-BEN WVG, 2013 WL 150691 (S.D. Cal. Jan. 14, 2013), the plaintiff

23  refused to provide any damages estimate in its initial disclosures.  Similarly, in *In*

24  *re Gorilla Companies, LLC*, 454 B.R. 115, 119 (D. Ariz. 2011), the plaintiff never

25  disclosed its lost profit damages calculation prior to trial.  Here, Plaintiff disclosed

26  its attorneys' fees calculation in its summary judgment opposition, and amended

27  that calculation after the Court issued the MSJ Order.  PHL cannot claim that

28  Plaintiff has not disclosed its attorneys' fees calculations and supporting evidence

in a timely manner.

### C.   Plaintiff Complied With *Brandt*'s Requirements

PHL's final contention is that the Supplement does not comply with *Brandt*, which holds that a plaintiff may not recover attorneys' fees incurred pursuing damages beyond the amount due under the policies.  37 Cal. 3d at 819.  As detailed above, in compliance with the MSJ Order, Plaintiff is not seeking fees attributable to work performed after PHL paid the death benefits.

PHL also protests that Plaintiff has not allocated its attorneys' fees between its breach of contract claim and its bad faith claim.  But the law is clear that fees do not need to be apportioned "when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed."  *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129-30 (1979); *Pac.-S. Mortgage Trust Co. v. Ins. Co. of N. Am.*, 166 Cal. App. 3d 703, 717 (1985) (affirming award of *Brandt* fees because "the record does not show the attorney's fees were awarded for any other purpose" than to reimburse the plaintiff for "efforts to obtain the payments withheld in bad faith").  Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims are inextricably intertwined, and dividing the fees spent on only one claim would be impossible.  Moreover, although PHL notes that Plaintiff's breach of contract claim was dismissed, the dismissal did not occur until November 29, 2012, over four months after Plaintiff was paid.  [Docket No. 96]

PHL's authority itself supports Plaintiff's position.  In *Essex Ins. Co. v. Five Star Dye House, Inc.*, 38 Cal. 4th 1252 (2006), the California Supreme Court affirmed *Brandt* and stated that an insured may recover "attorney fees incurred to obtain the policy benefits wrongfully denied," but not "fees expended to obtain damages exceeding the policy limit or to recover other types of damages."  *Id.* at 1258.  That is precisely what this Court allowed and what Plaintiff seeks here: the fees it expended from the filing of this lawsuit through PHL's belated payment, and

PLAINTIFF'S OPP. TO DEFENDANT'S
MOTION TO STRIKE SUPP. DISCLOSURES
CV12-03047-RGK (MRWx)

1   nothing more.

2          Finally, PHL's insistence that *US Bank*, as opposed to Lima or Fortress, has

3   not suffered damages is meritless.  As an initial matter, PHL has waived this

4   argument, which it raises for the first time in its Motion to Strike.  In its summary

5   judgment briefing, PHL properly directed its damages arguments towards Lima.

6   *See, e.g.,* PHL's Motion for Summary Judgment at 8-10. [Docket No. 108-1]

7   Second, although US Bank is the nominal plaintiff here because it serves as a

8   securities intermediary for Lima, it is Lima as the ultimate policyholder that

9   actually incurred the attorneys' fees on behalf of securing payment of the policies to

10  US Bank.  Lima's damages are US Bank's damages for purposes of this suit.  And

11  regardless of its merit, PHL's argument implicates an evidentiary issue—the

12  relationship between various legal entities—and is not properly the subject of a

13  motion to strike.

## II.      CONCLUSION

15         For the foregoing reasons, the Court should deny PHL's Motion to Strike

16  Plaintiff's Supplemental Disclosures.  In the alternative, Plaintiff requests leave to

17  amend the Supplement or amended joint witness list in order to provide additional

18  information deemed necessary by this Court.

20  Dated:  March 20, 2013                    Orrick, Herrington & Sutcliffe LLP


22                                     By:_____*/s/ Khai LeQuang*_____
23                                          KHAI LEQUANG
                                          Attorneys for Plaintiff
24                                     U.S. BANK NATIONAL
                                       ASSOCIATION, AS SECURITIES
25                                     INTERMEDIARY FOR LIMA
                                       ACQUISITION LP