Gary S. Lincenberg - State Bar No. 123058
   gsl@birdmarella.com
Thomas V. Reichert - State Bar No. 171299
   tvr@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Martin Flumenbaum (admitted pro hac vice)
   mflumenbaum@paulweiss.com
Allan J. Arffa (admitted pro hac vice)
   aarffa@paulweiss.com
Jessica S. Carey (pro hac vice application to be filed)
   jcarey@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for Plaintiff U.S. Bank National
Association as Securities Intermediary for
Lima Acquisition LP

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as securities intermediary for Lima Acquisition LP,<br><br>    Plaintiff,<br><br>vs.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>    Defendant. | CASE NO. CV 12-03046 RGK(MRWx)<br><br>**PLAINTIFF'S MOTION IN LIMINE NO. 11**<br><br>Date: September 29, 2015<br>Time: 9:00 a.m.<br><br>Trial Date: September 29, 2015 |

3173874.1

PLAINTIFF'S MOTION IN LIMINE NO. 11

PLEASE TAKE NOTICE THAT, at 9:00 a.m. on September 29, 2015, in Courtroom 850, Edward R. Roybal Federal Building and United States Courthouse, 255 East Temple Street, Los Angeles, California, Plaintiff U.S. Bank National Association, as Securities Intermediary for Lima Acquisition LP will, and hereby does, move *in limine* for an order precluding any evidence or argument regarding pre-trial discovery and discovery disputes, including (but not limited to), any claims by Defendant PHL Variable Insurance Company ("PHL") that Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff") failed to comply with its discovery obligations, as well as any assertions that PHL was prevented from presenting certain evidence to the jury by either Plaintiff or the Court.

This motion is made pursuant to Federal Rules of Evidence 401-03 on the grounds that any probative value such evidence could conceivably provide—and there is none—is clearly outweighed by the danger of unfair prejudice and juror confusion it would create.  *See Green* v. *Baca*, 226 F.R.D. 624, 643 (C.D. Cal. 2005) ("the unfair prejudice . . . from the admission of the evidence [of pre-trial discovery disputes] would clearly outweigh its probative value").

This Motion is based on this notice, the attached memorandum of points and authorities, the pleadings, records, and files in this case, and such other matters that may be considered at the hearing.

| | | |
|---|---|---|
| 1 | DATED: August 17, 2015 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C. |
| 2 | | |
| 3 | | Gary S. Lincenberg |
| 4 | | Thomas V. Reichert |
| 5 | | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 6 | | |
| 7 | | Martin Flumenbaum (admitted pro hac vice) |
|   | | Allan J. Arffa (admitted pro hac vice) |
| 8 | | Jessica S. Carey* |

By:  /s/ Thomas V. Reichert
         Thomas V. Reichert
Attorneys for Plaintiff U.S. Bank National Association as Securities Intermediary for Lima Acquisition LP

* - *pro hac vice* application to be filed

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. This Court Should Preclude PHL From Suggesting That There Is Additional Evidence That The Jury Was Not Allowed To See.

The Court should exclude any evidence or argument regarding pre-trial discovery and discovery disputes, including (but not limited to), any claims by Defendant PHL Variable Insurance Company ("PHL") that Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff") failed to comply with its discovery obligations, as well as any assertions that PHL was prevented from presenting certain evidence to the jury by either Plaintiff or the Court. Such evidence should be prohibited because any probative value it could conceivably provide—and there is none—is clearly outweighed by the danger of unfair prejudice and juror confusion it would create. *See Green* v. *Baca*, 226 F.R.D. 624, 643 (C.D. Cal. 2005) ("the unfair prejudice . . . from the admission of the evidence [of pre-trial discovery disputes] would clearly outweigh its probative value").

For example, PHL may try to accuse Plaintiff of failing to produce or improperly withholding important documents in the case, or suggest that Plaintiff produced certain documents only upon Court order. In fact, PHL has never filed a motion to compel in this case, so not only would the suggestion that Plaintiff ever withheld evidence be improper and irrelevant, it would also be factually baseless, as Plaintiff has always complied with its discovery obligations.[1] Moreover, under the Federal Rules of Civil Procedure, discovery disputes are to be addressed by the Court, not the jury. *See, e.g.*, *Empire Gas Corp.* v. *Am. Bakeries Co.*, 646 F. Supp. 269, 276 (N.D. Ill. 1986) (excluding evidence of pre-trial disputes under Fed. R. Evid. 403). Likewise, motions in limine seek the Court's legal judgment as to the

---

[1] Plaintiff's compliance stands in stark contrast to PHL, which has unreasonably refused to comply with its discovery obligations in this and other litigations.

3173874.1

1

PLAINTIFF'S MOTION IN LIMINE NO. 11

permissibility of certain lines of evidence or argument. None of these litigation events is a proper matter for the jury's consideration. *Id.* ("It is understandable that jurors do not know, nor are they expected to appreciate the rules of discovery.")

In addition to its obvious irrelevance to the unfair claims handling practices question that the jury is charged to decide, evidence concerning discovery and evidentiary disputes could easily inflame the passions of the jury by falsely suggesting that Plaintiff is attempting to "hide" the truth from the jury or the Court. Any insinuation along those lines would lack any basis in fact and serve no purpose other than to mislead the jury into deciding the case on an improper basis. It would also constitute an impermissible attempt to use character evidence to suggest Plaintiff is a bad actor. *Ladd* v. *Pickering*, 783 F. Supp. 2d 1079, 1089 (E.D. Mo. 2011) (finding that defendant failed to explain how plaintiff's prior acts "fits within the Federal Rules of Evidence's narrow exceptions for character evidence, which is generally inadmissible" (citing *Schafer* v. *Time, Inc.*, 142 F.3d 1361, 1370 (11th Cir. 1998) ("Evidence of a person's character is viewed with some suspicion under the law and generally is disfavored in the Federal Rules of Evidence.")); *Caughman* v. *Wash. Terminal Co.*, 345 F.2d 434, 437 (D.C. Cir. 1965) ("[E]vidence on the character of a party in a civil suit is generally inadmissible.")).

Defendant should not be permitted to use the pretext of incomplete discovery to try to bias the jury in its favor, and as such, this Court should exclude any suggestion that evidence exists that the jury was not allowed to see.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's Motion should be granted.

3173874.1

2

PLAINTIFF'S MOTION IN LIMINE NO. 11

| | | |
|---|---|---|
| 1 | DATED: August 17, 2015 | Respectfully submitted, |
| 2 | | |
| 3 | | BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C. |
| 4 | | Gary S. Lincenberg |
| 5 | | Thomas V. Reichert |
| 6 | | |
| 7 | | PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP |
| 8 | | Martin Flumenbaum (admitted pro hac vice) Allan J. Arffa (admitted pro hac vice) |
| 9 | | Jessica S. Carey* |

By:  /s/ Thomas V. Reichert
         Thomas V. Reichert
Attorneys for Plaintiff U.S. Bank National Association as Securities Intermediary for Lima Acquisition LP

* - *pro hac vice* application to be filed