1  SCOTT O. LUSKIN, Bar No. 238082
   sol@paynefears.com
2  PAYNE & FEARS LLP
   Attorneys at Law
3  801 S. Figueroa Street, Suite 1150
   Los Angeles, California 90017
4  Telephone:  (213) 439-9911
   Facsimile:  (213) 439-9922

5  THOMAS F. A. HETHERINGTON
   (Texas Bar No. 24007359)*
6  tom.hetherington@emhllp.com
   DAVID T. McDOWELL
7  (Texas Bar No. 00791222)*
   david.mcdowell@emhllp.com
8  JARRETT E. GANER
   (Texas Bar No. 24055570)*
9  jarrett.ganer@emhllp.com
   ERIN E. BENNETT
10 (Texas Bar No. 24082681)*
   erin.bennett@emhllp.com
11 EDISON, McDOWELL & HETHERINGTON LLP
   3200 Southwest Freeway, Suite 2100
12 Houston, Texas 77027
   Telephone:  (713) 337-5580
13 Facsimile:  (713) 337-8850
   * admitted *pro hac vice*
14
   Attorneys for Defendant
15 PHL VARIABLE INSURANCE COMPANY

16
                      **UNITED STATES DISTRICT COURT**
17
           **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
18

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, a National Association, as Securities Intermediary for LIMA ACQUISITION, LP,<br><br>Plaintiff,<br><br>v.<br><br>PHL VARIABLE INSURANCE COMPANY,<br><br>Defendant. | Case No. CV12-03046 - RGK (MRWx)<br><br>**DECLARATION OF DAVID T. MCDOWELL REGARDING PENDENCY OF 2013 MOTION *IN LIMINE* NO. 11**<br><br>Judge:    Hon. R. Gary Klausner |

Declaration of David T. McDowell

I, David T. McDowell, hereby declare as follows:

1. I am an attorney with Edison, McDowell & Hetherington LLP and represent PHL Variable Insurance Company ("PHL") in the above-captioned matter. In that capacity I have knowledge of the documents filed, served and exchanged by the parties to this matter, including the motions *in limine* filed by PHL in 2013.

2. This Declaration is provided pursuant to the Court's Minutes of Pretrial Conference [Dkt. 452] in which the Court ordered that "[i]f counsel would like a motion *in limine* that was rendered moot in the first trial to be considered by the Court, counsel shall file a declaration outlining reasons why the motion *in limine* is now applicable." PHL contends that Motion *in Limine* No. 11—titled "PHL's Motion to Exclude Evidence and Witnesses Re: Plaintiff's Failure to Disclose Evidence Pursuant to Rule 26" [Dkt. 153]—is now applicable and requests a ruling from this Court.

3. Motion *in Limine* No. 11 requested that the Court "enter an order excluding information, witnesses, and/or evidence not timely disclosed by U.S. Bank." Dkt. 153-1 at 1.

4. As explained more fully in Motion *in Limine* No. 11, discovery closed on January 4, 2013. Two weeks **after** discovery closed, on January 18, 2013, U.S. Bank disclosed for the first time through its Supplemental Rule 26 Initial Disclosures six additional witnesses, new documents, and additional disclosures relating to its alleged damages. *See* Ex. B: Pl.'s Supplemental Initial Disclosures. Per the Joint Witness List, Plaintiff intends to call these late-added witnesses at trial. [Dkt. 174]

- 1 -
Declaration of David T. McDowell

1  5. As a result of the late disclosure, on February 15, 2013, PHL filed Motion *in Limine* No. 11 to preclude "witnesses, evidence of damages and documents that were not timely and adequately disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure." Dkt. 153-1 at 1.

6. On the first day of trial, the Court stated the following with respect to the Motion: "Motion *in limine* No. 11: To exclude evidence that was not disclosed during discovery. The witnesses on other lawsuits dealing with other lawsuits, that would be granted. Really, I should say denied as moot because I've already said that's not coming in." *See* Trial Tr. (4/2/2013), at 13:2–6 [Dkt. 350].

7. To the extent that the Motion was denied as moot at the first trial, PHL asserts that Motion *in Limine* No. 11 is now applicable. At the first trial, Motion *in Limine* No. 11 would have only been moot because the Court had already determined that evidence of other lawsuits was not admissible. At this trial, even though evidence of conduct outside of the Morrison policies may be admissible, Plaintiff is certainly not entitled to present witnesses, evidence of damages or documents that were not timely and adequately disclosed pursuant to Rule 26. As such, PHL requests that the Motion *in Limine* No. 11 be granted.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 11, 2015.

                                        */s/David T. McDowell*
                                         David T. McDowell