Gary S. Lincenberg - State Bar No. 123058
  gsl@birdmarella.com
Thomas V. Reichert - State Bar No. 171299
  tvr@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Martin Flumenbaum (admitted pro hac vice)
  mflumenbaum@paulweiss.com
Allan J. Arffa (admitted pro hac vice)
  aarffa@paulweiss.com
Jessica S. Carey (admitted pro hac vice)
  jcarey@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for Plaintiff U.S. Bank National
Association, as securities intermediary for
Lima Acquisition LP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as securities intermediary for Lima Acquisition LP,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PHL VARIABLE INSURANCE COMPANY, a Connecticut corporation,<br><br>　　　　Defendant. | CASE NO. CV 12-03046 RGK(MRW)<br><br>**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DECLARATION OF DAVID T. MCDOWELL REGARDING PENDENCY OF 2013 MOTION *IN LIMINE* NO. 11**<br><br>Trial Date:　　　September 29, 2015 |

Plaintiff U.S. Bank National Association, as securities intermediary for Lima Acquisition LP ("Plaintiff"), respectfully submits this memorandum in response to the Declaration of David T. McDowell, dated September 11, 2015 (Dkt. 458), which seeks to revive Defendant PHL Variable Insurance Company's ("PHL's") Motion *in Limine* No. 11 (the "MIL"), dated February 15, 2013 (Dkt. 153).

Plaintiff renews the arguments made in its Opposition to Defendant's Motion *in Limine* No. 11, dated March 8, 2013 (the "Opposition") (Dkt. 235), and submits this short response in further support of its Opposition and to update the Court on matters that have occurred since the Opposition was filed.

## I.  INTRODUCTION

PHL's motion *in limine* seeks the preclusion of three categories of information, each of which is unwarranted and would severely and unfairly prejudice Plaintiff:

*First*, PHL seeks to preclude the testimony of four witnesses associated with three life insurance policies (the Close, Griggs and Jackson policies) totaling $16.8 million, which matured between October and December 2011, for which PHL delayed or denied payment of the policy benefits in the first half of 2012. These witnesses—Karen Benjamin (for the Jackson policy), John Collins and Joshua Eyre (for the Close policy), and Elizabeth Ferry[1] (for the Griggs policy)—will testify to PHL's pattern and practice of improper claims handling in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). While PHL has long known of the existence of these witnesses—after all, PHL issued each of the policies in question—Plaintiff was able to determine conclusively which witnesses would support its claims only upon receipt of discovery that PHL produced ***after*** the original January 4, 2013 discovery cut-off in this case, and months before the trial

---

[1] *See* Dkt. 174 at n.1 (objecting to Benjamin, Collins, Eyre, and Ferry only).

on Plaintiff's CUTPA claim was then scheduled. Thus, PHL had ample notice and opportunity to prepare for the testimony of these witnesses. The harsh sanction of preclusion is not warranted here, where Plaintiff acted diligently in informing PHL of these witnesses, following late receipt of relevant discovery from PHL.

*Second*, PHL seeks to preclude evidence regarding Plaintiff's attorney's fees damages. This aspect of the motion *in limine* appears to have been directed to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, and is therefore moot in light of the resolution of that claim. To be clear, however, once Plaintiff proves that PHL violated CUTPA, the Court may award Plaintiff its attorney's fees as damages. 42 Conn. Gen. Stat. § 42-110g(d).

*Third*, PHL also seeks to preclude "any other documentary evidence not timely disclosed." This portion of the motion should be denied for vagueness, a deficiency made all the more problematic with the passage of time.

In sum, the MIL should be denied in its entirety.

## II.  ARGUMENT

### A.  The Testimony Of The CUTPA Witnesses Should Not Be Precluded.

PHL argues that the testimony of these four witnesses, Ms. Benjamin, Mr. Collins, Mr. Eyre and Ms. Ferry (the "CUTPA witnesses") should be precluded because of purported "harm" due to their allegedly late disclosure. But PHL's position is belied by the facts.

As an initial matter, the CUTPA witnesses are all associated with life insurance policies written by PHL and were all known to PHL before they were known to Plaintiff. In fact, the Griggs action was filed *by PHL* on March 15, 2012 (Declaration of Thomas V. Reichert Ex. 1), before this action had even been initiated. On May 24, 2012, PHL also filed the Close action (*id.* Ex. 2), and the Jackson action was filed against PHL on that same day (*id.* Ex. 3). Thus, PHL has been aware of the disputes that the CUTPA witnesses will testify about for over

1  three years.  Furthermore, as explained in Plaintiff's Opposition, these three policies
2  have been part of this action since the filing of the Second Amended Complaint
3  ("SAC") on September 28, 2012.  (Opp'n at 4.)  The SAC discusses the Jackson,
4  Close and Griggs policies at ¶¶ 71–94.  (Dkt. 73.)

5        Nevertheless, in the McDowell Declaration, PHL continues to argue that the
6  CUTPA witnesses were tardily disclosed.  (McDowell Decl. ¶ 4.)  As explained in
7  Plaintiff's Opposition, PHL has only selectively relayed the relevant history.  Prior
8  to the remand, discovery closed on January 4, 2013.  Pursuant to a limited extension
9  of document discovery, on January 11, 2013, PHL produced thousands of pages of
10 discovery relevant to Plaintiff's CUTPA claim, which Plaintiff received on January
11 14, 2013.  Four days later, on January 18, 2013, Plaintiff filed supplemental Rule 26
12 disclosures including the CUTPA witnesses.  (Opp'n at 3.)

13       Soon after that, on February 4, 2013, Plaintiff filed its opposition to PHL's
14 motion for summary judgment, attaching declarations from Ms. Benjamin (Dkt.
15 123-3), Mr. Collins (Dkt. 123-5), Mr. Eyre (Dkt. 123-7), and Ms. Ferry (Dkt. 123-
16 8).  At this point, PHL, which already was aware of the facts surrounding these
17 policies, now had sworn statements from the CUTPA witnesses.

18       Nevertheless, on February 15, 2013, PHL filed this MIL.  Since then, PHL
19 has been put on further notice time and time again that Plaintiff intends to call these
20 witnesses.  On February 25, 2013, the CUTPA witnesses were included on the joint
21 witness list.  (Dkt. 174.)  On March 11, 2013, the Court mentioned the declarations
22 of the CUTPA witnesses in its opinion granting PHL's motion for summary
23 judgment on the CUTPA claim.  (Dkt. 247 at 6.)  On November 14, 2013, Plaintiff
24 relied on the declarations of the CUTPA witnesses in its brief to the Ninth Circuit.
25 (Reichert Decl. Ex. 4 at 30.)  On January 15, 2014, PHL sought to minimize the
26 importance of the declarations in its answering brief.  (*Id.* Ex. 5 at 46–54.)  On
27 February 28, 2014, Plaintiff again relied on the declarations in its reply brief.  (*Id.*
28 Ex. 6 at 6–7.)  On July 2, 2015, the Ninth Circuit expressly referenced the

declarations in its opinion reversing the grant of summary judgment and remanding the case for a new trial. (*Id.* Ex. 7 at 3.) On remand, Plaintiff again included the CUTPA witnesses on its witness list. (Dkt. 409.)[2]

Yet over three years since it became engaged in litigation with the Close, Griggs, and Jackson plaintiffs—two of which actions PHL itself brought—and after all the additional filings putting PHL on notice, PHL still feigns prejudice. In its Opposition, Plaintiff explained why PHL's objections to the CUTPA witnesses are without merit. As discussed in its Opposition, Plaintiff complied with its discovery obligations in this action, including promptly supplementing its disclosures when discovery produced by PHL allowed it to identify the CUTPA witnesses. (Opp'n at 6–7). That alone means PHL's motion to preclude the CUPTA witnesses must be denied.

But even assuming *arguendo*, that Plaintiff's disclosure of the CUTPA witnesses *only four days after* PHL produced relevant discovery to Plaintiff was deficient under Rule 26, PHL still cannot meet the standard for preclusion under Rule 37(c)(1), which states that preclusion may not occur when a party's noncompliance with Rule 26 is "substantially justified" or "harmless." (Opp'n at 8.) As discussed in its Opposition, Plaintiff acted with "substantial justification" in supplementing its disclosures within four days of receiving relevant discovery from PHL. (*Id.*)

Moreover, on the facts of this case, there can be no real doubt that any alleged failure on the part of Plaintiff to comply with Rule 26 was harmless under Rule 37(c)(1). PHL cannot point to a single case that would allow preclusion when the

---

[2] The Court subsequently struck Plaintiff's 2015 witness list. (Dkt. 426.) Plaintiff maintains its objection that Plaintiff should be permitted to amend its 2013 witness and exhibit lists, and to try its case over at least ten days, given the substantial volume of documents and information produced by the parties since the 2013 trial. (*See, e.g.*, Dkt. 443.)

4

moving party has been on notice of the potential witnesses for *years*. (*See* Opp'n at 8–9.) That is because PHL's claim of harm is unsupportable. In the MIL, PHL argued for preclusion of the testimony of the CUTPA witnesses "[b]ecause failure to timely disclose a witness robs the party's adversary of the ability to take discovery from that witness" (MIL at 6) and "because the belated disclosure has prevented PHL from taking discovery" (*id.* at 7). Yet, PHL has not sought to depose any of the CUTPA witnesses in this case. In the McDowell Declaration, PHL cites no new harm or prejudice to PHL today. This alleged harm, if it ever existed—and Plaintiff emphatically denies that it ever did— does not exist anymore, considering that PHL could have taken discovery from these witnesses in 2013. Plaintiff has long indicated its intention to call the CUTPA witnesses at trial, and their testimony is highly probative of the CUTPA claim. *See Thomas* v. *Biller Assocs. Tri-State, Inc.*, No. CV0540106955, 2009 WL 3086547, at *12 (Conn. Super. Ct. Aug. 31, 2009) ("Proof of other violations by the same insurance company to establish the frequency issue can be obtained from other claimants and attorneys who have dealt with such company and its claims agents, or from any person who is familiar with the company's general business practice in regard to claim settlement." (quoting *Jenkins* v. *J.C. Penny Cas. Ins. Co.*, 280 S.E.2d 252, 260 (W. Va. 1981) (internal quotation marks omitted)). PHL's motion to preclude the testimony of the CUTPA witnesses should be denied.

### B.    PHL's Other Preclusion Arguments Are Meritless.

PHL's argument concerning attorney's fee damages appears to have been mooted by the resolution of Plaintiff's bad faith claim in 2013. To the extent PHL is raising a new argument concerning damages for violations of CUTPA, the Court may award attorney's fees for a violation of CUTPA, and Plaintiff will provide appropriate evidence of its attorney's fees through and including trial at the appropriate time. *See* 42 Conn. Gen. Stat. § 42-110g(d). Finally, for the reasons set forth in Plaintiff's Opposition, PHL's blunderbuss attempt to preclude "any other

documentary evidence not timely disclosed" should be dismissed for vagueness. (Opp'n at 12 (citing cases).) To this date, Plaintiff still cannot articulate exactly what documents it seeks to preclude.

### III. CONCLUSION

For all of the reasons set forth above and in Plaintiff's Opposition, this Court should deny PHL's Motion *in Limine* No. 11.

DATED: September 14, 2015

Respectfully submitted,

BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
Gary S. Lincenberg
Thomas V. Reichert

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Martin Flumenbaum (admitted pro hac vice)
Allan J. Arffa (admitted pro hac vice)
Jessica S. Carey (admitted pro hac vice)


By: /s/ Thomas V. Reichert
Thomas V. Reichert
Attorneys for Plaintiff U.S. Bank National Association as Securities Intermediary for Lima Acquisition LP